**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| HOWARD M. RENSIN, TRUSTEE OF THE RENSIN JOINT TRUST, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiff, | No. 1:23-cv-02764 |
| v. | Honorable Mary M. Rowland |
| UNITED STATES CELLULAR CORPORATION, LAURENT C. THERIVEL, DOUGLAS W. CHAMBERS, and TELEPHONE AND DATA SYSTEMS, INC., | |
| Defendants. | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

ARGUMENT ...................................................................................................................... 2

    A.     Legal Standards ...................................................................................................... 2

    B.     Defendants' Request Should Be Denied Because Defendants Have Not Stated Their Basis For The Court's Consideration Of Their Requested Extrinsic Evidence ............... 4

    C.     The Court Should Strike Exhibits D, F, And N-P, Which Are Subject To Neither Incorporation By Reference Nor Judicial Notice .......................................................... 5

        1.     The Court Should Strike Exhibits N-P. ........................................................ 5

        2.     The Court Should Strike Exhibit D. ............................................................ 9

        3.     The Court Should Strike Exhibit F. ............................................................. 9

    D.     Exhibits A, E, G, I, And J Cannot Be Incorporated By Reference. ............................. 11

    E.     The Court Cannot Take Judicial Notice of Exhibits H, K, and M. .............................. 13

    F.     The Court Cannot Consider The Truth Of The Matter Asserted In Any Extraneous Information Contained in Defendants' Exhibits. .......................................................... 14

CONCLUSION .................................................................................................................. 15

i

## TABLE OF AUTHORITIES

**Cases**

*188 LLC v. Trinity Indus., Inc.*,
300 F.3d 730 (7th Cir.2002) ................................................................................ 10, 12

*ABN AMRO, Inc. v. Capital Intern. Ltd.*,
2007 WL 845046 (N.D. Ill. Mar. 16, 2007)..................................................................... 14

*AnchorBank, FSB v. Hofer*,
649 F.3d 610 (7th Cir. 2011) ......................................................................................... 2

*Anderson v. United Airlines, Inc.*,
2023 WL 5721594 (N.D. Ill. Sep. 5, 2023) ................................................................... 5

*Baron v. Hyrecar Inc.*,
2022 WL 17413562 (C.D. Cal. Dec. 5, 2022) ............................................................... 6

*Busic v. Orphazyme A/S*,
2022 WL 3299843 (N.D. Ill. Aug. 11, 2022) ............................................................... 14

*Carleton v. Vill. of Evergreen Park*,
2020 WL 1888911 (N.D. Ill. Apr. 16, 2020) ................................................................. 5

*Casino Queen Marquette, Inc. v. Sci. Games Corp.*,
2022 WL 1591578 (N.D. Ill. May 19, 2022)........................................................ passim

*City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*,
2013 WL 566805 (N.D. Ill. Feb. 13, 2013) ......................................................... passim

*City of Sterling Heights Police & Fire Ret. Sys. v. Kohl's Corp.*,
2015 WL 1478565 (E.D. Wis. Mar. 31, 2015) ..................................................... passim

*Fin. Fiduciaries, LLC v. Gannett Co., Inc.*,
46 F.4th 654 (7th Cir. 2022) ........................................................................................ 3

*Fryman v. Atlas Fin. Holdings, Inc.*,
462 F. Supp. 3d 888 (N.D. Ill. 2020) ........................................................................... 4

*Garden City Employees' Retirement System v. Anixter Intern., Inc.*,
2011 WL 1303387 (N.D. Ill. Mar. 31, 2011).......................................................... 6, 9, 13

*Gas Tech. Inst. v. Rehmat*,
2006 WL 3743576 (N.D. Ill. Dec. 15, 2006)........................................................ 6, 11, 12

*George v. Kraft Foods Glob., Inc.*,
674 F. Supp. 2d 1031 (N.D. Ill. 2009) ..................................................................... 4, 14

*Hanc & Brubaker Holdings v. NXT LVL Services, LLC*,
2023 WL 1069854 (N.D. Ill. Jan. 27, 2023) ................................................................. 5

*Heiner v. Watford*,
2022 WL 18777077 (D. Colo. Nov. 21, 2022) ............................................................. 11

*Heiner v. Watford*,
2023 WL 2824288 (D. Colo. Mar. 27, 2023) ............................................................... 11

*Hennessy v. Penril Datacomm Networks, Inc.*,
   69 F.3d 1344 (7th Cir. 1995) ............................................................................... 4, 14

*In re Astea Int'l Inc. Sec. Litig.*,
   2007 WL 2306586 (E.D. Pa. Aug. 9, 2007) ............................................................. 14

*In re Energy Recovery Inc. Sec. Litig.*,
   No. 15-CV-00265-EMC, 2016 WL 324150 (N.D. Cal. Jan. 27, 2016)...................................... 8

*In re Neopharm, Inc. Sec. Litig.*,
   2003 WL 262369 (N.D. Ill. Feb 7, 2003) ................................................................ 14

*In re OSI Pharmaceuticals, Inc. Sec. Litig.*,
   2007 WL 9672541 (E.D.N.Y. Mar. 31, 2007)................................................. 8, 9, 14

*In re Quadrant 4 Sys. Corp.*,
   2020 WL 375591 (Bankr. N.D. Ill. Jan. 22, 2020) ..................................................... 8

*In re Zynga Inc. Sec. Litig.*,
   2015 WL 1382217 (N.D. Cal. Mar. 25, 2015)............................................................ 15

*Ingenhutt v. State Farm Inv. Mgmt. Corp.*,
   2017 WL 1398646 (C.D. Ill. Apr. 18, 2017) ............................................................. 8

*Jones v. Corus Bankshares, Inc.*,
   701 F. Supp. 2d 1014 (N.D. Ill. 2010) .................................................................. 14

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d at 988 (9th Cir. 2018) ..................................................................... passim

*Levenstein v. Salafsky*,
   164 F.3d 345 (7th Cir. 1998) ............................................................................... 2

*Mabes v. McFeeley*,
   2022 WL 20357997 (S.D. Ind. Apr. 19, 2022)........................................................ 11

*Martin v. Siciliano*,
   2023 WL 3320428 (N.D. Ill. May 9, 2023) ............................................................ 4, 5

*N.L.R.B. v. Vista Del Sol Health Services, Inc.*,
   40 F. Supp. 3d 1238 (C.D. Cal. 2014) ............................................................... 10, 12

*Ong ex rel. Ong IRA v. Sears, Roebuck & Co.*,
   388 F. Supp. 2d 871 (N.D. Ill. 2004)..................................................................... 7

*Paskowitz v. Arnall*,
   2019 WL 3841999 (W.D.N.C. Aug. 15, 2019) ..................................................... 11, 14

*Patterson v. Respondus, Inc.*,
   593 F. Supp. 3d 783 (N.D. Ill. 2022)................................................................... 3, 5

*Pierrelouis v. Gogo, Inc.*,
   2021 WL 1608342 (N.D. Ill. Apr. 26, 2021) ........................................................... 10

*Riggs Partners, LLC v. Hub Grp.*,
   2002 WL 31415721 (N.D. Ill. Oct. 25, 2002) ......................................................... 14

*Rock Hemp Corp. v. Dunn*,
51 F.4th 693 (7th Cir. 2022) ............................................................................ 1, 5

*Siguenza v. City of Chi.*,
2023 WL 6198820 (N.D. Ill. Sep. 22, 2023) ...................................................... 3

*Wojcik v. InterArch, Inc.*,
2013 WL 5904996 (N.D. Ill. Nov. 4, 2013) ..................................................... 3, 11

**Rules**

Fed. R. Civ. P. 12(b)(6)..................................................................................... 2

Fed. R. Civ. P. 12(f)....................................................................................... 1, 3

Fed. R. Evid. 201 ............................................................................................. 3

Plaintiff[1] respectfully submits this memorandum of law in support of his motion, pursuant to Federal Rules of Civil Procedures 12(f), to deny the vague and undeveloped request for consideration of each and every extraneous Exhibit appended by Defendants to their brief in support of their motion to dismiss (ECF No. 36) or, in the alternative: 1) strike Exhibits D, F, and N-P, and any inferences drawn therefrom, from the record; 2) deny Defendants' request for incorporation by reference of Exhibits A, E, G, I, and J; 3) deny Defendants' request for judicial notice of Exhibits H, K, and M; and 4) refuse to consider Defendants' improperly proffered Exhibits for the truth of the matter asserted or to draw inferences in Defendants' favor.

## INTRODUCTION

Rather than respond to the First Amended Class Action Complaint's (ECF No. 32) ("FAC") well-pled allegations, Defendants seek to develop their own (disputed) factual record by filing *eighteen* Exhibits spanning approximately 200 pages. Courts in the Seventh Circuit have criticized this exact approach, denying a motion to dismiss when "all but a handful" of its factual background citations and arguments were based on extraneous exhibits rather than the complaint. *See City of Sterling Heights Police & Fire Ret. Sys. v. Kohl's Corp.*, 2015 WL 1478565, at *5-6 (E.D. Wis. Mar. 31, 2015) ("*Kohl's*"). Further, Defendants improperly seek the Court's consideration of these materials in a single, unreasoned footnote. DB at 4 n.1. Defendants fail to specify whether, or how, their documents are appropriately considered via incorporation by reference or judicial notice. Defendants' failure to articulate factual or legal support for their request warrants denial. *Rock Hemp Corp. v. Dunn*, 51 F.4th 693, 704-05 (7th Cir. 2022).

---

[1] Unless otherwise defined herein, capitalized terms are defined in Plaintiff's contemporaneously filed Motion to Strike. "¶__" or "¶¶__" refers to the paragraphs in the "FAC" (ECF No. 32). Unless otherwise noted, all internal quotations and citations are omitted.

1

Additionally, Defendants' request for judicial consideration of their extraneous materials is substantively flawed. For example, many of Defendants' Exhibits are unfit for judicial notice as they were *not* filed with the SEC or another governmental body. *See City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*, at 2013 WL 566805, at *11 (N.D. Ill. Feb. 13, 2013) ("*Hospira*"). Likewise, nearly half of Defendants' extraneous materials are not cited in the FAC, let alone central to Plaintiff's claims, which summarily precludes consideration via the incorporation by reference doctrine. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). Furthermore, Defendants rely on their extrinsic materials to contest Plaintiff's well-pled claims—such as by relying on Exhibits N-P for the truth of the matter asserted to prove that Defendants' false statements concerning their Any Phone Free Promotion ("Promotion") were not actually false on account of certain observed financial results occurring ***after the alleged class period ended***.[2] This is plainly improper, and prevents consideration of Defendants' extraneous materials under either doctrine. *Casino Queen Marquette, Inc. v. Sci. Games Corp.*, 2022 WL 1591578, at *5 (N.D. Ill. May 19, 2022); *Hospira*, 2013 WL 566805, at *12.

As set forth below, the Court should refuse to consider Defendants' extraneous materials.

## ARGUMENT

**A.     Legal Standards**

When evaluating the sufficiency of a complaint in the face of a Rule 12(b)(6) challenge, a court must "view [the complaint] in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). Thus, "[g]enerally, in

---

[2] The "Class Period" alleged in the FAC spans from May 6, 2022 to November 3, 2022. ¶1.

deciding a motion to dismiss, courts look only to matters within the four corners of the complaint." *Hospira*, 2013 WL 566805, at *10.

Where documents attached to a motion to dismiss are outside of a complaint's four corners and do not otherwise qualify for either of the two exceptions discussed below (i.e., the incorporation by reference and/or judicial notice doctrines), a motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure is appropriate.[3] *See Hospira*, 2013 WL 566805, at *11; FED. R. CIV. P. 12(f). The "decision about how to treat [defendants'] exhibits falls within the [C]ourt's discretion." *Patterson*, 593 F. Supp. 3d at 804.

**Incorporation by Reference**: Documents may only be incorporated by reference into a complaint if they are "(1) referenced in the plaintiff's complaint, (2) concededly authentic, and (3) central to the plaintiff's claim." *Fin. Fiduciaries, LLC v. Gannett Co., Inc.*, 46 F.4th 654, 663 (7th Cir. 2022). Centrality alone is not enough; for this doctrine to apply, the documents must also be referenced in the complaint. *Siguenza v. City of Chi.*, 2023 WL 6198820, at *2, n.2 (N.D. Ill. Sep. 22, 2023). Incorporation is also inappropriate where an exhibit is merely cited in the complaint but not central to it. *Wojcik v. InterArch, Inc.*, 2013 WL 5904996, at *6 (N.D. Ill. Nov. 4, 2013). Similarly, documents that a defendant attempts to use to undermine the complaint are not central to the complaint. *See Casino Queen Marquette, Inc.*, 2022 WL 1591578, at *5 (refusing to incorporate documents where they were used to contest the plaintiffs' assertion in the complaint).

**Judicial Notice**: Federal Rule of Evidence 201 provides that a court may take judicial notice of "a fact that is not subject to reasonable dispute" only where it (1) "is generally known within the trial court's territorial jurisdiction;" or (2) "can be accurately and readily determined

---

[3] Alternatively, the Court may convert the motion to dismiss into one for summary judgment. *Hospira,* 2013 WL 566805, at *10 (N.D. Ill. Feb. 13, 2013). If converted into a motion for summary judgment, the Court should allow Plaintiff to first conduct discovery and supplement the record. *Patterson v. Respondus, Inc.*, 593 F. Supp. 3d 783, 804 (N.D. Ill. 2022).

3

from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201; *Hospira*, 2013 WL 566805, at \*10. As such, "for a fact to be judicially noticed, indisputability is a prerequisite." *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995). Even where courts may take judicial notice of public documents such as SEC filings, the court may take notice for "the purpose of showing what statements the documents contain, but not for the proof of the facts stated therein." *George v. Kraft Foods Glob., Inc.*, 674 F. Supp. 2d 1031, 1044 (N.D. Ill. 2009).

**B.      Defendants' Request Should Be Denied Because Defendants Have Not Stated Their Basis For The Court's Consideration Of Their Requested Extrinsic Evidence**

The Court should deny Defendants' request for consideration of their extraneous Exhibits and any inferences drawn therefrom because Defendants failed to articulate and substantiate any basis for doing so. Except for a lone, perfunctory footnote stating that "the Court may consider the SEC filings and conference call transcripts referenced in the Amended Complaint, along with 10-K, 10-Q, and 8-K forms filed with the SEC. *Fryman v. Atlas Fin. Holdings, Inc.*, 462 F. Supp. 3d 888, 894, 895 n.3 (N.D. Ill. 2020)", Defendants make no effort to explain why the Court should consider the entirety of their eighteen-Exhibit document dump spanning approximately 200 pages. Defendants fail to articulate or provide any analysis as to why the doctrine of incorporation by reference, judicial notice, or both, are purportedly applicable to any Exhibit, hampering Plaintiff's and the Court's ability to evaluate their request. "[I]t is not Plaintiff's obligation, just like it is not the Court's obligation, to research and construct the legal arguments open to Defendants." *Martin v. Siciliano*, 2023 WL 3320428, at \*5 (N.D. Ill. May 9, 2023). As elaborated *infra*, Defendants' failure to do so is particularly glaring as: 1) Defendants improperly rely on their irrelevant, extraneous materials to contest Plaintiff's allegations and to set forth their own factual

4

counternarrative; 2) over half of the extraneous materials are not cited in the FAC; and 3) nearly half of their extraneous materials are not filed with the SEC.

"[P]erfunctory and undeveloped arguments, as well as arguments that are unsupported by pertinent authority, are waived." *Martin*, 2023 WL 3320428, at *5 (citing *Rock Hemp Corp*, 51 F.4th at 704-05); *see also Anderson v. United Airlines, Inc.*, 2023 WL 5721594, at *9 (N.D. Ill. Sep. 5, 2023) (argument waived for failure to "explain which of these circumstances applies in this case or why"); *Hanc & Brubaker Holdings v. NXT LVL Services, LLC*, 2023 WL 1069854, at *5 (N.D. Ill. Jan. 27, 2023); *Carleton v. Vill. of Evergreen Park*, 2020 WL 1888911, at *3 (N.D. Ill. Apr. 16, 2020). Thus, Defendants' request in Footnote 3 should be denied.

## C. The Court Should Strike Exhibits D, F, And N-P, Which Are Subject To Neither Incorporation By Reference Nor Judicial Notice.

### 1. The Court Should Strike Exhibits N-P.

Exhibits N-P consist of two Forms 8-K filed with the SEC on February 16, 2023 and August 4, 2023, and a purported transcript of the Company's May 5, 2023 Earnings Call. Defendants improperly rely on Exhibits N-P to contest Plaintiff's allegations that Defendants' statements concerning the Promotion were false and misleading by pointing to alleged financial results that do not concern the Class Period. *See* DB at 11. Defendants' reliance on extraneous Exhibits to *undermine* the FAC is inappropriate. Thus, Exhibits N-P should be stricken.

**First**, Exhibits N-P are not subject to incorporation by reference because they post-date the Class Period by several months.[4] As such, they are indisputably not cited in the FAC nor central to Plaintiff's allegations. For this reason alone, these Exhibits may not be incorporated into the FAC. *See Kohl's*, 2015 WL 1478565, at *3-5 (refusing to incorporate documents not cited or

---

[4] Indeed, Defendants created Exhibits O and P after this litigation was filed on May 2, 2023. *See* ECF 1. This fact militates in favor of striking them. *Patterson*, 593 F. Supp. 3d at 805 (consideration of documents post-dating the complaint "would be unacceptable.").

referenced in the complaint); *Garden City Employees' Retirement System v. Anixter Intern., Inc.*, 2011 WL 1303387, at \*13 (N.D. Ill. Mar. 31, 2011).

**Second**, the Court should not judicially notice these Exhibits because they are not relevant to Plaintiff's claims (let alone "central"). *Gas Tech. Inst. v. Rehmat*, 2006 WL 3743576, at \*15 (N.D. Ill. Dec. 15, 2006) (refusing to judicially notice information that was "irrelevant" to deciding whether plaintiffs adequately alleged a cause of action); *Baron v. Hyrecar Inc.*, 2022 WL 17413562, at \*6 (C.D. Cal. Dec. 5, 2022) (declining to judicially notice exhibits, including SEC filings, that did not materially bear on plaintiff's theories).

Plaintiff alleges Defendant Therivel made demonstrably false statements concerning data he learned from the trials and tests that UScellular conducted in April 2022 for the Promotion, and concerning what that historical data evidenced regarding a timeline for improved subscriber benefits. Defendant Therivel made allegedly false statements in May and August of 2022, when the churn rate communicated to investors was 1.3%. ¶93. Specifically, Plaintiff alleges Therivel knew churn was *not* improving in the third quarter and was not expected to improve for "six to nine months," but nonetheless misled investors through his Class Period statements. *See e.g.*, ¶113 (touting "positive subscriber results in the second half of the year"); ¶114 (falsely stating "we should start to see some benefit from this in the third quarter").

Defendants' Exhibits N-P were communicated with investors in February, August, and May of 2023, respectively, and therefore, at best, are consistent with Defendants' undisclosed "six to nine" month timeline. Moreover, Defendants' Exhibit N demonstrates that the churn rate in 4Q 2022 was 1.35%—worse than any time in the Class Period (*i.e.*, the quarters following Defendants' Q1 2022 and Q2 2022 results announcements, when churn was reported at 1.3%) and equal (on a year-over-year basis) to the churn rate for Q4 2021. ¶93. Accordingly, Defendants' reliance on Exhibits N-P to discuss purportedly "improved" churn compared to the Class Period (a factually

6

untrue claim), through announcements that occurred more than six months after the Promotion began, is improper. Exhibits N-P are not even relevant to assessing the falsity and scienter of Defendants' alleged Class Period misstatements, let alone "central."

**Third**, to the extent Defendants contend that Exhibits N-P are relevant, the Exhibits are not subject to incorporation by reference or judicial notice because Defendants improperly rely on the truth of their contents simply to contest Plaintiff's factual allegations offered to support that Defendants' statements were materially false and misleading.

For example, Defendants rely on Exhibits N-P to argue that churn purportedly improved after the Class Period and, from that assertion, argue that Defendants' statements made during the August 5, 2022 Earning Call were factually true. *See* DB at 9-11, 24-25 (citing Exhibits N-P and stating that improved churn "ultimately did occur" to contest Plaintiff's claim that Therivel's statement "we're pleased with the [Promotion's] results" was materially misleading).[5]

Additionally, Defendants inappropriately rely on the truth of information contained in Exhibits N-P to purportedly show that, although the Company lowered its FY 2022 guidance on November 4, 2022, by the end of the year, "its results were within the originally projected range," which in turn purportedly "undermines the claim that the Promotion was so costly that Therivel's statements regarding meeting the guidance must have been false or misleading." *Compare* DB 29-30 *with* ¶¶113, 116, 117-18.

In both instances, Defendants wrongly rely on the truth of Exhibits N-P's contents to refute Plaintiff's claim, which is an improper use of extraneous information on a motion to dismiss. *Ong ex rel. Ong IRA v. Sears, Roebuck & Co.*, 388 F. Supp. 2d 871, 905 (N.D. Ill. 2004) (argument that projections "actually came true" is inappropriate at the pleading stage); *see also In re OSI*

---

[5] As stated above, Defendants' assertion that postpaid churn rate improved in 4Q 2022 is unequivocally false. *See* ¶93.

*Pharmaceuticals, Inc. Sec. Litig.*, 2007 WL 9672541, at *6 (E.D.N.Y. Mar. 31, 2007) (Declining to consider "documents [used to] support Defendants' arguments for the veracity or non-misleading nature of [d]efendants' statements or omissions or otherwise deal[ing] with fact-based matters" because "the accuracy of [d]efendants' statements or omissions and other matters of fact or reasonable inference must be resolved in favor of [p]laintiffs on a motion to dismiss"); *In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016) ("[W]hile it may be appropriate to judicially notice the existence of SEC filings and their contents, they post-date the events at issue and cannot establish whether the market knew about the Schlumberger deal during the Class Period. Thus, it appears their only relevance turns on the truth of statements therein" which is not the proper subject of judicial notice); *Casino Queen Marquette, Inc.*, 2022 WL 1591578, at *5 (refusing to incorporate documents used to contest the plaintiffs' assertion in the complaint); *Hospira*, 2013 WL 566805, at *12.

By using inappropriate (and incorrect), fact-based arguments to litigate the purported eventual effectiveness of its Promotion as justification for moving to dismiss the FAC, Defendants impermissibly "urge the court to go beyond viewing the facts alleged in the complaint in a light favorable to [Plaintiff] to instead" draw inferences in Defendants' favor and resolve a question of fact. *In re Quadrant 4 Sys. Corp.*, 2020 WL 375591, at *5 (Bankr. N.D. Ill. Jan. 22, 2020); *see also Ingenhutt v. State Farm Inv. Mgmt. Corp.*, 2017 WL 1398646, at *6 (C.D. Ill. Apr. 18, 2017); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d at 988, 1002-03 (9th Cir. 2018).

**Fourth**, as set forth in Section E, Exhibit O is additionally not subject to judicial notice because it purports to be a transcript of an earnings call that was not filed with the SEC.

### 2. The Court Should Strike Exhibit D.

The Court should additionally refuse to consider Exhibit D, which purports to be a transcript of the Company's February 18, 2022 earnings call.

**First**, Exhibit D is not subject to incorporation by reference because it pre-dates the Class Period by nearly three months, is not cited in the FAC, and is not central to any of Plaintiff's allegations, precluding application of the incorporation by reference doctrine. *See Kohl's*, 2015 WL 1478565, at *4-5. Defendants' reliance on Exhibit D to support their own "Background" section underscores its irrelevance to Plaintiff's claims and Defendants' efforts to litigate outside the four corners of the FAC. *See* DB at 4-5 (cited for irrelevant discussion of churn and promotions pre-dating the Class Period), 6 (cited for uncontested proposition that UScellular had a regionalization strategy in 2021); *see also Kohl's*, 2015 WL 1478565, at *5-6 (denying motion to dismiss outright where "all but a handful" of citations in defendants' statement of facts were to their own extraneous exhibits rather than to the complaint); *Casino Queen Marquette, Inc.*, 2022 WL 1591578, at *5 (denying request to incorporate documents sought to contest the plaintiffs' assertion in the complaint); *Khoja*, 899 F.3d at 1002-03 ("if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint."); *In re OSI Pharmaceuticals, Inc. Sec. Litig.*, 2007 WL 9672541, at *6.

**Second**, as set forth in Section E, Exhibit D is not subject to judicial notice because it purports to be a transcript of an earnings call that was not filed with the SEC. Its irrelevance also precludes judicial notice. *Garden City Employees' Retirement System*, 2011 WL 1303387, at *13.

### 3. The Court Should Strike Exhibit F.

The Court should additionally refuse to consider Exhibit F, which purports to be a PowerPoint presentation accompanying the Company's August 5, 2022 earnings call. Defendants

9

rely on Exhibit F solely to prove that each earnings call was purportedly accompanied by "a reminder" of risk factors supposedly relating to competition and churn rates. DB at 5, 27-28.

**First**, like Exhibits D and N-O, Exhibit F is not subject to incorporation by reference because it is not cited in the FAC and is not central to any of Plaintiff's allegations, precluding application of the incorporation by reference doctrine. *See Kohl's*, 2015 WL 1478565, at *4-5.

Additionally, Exhibit F's irrelevance precludes incorporation. The risk disclosures that Exhibit F purportedly references are irrelevant because they generically reference "intense competition" and "changes in […] price competition, or churn rates" without any explanation or specific discussion. Ex. F, at 2. These generic disclosures apply to any business and do not make any reference to alleged falsity. The falsity of the misstatements alleged in the FAC does not turn on USM's competition or "churn rates." DB, at 5, 27-28. Rather, the statements are false because Defendants represented, contrary to evidence including CW allegations and the April 2022 trial data, that: 1) UScellular would see subscribership impacts from the Promotion in the "third quarter" of 2022, which would "stead[ily]" continue "throughout the second half" of the year; and 2) that expense pressure was manageable when they knew that the cost to implement the Promotion was exorbitant. *See* ¶¶113-14, 116-18. *See Pierrelouis v. Gogo, Inc.*, 2021 WL 1608342, at *11 (N.D. Ill. Apr. 26, 2021) (cautionary language that simply "highlight[s] some parts of the business that might cause problems" is insufficient, and it is not meaningful where it vaguely warns of general risks rather than specific risks that defendants were aware of).

As such, Exhibit F's irrelevance precludes its incorporation. *See 188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir.2002) ("The purpose [of the incorporation by reference doctrine] is to prevent parties from surviving a motion to dismiss by […] failing to attach *relevant* documents.") (emphasis added); *N.L.R.B. v. Vista Del Sol Health Services, Inc.*, 40 F. Supp. 3d

1238, 1249, n.51 (C.D. Cal. 2014) (declining to incorporate irrelevant documents). To the extent Exhibit F is relevant at all, Defendants rely on the risk disclosures to undermine Plaintiff's claim, equally precluding incorporation. *See Casino Queen Marquette, Inc.*, 2022 WL 1591578, at *5; *Khoja*, 899 F.3d at 1002.

**Second**, the Court cannot take judicial notice of Exhibit F because judicial notice is inappropriate for earnings presentations that are not filed with the SEC. *See Heiner v. Watford*, 2022 WL 18777077, at *2 (D. Colo. Nov. 21, 2022) (Varholak, Mag. J.) (*report and recommendation adopted in Heiner v. Watford*, 2023 WL 2824288, at *8 (D. Colo. Mar. 27, 2023)); *Paskowitz v. Arnall*, 2019 WL 3841999, at *9-10 (W.D.N.C. Aug. 15, 2019). Exhibit F's irrelevance also precludes the Court's judicial notice. *Gas Tech. Inst.*, 2006 WL 3743576, at *15.

**D.      Exhibits A, E, G, I, And J Cannot Be Incorporated By Reference.**

Exhibits A, E, G, and I-J,[6] cannot be incorporated into the FAC because they mostly pre-date or post-date the Class Period,[7] are not cited in the complaint, and are not central to Plaintiff's claims. *See Kohl's*, 2015 WL 1478565, at *4-5.

Of these Exhibits, the FAC only cites Exhibit I, USM's 2022 Form 10-K, which is cited *once* in the 237-paragraph FAC to allege only that UScellular was unable to pursue business ventures beyond those of wireless telephone systems without TDS' approval. ¶195. Plaintiff's lone citation underscores that it is not the "central" heart of Plaintiff's claims, particularly given the many other allegations of TDS' control (which Defendants do not even challenge in their brief). *See* ¶¶192-199; *Wojcik*, 2013 WL 5904996, at *6 (refusing to incorporate by reference document

---

[6] As stated in Section B, *supra.*, the Court should also deny judicial notice. To the extent the Court takes judicial notice of Exhibits A, E, G, or I-J, it cannot do so for the truth of the matters asserted.
[7] Exhibit J is dated within the Class Period but, as set forth *infra*, is equally inappropriate for incorporation by reference because it is not cited in nor central to the FAC.

11

that was referenced twice in 180-pargraph complaint, and collecting authority regarding same); *Mabes v. McFeeley*, 2022 WL 20357997, at *3 (S.D. Ind. Apr. 19, 2022).

Defendants also fail to cite these Exhibits for a relevant purpose, further precluding their incorporation. For example, Defendants rely on Exhibits A, E,[8] I, and G to broadly discuss the fact that the Company operated in a highly competitive environment that caused its churn to increase prior to the Class Period. *See* DB at 1 (citing Ex. A, UScellular's 2021 Form 10-K to purportedly demonstrate that, prior to Class Period, the Company operated in a competitive market and that competition caused churn to increase); 6, n.3 (citing Ex. I's definition of "gross additions" to support Defendants' claim that the Company reported worsening subscriber results prior to the Class Period during competitive environment); 6 (citing Ex. G, UScellular's Form 10-Q for the period ending March 31, 2022, for the proposition that the Company reported worsening subscriber results prior to the Class Period during competitive environment). Plaintiff did not allege any part of these Exhibits to be false or misleading, nor do these Exhibits discuss any of the false statements identified by Plaintiff or the reasons Plaintiff alleges them to be false. These Exhibits are not relevant to Plaintiff's claims, let alone central to them. *See 188 LLC*, 300 F.3d at 735 ("The purpose [of the incorporation by reference doctrine] is to prevent parties […] failing to attach *relevant* documents."); *N.L.R.B*, 40 F. Supp. 3d at 1249, n.51.

Defendants' reliance on Exhibits A, E, and J for purported disclosures UScellular made prior to and during the Class Period concerning its competition risks and post-paid customer results are likewise irrelevant. Plaintiff alleges Defendants made false statements and omissions of then-

---

[8] The Court should also strike Defendants' reliance on Exhibit E at page 4 of Defendants' Brief for their proposition that subscriber results purportedly improved after the Class Period. Exhibit E was filed with the SEC on February 17, 2022, well *before* the Class Period began, and has no bearing whatsoever on what may or may not have transpired after the Class Period closed. *Gas Tech. Inst.*, 2006 WL 3743576, at *15.

present fact during two earnings call on May 6, 2022 and August 5, 2022 concerning the timing of the Promotion's benefits and costs and the Company's in-store traffic, despite knowing that each of these statements was false when made. ¶¶104-20. Defendants' generic disclosures regarding competition and subscribers are irrelevant for the same reason Exhibit F is irrelevant, *supra*. *See* DB at 4-5, 28 (citing Ex. A to contend that, prior to the Class Period, Defendants disclosed risk factors purportedly relating to "churn from customer switching activity as a risk factor" and other risk factors purportedly relating to competition prior to the Class Period); 4-5 (citing Ex. E, the Company's press release announcing results for the fourth quarter and full year 2021, to contend that Defendants disclosed post-paid subscriber data and their churn rate for the fourth quarter 2021, prior to the Class Period); 7 (citing Ex. J, UScellular's Form 10-Q for the period ending June 30, 2022, for the proposition that USM reported worsening subscriber results during the Class Period).

To the extent Defendants contend that these Exhibits have any relevance at all, Defendants rely on them to *undermine* Plaintiff's allegations. *See* DB at 4-5, 28 (citing Ex. A for contention that risks were disclosed); 4-5 (citing Ex. E for contention that UScellular disclosed subscriber results); 21 (citing Ex. I for the assertion that the Company's total operating expenses purportedly exceeded $4 billion in 2022, purportedly undermining Plaintiff's allegation that CW1 "recalled a mandatory meeting with CFO Douglas Chambers every month to discuss anything that might cost money." ¶153). Defendants' reliance on their extraneous Exhibits to *undermine* the FAC further precludes incorporation. *See Casino Queen Marquette, Inc.*, 2022 WL 1591578, at *5 (refusing to incorporate documents used to contest the plaintiffs' assertion); *Khoja*, 899 F.3d at 1002.

### E. The Court Cannot Take Judicial Notice of Exhibits H, K, and M.

Exhibits H, K, and M,[9] are not subject to judicial notice because judicial notice is

---

[9] As stated in Section B, *supra.*, the Court should also deny incorporation by reference. To the extent the Court incorporates Exhibits H, K, and M by reference, it cannot do so for the truth of the matters asserted.

inappropriate for conference call transcripts that are not filed with the SEC. *Garden City Employees' Retirement System*, 2011 WL 1303387, at \*14-16 (citing *In re Neopharm, Inc. Sec. Litig.*, 2003 WL 262369, at \*2-3 (N.D. Ill. Feb 7, 2003) ("[earnings call] transcripts are not subject to judicial notice, as they are not historical documents, documents contained in public record, or reports, decisions, and regulations of administrative bodies")); *In re Astea Int'l Inc. Sec. Litig.*, 2007 WL 2306586, at \*8 (E.D. Pa. Aug. 9, 2007); *Paskowitz*, 2019 WL 3841999, at \*9-10; *In re OSI Pharmaceuticals, Inc. Sec. Litig.*, 2007 WL 9672541, at \*5.

**F.      The Court Cannot Consider The Truth Of The Matter Asserted In Any Extraneous Information Contained in Defendants' Exhibits.**

If the Court considers any of Defendants' extraneous Exhibits pursuant to either doctrine, it may only consider that information for non-hearsay purposes. *ABN AMRO, Inc. v. Capital Intern. Ltd.*, 2007 WL 845046, at \*8 (N.D. Ill. Mar. 16, 2007) ("When courts take notice of documents in cases such as securities fraud cases […], courts typically consider the documents for a non-hearsay purpose"); *Busic v. Orphazyme A/S*, 2022 WL 3299843, at \*9 (N.D. Ill. Aug. 11, 2022). "[A] court may take judicial notice of documents filed with the SEC for the purpose of showing what statements the documents contain, but not for the proof of the facts stated therein." *George*, 674 F. Supp. 2d at 1044; *see also Hennessy*, 69 F.3d at 1354-55 (affirming refusal to take judicial notice of purported fact stated in a 10-K because the "fact in question […] was not capable of accurate and ready determination by resort to the 10-K"); *Hospira*, 2013 WL 566805, at \*11-12; *Jones v. Corus Bankshares, Inc.*, 701 F. Supp. 2d 1014, 1025 n.3 (N.D. Ill. 2010).

For example, if the Court decides to consider Defendants' references to analyst reports attached as Exhibits Q and R, it may only rely on them to observe what the analysts stated in the reports, not for the truth of Defendants' or the analysts' statements. Likewise, if the Court decides to consider various risk warnings provided to investors (*see* Exs. A, F, J,) or disclosures regarding

14

UScellular's business (*see* Exs. J, R, Q), it may only consider them with respect to whether Defendants' statements were made to the market, not for the truth of Defendants' disclosures or underlying facts. If the Court decides to consider various statements made by Defendants during extraneous transcripts or presentations (*see* Exs. D, F, J, O), or in any other Exhibits, it may only consider whether those statements were in fact made, not whether those statements were substantively true. *See Kohl's*, 2015 WL 1478565, at *4 ("[E]ven though the court could judicially notice the existence of some documents […] and what they say, the content of the documents cannot be used for the truth of the matters asserted").

Furthermore, the Court should not consider the truth of the matters contained in Exhibits H and K for the additional reason that Defendants seek to rely on those documents to refute the falsity of misstatements from the *very same documents* Plaintiff alleges to be false and misleading. *See* DB at 16 (relying on statements from Ex. H, the May 6, 2022 Earnings Call, to refute falsity of statements from same earnings call); 24 (relying on statements from Ex. K, the August 5, 2022 Earnings Call, to refute falsity of statements from same call); *In re Zynga Inc. Sec. Litig.*, 2015 WL 1382217, at *4, n.1 (N.D. Cal. Mar. 25, 2015) ("[B]ecause Plaintiff contests the accuracy of the contents of the company's public filings, the Court does not adopt the representations made in the documents for the truth of the matters asserted, but merely accepts that the public filings were made."). "[A]ssuming the truth of all of Defendants' allegedly false or misleading statements […] would make it impossible ever to successfully plead a fraud claim." *Khoja*, 899 F.3d at 1015.

### CONCLUSION

For these reasons, the Court should strike the Exhibits appended to Defendants' Brief and all inferences drawn therefrom and should not consider them in connection with Defendants' Brief.

Dated: November 30, 2023

Respectfully submitted,

/s/ Carol V. Gilden

**COHEN MILSTEIN SELLERS & TOLL, PLLC**
Carol V. Gilden (IL Bar: 6185530)
190 South LaSalle Street, Suite 1705
Chicago, Illinois 60603
Tel: (312) 629-3737
Fax: (312) 357-0369
cgilden@cohenmilstein.com

*Liaison Counsel for Plaintiff Howard M. Rensin, Trustee of The Rensin Joint Trust, and the Class*

**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins (admitted *pro hac vice*)
Gregory M. Potrepka (admitted *pro hac vice*)
Morgan M. Embleton (*pro hac vice* forthcoming)
Nicholas R. Lange (IL Bar: 6318106)
1111 Summer Street, Suite 403
Stamford, Connecticut 06905
Tel: (203) 992-4523
Fax: (212) 363-7171
shopkins@zlk.com
gpotrepka@zlk.com
membleton@zlk.com
nlange@zlk.com

*Lead Counsel for Plaintiff Howard M. Rensin, Trustee of The Rensin Joint Trust, and the Class*

16

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on November 30, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List.

*/s/ Carol V. Gilden*
Carol V. Gilden

17