# Exhibit 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| HOWARD M. RENSIN, TRUSTEE OF THE RENSIN JOINT TRUST, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:23-cv-02764-MMR |
| Plaintiff, | <u>CLASS ACTION</u> |
| | Honorable Mary M. Rowland |
| v. | |
| UNITED STATES CELLULAR CORPORATION, LAURENT C. THERIVEL, DOUGLAS W. CHAMBERS, and TELEPHONE AND DATA SYSTEMS, INC., | |
| Defendants. | |

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement (the "Stipulation") is made and entered into by and between (1) Court-appointed Lead Plaintiff Howard Rensin, Trustee of the Rensin Joint Trust ("Lead Plaintiff"), on behalf of himself and the other members of the Settlement Class (as defined below), and (2) United States Cellular Corporation ("UScellular"), Telephone and Data Systems, Inc. ("TDS," and with UScellular, the "Companies"), Laurent C. Therivel, and Douglas W. Chambers (the "Individual Defendants," together with the Companies, the "Defendants," and Defendants together with Lead Plaintiff, the "Parties" and each a "Party"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").

**WHEREAS:**

**I.     THE ACTION**

All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms herein and in §V.1 hereof entitled "Definitions," *infra*.

On May 2, 2023, Lead Plaintiff filed the above-captioned putative securities class action in the United States District Court for the Northern District of Illinois against Defendants and former defendants LeRoy T. Carlson, Jr., Peter L. Sereda, and Vicki L. Villacrez, asserting claims under the federal securities laws on behalf of persons and entities who purchased or otherwise acquired TDS securities between May 6, 2022 and November 3, 2022, inclusive. ECF No. 1 at ¶2.[1]

On July 11, 2023, the Court entered an Order appointing (i) the Rensin Joint Trust as lead plaintiff, and (ii) Levi & Korsinsky, LLP ("Lead Counsel") as lead counsel in the Action. ECF No. 28.

On September 1, 2023, after further investigation, Lead Plaintiff filed his operative First Amended Class Action Complaint for Violations of the Federal Securities Laws ("Complaint"), individually and on behalf of all persons and entities that purchased or otherwise acquired publicly traded TDS securities between May 6, 2022 and November 3, 2022, inclusive, alleging claims for: (i) violations of Section 10(b) of the Securities Exchange Act of 1934, as amended ("Exchange Act"), and Rule 10b-5 of the Securities and Exchange Commission ("SEC") promulgated thereunder, against all Defendants; and (ii) violations of Section 20(a) of the Exchange Act against the Individual Defendants. ECF No. 32.

On September 5, 2023, Lead Plaintiff filed a Notice of Voluntary Dismissal of all claims against former defendants LeRoy T. Carlson, Jr., Peter L. Sereda, and Vicki L. Villacrez pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), which the Court entered by way of a Minute entry dated September 6, 2023. ECF Nos. 33-34.

On October 16, 2023, Defendants moved to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(6) and 9(b) and requested judicial notice of documents filed in support thereof. ECF 35.

---

[1] "ECF" herein refers to the electronic court filing docket entries filed in the underlying Action, *Howard M. Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, Case No. 1:23-cv-02764 (N.D. Ill.).

On November 30, 2023, Lead Plaintiff filed a memorandum in opposition to Defendants' motion to dismiss. ECF 40. That same day, Lead Plaintiff also filed a motion to strike, a supporting memorandum, and a proposed order, seeking to strike the exhibits filed in support of Defendants' motion to dismiss. ECF Nos. 37-39.

On December 20, 2023, Defendants filed a reply brief, responding to Lead Plaintiff's memorandum in opposition to the motion to dismiss, and a response in opposition to Lead Plaintiff's motion to strike. ECF Nos. 44-45.

On January 10, 2024, Lead Plaintiff filed a reply brief in further support of his motion to strike. ECF 47.

On November 1, 2024, the Court issued a Memorandum Opinion and Order ("Order") denying in part and granting in part the Defendants' motion to dismiss the FAC and denying Lead Plaintiff's motion to strike. ECF 52. In the Order, the Court dismissed claims arising from certain statements alleged by Lead Plaintiff to be false, finding that the Complaint lacked particularized facts demonstrating those statements were materially false or misleading when made. The Order separately held that the Complaint contained sufficient allegations to survive a motion to dismiss with respect to other statements alleged to be materially false or misleading when made, and that Lead Plaintiff had adequately pleaded a strong inference of scienter as to each allegedly false or misleading statement.

On November 13, 2024, the Parties filed a joint status report containing a proposed schedule for fact discovery, expert discovery, dispositive motions, and trial. ECF 55. On November 14, 2024, the Court adopted the Parties' proposed schedule. ECF 57.

On November 14, 2024, Lead Plaintiff served Plaintiff's First Set of Requests for Production of Documents on Defendants. In response to these Requests, Defendants have produced more than 6,300 pages.

On November 15, 2024, Lead Plaintiff served ten duly noticed subpoenas *duces tecum* on third parties. Lead Plaintiff received and reviewed more than 5,000 pages of documents in response to these subpoenas.

3

On November 25, 2024, the Parties exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

On December 2, 2024, Defendants served Defendants' First Requests for Production of Documents to Plaintiff.

On December 16, 2024, Defendants served on Lead Plaintiff the Defendants' Responses and Objections to [Plaintiff's] First Set of Requests for Production of Documents.

On January 2, 2025, Lead Plaintiff served Plaintiff's Responses and Objections to Defendants' First Set of Requests for Production of Documents on Defendants and produced responsive documents.

## II.  THE SETTLEMENT

On February 4, 2025, the Parties attended a full-day, in-person mediation session presided over by Michelle Yoshida, Esq., a well-respected and highly experienced mediator of Phillips ADR Enterprises. Prior to the mediation session, the Parties submitted to the mediator, and exchanged with each other, voluminous briefing and exhibits concerning the Parties' respective views as to disputed issues, including liability, causation, and damages. The mediation was unsuccessful. ECF 64. However, the Parties continued to negotiate a possible settlement through Ms. Yoshida over the next several weeks.

On February 26, 2025, Ms. Yoshida issued a double-blind mediator's recommendation to resolve the claims in the Action, which all Parties subsequently accepted.

On February 28, 2025, the Parties jointly notified the Court that they had agreed in principle to resolve all issues and claims involved in this Action. ECF No. 66.

## III.  CLAIMS OF LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

In connection with this Action, Lead Plaintiff, through Lead Counsel, conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action. This process included reviewing and analyzing: (i) TDS and UScellular public filings with the SEC; (ii) publicly available information, including press releases, news articles, interviews, conference calls, and other public statements issued by or

concerning TDS, UScellular and/or the Individual Defendants; (iii) information obtained from interviews with former UScellular employees; (iv) internal company documents produced by TDS and UScellular; (v) reports of securities and financial analysts about the Companies, and other commentary and analysis concerning the Companies and the industry in which they operate; (vi) more than 5,000 pages of documents produced by non-parties pursuant to subpoenas *duces tecum*; and (vii) the applicable law governing the claims and potential defenses. Lead Plaintiff also consulted with experts on damages and causation, among other issues, responded to and defeated in part Defendants' motions to dismiss, served responses and objections to Defendants' discovery requests, including the production of responsive documents, and participated in extensive mediation preparation and negotiations at which the strengths and weaknesses of Plaintiff's claims and damages were thoroughly discussed.

Lead Plaintiff believes that the claims asserted in the Action have merit and that the information developed to date supports the claims asserted. However, Lead Plaintiff and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action through discovery, class certification, summary judgment, trial and appeals. They also have considered the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation. Lead Plaintiff and Lead Counsel are also mindful of the inherent problems of proof and the possible defenses to the claims alleged in the Action. Based on their evaluation, Lead Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation is fair, reasonable, and adequate, and confers substantial monetary benefits upon, and is in the best interest of, the Settlement Class.

## IV. DEFENDANTS' DENIAL OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny any wrongdoing and that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws. Defendants have denied and continue to deny all charges of wrongdoing or liability against them arising out of the conduct, statements, acts or omissions alleged, or that

could have been alleged in the Action, including each and every one of the claims alleged by Lead Plaintiff in the Action on behalf of the Settlement Class, including all claims in the Complaint or any prior pleading in this Action. Defendants also have denied, and continue to deny, *inter alia*, the allegations that Lead Plaintiff or Settlement Class Members have suffered damages or were otherwise harmed by the conduct alleged in the Action or that could have been alleged in the Action. Defendants have asserted, and continue to assert, that, at all times, they acted in good faith and in a manner they reasonably believed to be in accordance with all applicable rules, regulations, and laws, and further maintain that they have meritorious defenses. Nonetheless, the Defendants have determined that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation solely to avoid the further expense, inconvenience, and burden of this Action, the distraction and diversion of personnel and resources, and to obtain the conclusive and complete dismissal or release of this Action and the Released Claims.

This Stipulation, any proceedings relating to any settlement, or any of the terms of any settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of the Defendants, or any of them, with respect to any fact or matter alleged in the Action or which could have been alleged in the Action, or any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity of any claim or defense that has or could have been asserted. Each Defendant reserves all defenses to any claims that may be filed by anyone, including any individual or entity that has sought, or seeks, exclusion from the Settlement Class.

## V.     TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

**NOW THEREFORE**, without any concession by Lead Plaintiff that the Action lacks merit, and without any concession by Defendants of any liability or wrongdoing or lack of merit of their defenses, it is hereby **STIPULATED AND AGREED**, by and among Lead Plaintiff and Defendants, through their respective attorneys, subject to approval by the Court pursuant to Federal Rule of Civil Procedure 23(e), that, in consideration of the benefits flowing to the Parties, all Released Claims, as against all Released Parties, shall be fully, finally, and forever

compromised, settled, released, discharged, and dismissed with prejudice, and without costs except as otherwise specified herein, upon and subject to the following terms and conditions:

## 1. DEFINITIONS

As used in this Stipulation, the following terms shall have the meanings set forth below. In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

1.1     "Action" means the civil action captioned *Howard M. Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, Case No. 1:23-cv-02764, pending in the United States District Court for the Northern District of Illinois before the Honorable Mary M. Rowland.

1.2     "Authorized Claimant" means a Settlement Class Member who submits a valid Proof of Claim and Release form to the Claims Administrator that is accepted for payment.

1.3     "Claim(s)" means a paper claim submitted on a Proof of Claim and Release form or an electronic claim that is submitted to the Claims Administrator.

1.4     "Claims Administrator" means Strategic Claims Services, the firm to be retained by Lead Counsel, subject to Court approval, to provide all notices approved by the Court to Settlement Class Members, to process proofs of claim, and to administer the Settlement.

1.5     "Complaint" means the First Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 32) filed in the Action on September 1, 2023.

1.6     "Court" means the United States District Court for the Northern District of Illinois.

1.7     "Defendants" means United States Cellular Corporation, Laurent C. Therivel, Douglas W. Chambers, and Telephone and Data Systems, Inc.

1.8     "Defendants' Counsel" means the law firm of Sidley Austin LLP.

1.9     "Effective Date" means the first date by which all events and conditions specified in ¶11.1 of this Stipulation have been met, have occurred, or have been waived.

1.10    "Escrow Account" means the segregated, interest-bearing escrow account established and maintained by the Escrow Agent, controlled by Lead Counsel, wherein the

Settlement Amount shall be deposited and held for the benefit of the Settlement Class pursuant to ¶3.1 of this Stipulation and subject to the authority of the Court.

1.11    "Escrow Agent" means Esquire Bank.

1.12    "Fee and Expense Application" means the application or applications that Lead Plaintiff's Counsel may submit to the Court for an award from the Settlement Fund of attorneys' fees and payment of expenses incurred in connection with prosecuting the Action, plus interest earned on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.  The Fee and Expense Application may also include an application for a Lead Plaintiff Award pursuant to 15 U.S.C. §78u-4(a)(4) of the Private Securities Litigation Reform Act of 1995 ("PSLRA").

1.13    "Fee and Expense Award" means any attorneys' fees and expenses awarded by the Court, as described in ¶5.1.

1.14    "Final," with respect to a court order, including, without limitation, the Judgment approving the Stipulation, means when the last of the following with respect to the judgment shall occur: (i) the expiration of the time to file any motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the expiration of the time to appeal from the judgment without any such appeal having been filed; and (iii) if a motion to alter or amend is filed or if an appeal is filed, immediately after the determination of that motion or appeal so that the judgment is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of appeal, or otherwise, and in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of the Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with the approval or disapproval of this Settlement, but shall not include any appeal which concerns only the issue of Lead Plaintiff's Counsel's (defined below) attorneys' fees and expenses, Lead Plaintiff Award, the Plan of Allocation of the Net Settlement Fund, or the procedures for determining recognized claims by authorized claimants.

1.15    "Individual Defendants" means Laurent C. Therivel and Douglas W. Chambers.

1.16    "Judgment" means the proposed final judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.

1.17    "Lead Counsel" means the law firm of Levi & Korsinsky, LLP.

1.18    "Lead Plaintiff" means Howard M. Rensin, Trustee of the Rensin Joint Trust.

1.19    "Lead Plaintiff Award" means any award by the Court to the Lead Plaintiff for his service on behalf of the Settlement Class, including for Lead Plaintiff's reasonable time, costs and expenses directly relating to the representation of the Settlement Class under 15 U.S.C. §78u-4(a)(4).

1.20    "Lead Plaintiff's Counsel" means Lead Counsel and the law firm of Cohen Milstein Sellers & Toll, PLLC.

1.21    "Mediator" means Michelle Yoshida, Esq., of Phillips ADR Enterprises.

1.22    "Net Settlement Fund" means the Settlement Fund less: (i) any Fee and Expense Award, including interest thereon; (ii) any Lead Plaintiff Award; (iii) Notice and Administration Expenses; (iv) Taxes and Tax Expenses; and (v) any other fees, expenses or other deductions approved by the Court.

1.23    "Notice" means the Notice of Pendency of Class Action and Proposed Settlement, Settlement Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-1, and shall be disseminated to Members of the Settlement Class and posted on the Claims Administrator's website related to this Settlement.

1.24    "Notice and Administration Expenses" means the costs, fees, and expenses incurred in connection with providing notice to the Settlement Class and the administration of the Settlement, including but not limited to: (i) providing notice of the proposed Settlement by email (where practicable), mail, publication, and other means to Settlement Class Members; (ii) locating Settlement Class Members; (iii) communicating with Persons regarding the proposed Settlement and claims administration process and assisting with the submission of Claims; (iv) receiving,

reviewing and processing Proof of Claim and Release forms and applying the Plan of Allocation thereto; (v) paying any escrow fees related to the Escrow Account and investment of the Settlement Fund, or Taxes and Tax Expenses; and (vi) distributing the proceeds of the Settlement or otherwise administering the Settlement.

1.25 "Opt-Out Date" is the deadline by which Settlement Class Members may seek to exclude themselves from the Settlement Class and from participation in the Settlement. Opt-Out has the meaning set forth in ¶12.4

1.26 "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, or any other business or legal entity.

1.27 "Plan of Allocation" means the proposed plan or formula of allocation described in the Notice, or any alternate plan approved by the Court, whereby the Net Settlement Fund shall be distributed to Authorized Claimants. Any Plan of Allocation is not part of this Stipulation, and the Released Defendants' Parties shall have no responsibility or liability with respect thereto.

1.28 "Postcard Notice" shall mean the postcard form notice which, subject to Court approval, shall be substantially in the form attached hereto as Exhibit A-3, and which shall be emailed where practicable and otherwise mailed first class, postage prepaid, to Settlement Class Members and third-party nominees and custodians that can be identified through reasonable investigation.

1.29 "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement, preliminarily certifying the Settlement Class, and directing dissemination of notice to the Settlement Class, substantially in the form of Exhibit A attached hereto.

1.30 "Proof of Claim" or "Claim Form" means the Proof of Claim and Release form for submitting a Claim which, subject to Court approval, shall be substantially in the form attached as Exhibit A-2 hereto, and shall be posted on the Claims Administrator's website related to this

10

Settlement, and that a Settlement Class Member must complete and submit should that Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

1.31    "Released Claims" means both Releasing Plaintiff's Parties' Claims and Releasing Defendants' Parties' Claims.

1.32    "Released Defendants' Parties" means (i) each Defendant; (ii) the family members of the Individual Defendants; (iii) direct or indirect parent entities, direct and indirect subsidiaries, related entities, and all affiliates of the Companies; (iv) any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or his or her family members; (v) for any of the persons or entities listed in parts (i) through (iv), as applicable, their respective past, present, and future general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, reinsurers, indemnitors, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, estates, and any controlling person thereof; and (vi) any entity in which a Defendant has a controlling interest; all in their capacities as such.

1.33    "Released Parties" means the Released Defendants' Parties and the Released Plaintiff's Parties.

1.34    "Released Plaintiff's Parties" means (i) Lead Plaintiff, all Settlement Class members, any other plaintiffs in the Action and their counsel, and Lead Plaintiff's Counsel (as defined in ¶1.20), and (ii) each of their respective immediate family members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, investigators, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, all in their capacities as such.

1.35    "Releasing Defendants' Parties' Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, as defined in ¶1.49 hereof,

11

whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Releasing Defendants' Parties' Claims shall not include any claims relating to the enforcement of the Settlement. The release shall include a standard provision regarding the waiver of the benefits conferred by California Civil Code § 1542 or any other similar provision of law.

1.36    "Releasing Plaintiff's Parties" means Lead Plaintiff and the other members of the Settlement Class, together with their successors, assigns, executors, heirs, administrators, representatives, attorneys, and agents, in their capacities as such (each of the foregoing, a "Releasing Plaintiff's Party"). Releasing Plaintiff's Parties do not include any Person who timely and validly seeks exclusion from the Settlement Class pursuant to a Request for Exclusion as described in ¶12.4 below.

1.37    "Releasing Plaintiff's Parties' Claims" means all claims, actions, causes of action, demands, losses, rights, duties, obligations, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities of every nature and description, whether known or Unknown Claims, as defined in ¶1.49 hereof, whether arising under federal, state, common or foreign law, that Lead Plaintiff, any other member of the Settlement Class, or any other Releasing Plaintiff's Party: (i) asserted in any complaint filed in the Action or (ii) could have asserted in any forum that arise out of, are based on, or relate in any way to, directly or indirectly, any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the Action, or which could have been alleged in the Action, and which arise out of, are based upon, or relate in any way, directly or indirectly, to the purchase, acquisition or sale of TDS securities by any members of the Settlement Class during the Settlement Class Period. Releasing Plaintiff's Parties' Claims shall not include (i) any claims relating to the enforcement of the Settlement; (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; and (iii) all claims asserted on behalf of the Companies in derivative actions pending as of the date of the Stipulation, namely *Katz v. Butman, et al.*, Case No. 2024-

12

CH-05731 (Illinois Circuit Court of Cook County); *O'Conner v. Therivel, et al.*, Case No. 2024-CH-01109 (Illinois Circuit Court of Cook County); and *McMillan v. Carlson, et al.*, Case No. 1:25-cv-02286 (N.D. Ill.). The release shall include a standard provision regarding the waiver of the benefits conferred by California Civil Code § 1542 or any other similar provision of law.

1.38    "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

1.39    "Settlement Amount" means the total principal amount of seven million and seven-hundred-and-fifty thousand U.S. dollars (USD $7,750,000.00) in cash.

1.40    "Settlement Class" or "Settlement Class Member" means all persons and entities similarly situated, other than Defendants, who purchased or otherwise acquired securities of TDS between May 6, 2022 and November 3, 2022, inclusive (the "Settlement Class Period"). Excluded from the Settlement Class are the Companies and their subsidiaries and affiliates, and their respective officers and directors at all relevant times, and any of their immediate families, legal representatives, heirs, successors, or assigns, and any entity in which any Defendant has or had a controlling interest. Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class, but who validly and timely has submitted, or submits, a Request for Exclusion in accordance with the requirements set by the Court.

1.41    "Settlement Fund" means the Settlement Amount and any interest earned thereon.

1.42    "Settlement Hearing" means the hearing to be held by the Court under Rule 23(e) of the Federal Rules of Civil Procedure to determine whether: (i) the Settlement is fair, reasonable, and adequate, and should be finally approved, and the Settlement Class should be certified for Settlement purposes; (ii) the Plan of Allocation is fair and reasonable and should be approved; and (iii) the Fee and Expense Application, including any Lead Plaintiff Award, is reasonable and should be approved.

1.43    "Parties" collectively means Defendants and Lead Plaintiff, individually and on behalf of the Settlement Class.

1.44    "Stipulation" means this Stipulation of Settlement.

1.45    "Summary Notice" means the Summary Notice of Pendency of Class Action and Proposed Class Action Settlement, Settlement Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached as Exhibit A-4 hereto, and which shall be published in a widely-circulated national wire service.

1.46    "Tax" or Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax, and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and federal taxes.

1.47    "Tax Expenses" means expenses and costs incurred in connection with the operation and implementation of ¶4.3 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶4.3, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions, or other payments from the Escrow Account, or the filing of any federal, state, or local returns).

1.48    "Termination Notice" has the meaning set forth in ¶12.1.

1.49    "Unknown Claims" means any and all Released Claims that Lead Plaintiff or any other Settlement Class Member (with respect to Releasing Plaintiff's Parties' Claims) or Defendants (with respect to Releasing Defendants' Parties' Claims) do not know or suspect to exist in his, her or its favor at the time of the release. This includes claims which, if known, might have affected the Settlement or any Party's decision to release Releasing Plaintiff's Parties' Claims or Releasing Defendants' Parties' Claims, and claims the release of which might have prompted a decision to object to the Settlement. The Parties expressly acknowledge and shall be deemed to have expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is, or is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release

14

and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiff and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

## 2. SCOPE AND EFFECT OF SETTLEMENT

2.1 The obligations incurred pursuant to this Stipulation are: (i) subject to Court approval and the Judgment reflecting such approval becoming Final; and (ii) in full and final disposition of the Action with respect to the Released Parties and any and all Released Claims, including Releasing Defendants' Parties' Claims and Releasing Plaintiff's Parties' Claims.

2.2 The Parties hereby stipulate to certification of the Settlement Class, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, solely for purposes of this Settlement. The certification of the Settlement Class shall be binding only with respect to the Settlement and only if the Judgment becomes Final.

2.3 Upon the Effective Date, Lead Plaintiff shall dismiss the Action with prejudice, and the Releasing Plaintiff's Parties (as defined in ¶1.36) will release as against Released Defendants' Parties (as defined in ¶1.32) the Releasing Plaintiff's Parties' Claims (as defined in ¶1.37), and shall be deemed by operation of the Judgment to have fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Releasing

Plaintiff's Parties' Claims against each and every one of the Released Defendants' Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Releasing Plaintiff's Parties' Claims against any and all of the Released Defendants' Parties, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release form, and whether or not such Settlement Class Member shares or seeks to share in the Settlement Fund.

2.4     Upon the Effective Date, Defendants will release as against Released Plaintiff's Parties (as defined in ¶1.34) the Releasing Defendants' Parties' Claims (as defined in ¶1.35), and shall be deemed by operation of the Judgment to have fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Releasing Defendants' Parties' Claims against each and every one of the Released Plaintiff's Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Releasing Defendants' Parties' Claims against any and all of the Released Plaintiff's Parties. Nothing in this paragraph shall affect any claims, demands, rights, or causes of action and liabilities: (a) between or among Defendants; or (b) between Defendants and their insurers.

## 3. THE SETTLEMENT CONSIDERATION

3.1     In full settlement of the claims asserted in the Action against Defendants and in consideration of the releases specified in ¶¶2.3–2.4, *supra*, all of which the Parties agree are good and valuable consideration, Defendants shall pay, and/or cause to be paid by their insurers, the Settlement Amount into the Escrow Account within twenty (20) business days after the later of: (1) the Court's entry of an order preliminarily approving the Settlement; and (2) Lead Counsel's providing to Defendants' counsel a Form W-9, instructions for payment by wire transfer or electronic payment (ACH) and check, any requisite electronic payment authorization forms, and the name and telephone number of an individual who can verbally confirm payment instructions.

3.2     Neither Defendants nor their counsel shall have any responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Plaintiff's Counsel or the Claims Administrator, or any of their respective designees or agents, in connection

with the administration of the Settlement Fund or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes or Tax Expenses.

3.3    Other than the obligation of Defendants to cause the payment of the Settlement Amount pursuant to ¶3.1, Defendants shall have no obligation to make any other payments into the Escrow Account or to any Settlement Class Member or Lead Plaintiff's Counsel in settlement of this Action or pursuant to this Stipulation, including, without limitation, any responsibility or liability related to any fees, Taxes or Tax Expenses, Notice and Administration Expenses, investment decisions, maintenance, supervision or distribution of any portion of the Settlement Amount. All Taxes, Tax Expenses, and Notice and Administration Expenses (except for the costs associated with providing shareholder lists in accordance with ¶9.2 below and providing notice as required under the Class Action Fairness Act, which will be the responsibility of Defendants) shall be paid solely from the Settlement Fund in an amount the Court approves. In the event that the Settlement is not consummated, money paid or costs incurred for this specific purpose, including any Taxes, Tax Expenses, Notice and Administration Expenses, or related fees, shall not be returned or repaid to Defendants.

## 4.   USE AND TAX TREATMENT OF SETTLEMENT FUND

4.1    The Settlement Fund shall be used to pay: (i) any Taxes and Tax Expenses; (ii) Notice and Administration Expenses; and (iii) any Fee and Expense Award, including any Lead Plaintiff Award, made by the Court pursuant to the Fee and Expense Application.  The balance of the Settlement Fund shall be the Net Settlement Fund.

4.2    The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶7.1–8.8 hereof, *infra*. The Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held in the Escrow Account, and all interest thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such

17

time as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation or further order of the Court. The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments) or deposit some or all of the funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance. Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent or the disposition of the Settlement Fund. All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

4.3     After the Settlement Amount has been paid into the Escrow Account, the Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Settlement Amount being a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, the Escrow Agent shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this ¶4.3, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to timely occur. Consistent with the foregoing:

(a)     For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be the Escrow Agent or its successors, who shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns (together, "Tax Returns") necessary or advisable with respect to the earnings on the funds deposited in the

18

Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)). Such Tax Returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in subparagraph (c) of this paragraph.

(b) All Taxes and Tax Expenses shall be paid out of the Settlement Fund. In all events, Defendants and Defendants' Counsel shall have no liability or responsibility whatsoever for the Taxes, Tax Expenses or the filing of any Tax Return or other document with the Internal Revenue Service or any other state or local taxing authority. Defendants and Defendants' Counsel shall have no liability or responsibility for the Taxes or Tax Expenses of the Escrow Account with respect to the Settlement Amount nor the filing of any Tax Returns or other documents with the Internal Revenue Service or any other taxing authority. The Escrow Agent shall take reasonable steps to ensure that no Taxes or Tax Expenses are owed by any of the Defendants on any earnings on the funds on deposit in the Escrow Account. In the event any Taxes or Tax Expenses are determined to be owed by any of the Defendants on any earnings on the funds on deposit in the Escrow Account, any such amounts shall be paid out of the Settlement Fund.

(c) Taxes or Tax Expenses with respect to the Settlement Amount and the Escrow Account shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by the Escrow Agent out of the Settlement Fund without prior order from the Court or approval by Defendants. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)). The Parties agree to cooperate with each other, and their tax attorneys and accountants to the extent reasonably necessary, to carry out the provisions of this

19

paragraph. Defendants and Defendants' Counsel shall have no liability or responsibility whatsoever if it is later determined that the Settlement Fund is a not a "qualified settlement fund."

4.4     This is not a "claims made" Settlement. Defendants have no right of reversion. As of the Effective Date, the Defendants, or any other Person funding the Settlement on a Defendant's behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason except that in the event ¶4.3(b) is triggered, nothing in this ¶4.4 shall nullify the rights set forth in the last sentence of ¶4.3(b).

## 5.  ATTORNEYS' FEES AND EXPENSES

5.1     Lead Counsel may submit a Fee and Expense Application(s) to the Court for a Fee and Expense Award, to be paid from the Settlement Fund. The Fee and Expense Application may include a request for a Lead Plaintiff Award.

5.2     The amount of attorneys' fees and expenses awarded by the Court and amount of awards to Lead Plaintiff is within the sole discretion of the Court. Any Fee and Expense Award, as awarded by the Court, shall be paid from the Settlement Fund to Lead Counsel immediately after entry of the order awarding such attorneys' fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Fee and Expense Application, the Settlement, or any part thereof.

5.3     Any payment of the Fee and Expense Award pursuant to ¶¶5.1–5.2 above shall be subject to Lead Counsel's obligations to make refunds or repayments to the Settlement Fund of any paid amounts, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the Fee and Expense Award is reduced or reversed by Final non-appealable court order. Lead Counsel shall make the appropriate refund(s) or repayment(s) in full no later than thirty (30) calendar days after receiving notice of the termination of the Settlement pursuant to this Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement

by Final non-appealable court order, or notice of any reduction or reversal of the Fee and Expense Award by Final non-appealable court order.

5.4    Any award to Lead Plaintiff shall be payable upon the Effective Date.

5.5    Defendants and Defendants' Counsel shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any Fee and Expense Award or Lead Plaintiff Award in the Action, including to any other Person who may assert some claim thereto, or any other awards the Court may make in the Action.

5.6    Defendants and Defendants' Counsel shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of Settlement Class Members, whether or not paid from the Escrow Account. The Settlement Fund will be the sole source of payment from Defendants for any award of attorneys' fees and expenses ordered by the Court.

5.7    The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and any order or proceeding relating to any Fee and Expense Application, including a Fee and Expense Award or Lead Plaintiff Award in an amount less than the amount requested by Lead Counsel, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement set forth herein. Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶12.1 or otherwise based on the Court's or any appellate court's ruling with respect to fees and expenses in the Action.

## 6.  NOTICE AND ADMINISTRATION EXPENSES

6.1    Except as otherwise provided herein, the Net Settlement Fund shall be held in the Escrow Account until the Effective Date.

6.2    Prior to the Effective Date, without further approval from Defendants or further order of the Court, Lead Counsel may cause up to $200,000 in Notice and Administration Expenses invoiced by the Claims Administrator to be paid from the Settlement Fund.  Additional

sums for this purpose prior to the Effective Date may be paid from the Settlement Fund upon agreement of the Parties or order of the Court. Taxes, Tax Expenses, and fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred, without further approval of Defendants or further order of the Court. After the Effective Date, without approval of Defendants, Notice and Administration Expenses may be paid without further order of the Court, subject to the terms, conditions, and obligations of the Settlement Agreement. The Released Defendants' Parties, including Defendants' Counsel, shall have no responsibility for or liability whatsoever with respect to the Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto.

6.3     Lead Counsel shall cause the Claims Administrator to disseminate (a) the Notice, substantially in the form of Exhibit A-1 attached hereto, (b) the Proof of Claim and Release form, substantially in the form of Exhibit A-2 attached hereto, (c) the Postcard Notice, substantially in the form of Exhibit A-3 attached hereto, and (d) the Summary Notice, substantially in the form of Exhibit A-4 attached hereto, to the Settlement Class in accordance with this Stipulation and as ordered by the Court. To the extent there are updates or modifications to the Notice, Proof of Claim and Release form, Postcard Notice and Summary Notice provided to the Settlement Class, such updates will be reflected on a settlement website to be maintained by the Claims Administrator for the purpose of providing Settlement Class Members with information relating to this Settlement. It shall be the responsibility of the Claims Administrator to disseminate the Notice and otherwise implement the Notice program contemplated by the Preliminary Approval Order, as approved by the Court.  The Released Defendants' Parties, including Defendants' Counsel, shall have no responsibility for, or liability whatsoever with respect to, the Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto.

6.4     No later than ten (10) calendar days following the filing of this Stipulation with the Court (the "CAFA Notice Date"), Defendants shall serve or cause to be served the notice required under the Class Action Fairness Act, 28 U.S.C.A. § 1715 *et seq.* ("CAFA"), and shall

confirm with Lead Counsel via email that such service was made. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Settlement Hearing, Defendants' Counsel shall file a letter with the Court providing notice that all requirements of CAFA §1715(b) have been complied with. The Parties will request that the Settlement Hearing not be scheduled until at least ninety (90) days following the CAFA Notice Date.

## 7. DISTRIBUTION TO AUTHORIZED CLAIMANTS

7.1    The Claims Administrator, subject to such supervision and direction of Lead Counsel or the Court as may be necessary or as circumstances may require, shall administer the Settlement in accordance with the terms of this Stipulation and the Court-approved Plan of Allocation, subject to the jurisdiction of the Court. Defendants and the Defendants' Counsel shall have no responsibility for (except as stated in ¶¶3.1 and 9.2 hereof), interest in, or liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability to the Settlement Class in connection with such administration.

7.2    The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as defined in the Plan of Allocation included in the Notice, or in such other plan of allocation as the Court may approve. Any order of the Court modifying or rejecting the Plan of Allocation will not operate to terminate the Settlement or affect the finality or binding nature of the Settlement, including the releases of all Released Claims.

7.3    Defendants and Defendants' Counsel have no role in the development of, and will take no position with respect to, the Plan of Allocation. Any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Plan of Allocation is not a necessary term of this Stipulation, and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶12.1 or

23

otherwise based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Action. Defendants and Defendants' Counsel shall have no responsibility or liability for reviewing or challenging claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

7.4     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

7.5     No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.  If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses and other awards approved by the Court, if any, redistribute such balance among Authorized Claimants who have cashed their checks sent in the initial distribution and who would receive a minimum of $10.00 as part of an additional distribution, in an equitable and economic fashion. Such additional distributions shall be repeated until the balance remaining in the Net Settlement Fund is reduced to a *de minimis* level such that, in the reasonable judgment of Lead Counsel, it no longer makes economic sense, considering costs of distribution, to attempt to make further distributions. Any balance that thereafter still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, and after payment of outstanding Notice and Administration Expenses, Taxes, Tax Expenses, attorneys' fees and expenses and other awards approved by the Court, shall be donated to a non-sectarian 501(c)(3) non-profit charitable organization serving the public interest, to be designated by Lead Counsel.

## 8. ADMINISTRATION OF THE SETTLEMENT

8.1    Any Settlement Class Member who fails to timely submit a valid Proof of Claim (substantially in the form of Exhibit A-2), including appropriate documentation of claimed transactions, will not be entitled to receive any of the proceeds from the Net Settlement Fund, except as otherwise ordered by the Court, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and all releases provided for herein, and will be barred from bringing any action against the Released Defendants' Parties concerning the Releasing Plaintiff's Parties' Claims.

8.2    Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator. Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Lead Counsel deems to be *de minimis* or formal or technical defects in any Proof of Claim submitted. Defendants and Defendants' Counsel shall have no liability, obligation or responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund, or the reviewing or challenging claims. Lead Counsel shall be solely responsible for designating the Claims Administrator, subject to approval by the Court.

8.3    For purposes of determining the extent, if any, to which a claimant shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each claimant shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit A-2, supported by such documents as are designated therein, including proof of the claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)    All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is extended by order of the Court. Any Settlement Class Member who fails to submit a Claim Form by such date shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by order of the Court, late-filed Claim

25

Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and all releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Defendants' Party. A Claim Form shall be deemed to be submitted when submitted online to the Claims Administrator; or if mailed, when received (for U.S. mail) with a postmark on the envelope, as the date postmarked on the envelope, or when received by the private carrier (FedEx, UPS, etc.), and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator. Notwithstanding the foregoing or any other provision of this Section 8, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted but otherwise valid Claims for processing by the Claims Administrator, so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby;

(c)     Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, which shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed;

(d)     Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim Form in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator, under supervision of Lead Counsel, shall notify, in a timely fashion and in writing or by email, all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below; and

26

(e)     If any claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

8.4     Each claimant who submits a Claim Form shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim, including, but not limited to, all releases provided for herein and in the Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Settlement Class Member and the validity and amount of the claimant's Claim. In connection with processing the Claim Forms, no discovery shall be allowed to be directed to any of the Released Defendants' Parties, and no discovery shall be allowed on the merits of the Action or the Settlement.

8.5     Payment pursuant to the Stipulation and Court-approved Plan of Allocation shall be deemed final and conclusive against any and all claimants. All Settlement Class Members whose Claims are not approved shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein and therein, and will be barred from bringing any action against the Released Defendants' Parties concerning the Releasing Plaintiff's Parties' Claims.

8.6     All proceedings with respect to the administration, processing and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject

to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment.

8.7     No Person shall have any claim of any kind against the Released Defendants' Parties or Defendants' Counsel with respect to the matters set forth in this section (*i.e.*, ¶¶8.1–8.8) or any of its subsections, or otherwise related in any way to the administration of the Settlement, including without limitation the processing of claims and distributions.

8.8     No Person shall have any claim against Lead Plaintiff, Lead Plaintiff's Counsel, the Claims Administrator, or other agent designated by Lead Counsel based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

## 9.   TERMS OF THE PRELIMINARY APPROVAL ORDER

9.1     The Parties shall cooperate in good faith to obtain efficient Court approval of the Settlement. Lead Plaintiff will endeavor in good faith to file a motion for preliminary approval of the settlement within fifteen (15) calendar days after the execution of this Stipulation. Lead Plaintiff will prepare the first draft of the supporting papers. Concurrently with his application for preliminary approval by the Court of the Settlement contemplated by this Stipulation, Lead Plaintiff shall apply to the Court for entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A. The Preliminary Approval Order will, *inter alia*, preliminarily approve the Settlement, set the date for the Settlement Hearing, approve the form of notice, and prescribe the method for giving notice of the Settlement to the Settlement Class.

9.2     TDS shall make reasonable best efforts to provide within fourteen (14) calendar days after the Court's entry of an order preliminarily approving the Settlement, at its own cost, lists of TDS common and preferred shareholders of record during the Settlement Class Period, including the names, addresses, and (where available) email addresses of such shareholders, in electronic format, such as Excel, to the extent such lists are reasonably available from TDS' transfer agent, to Lead Counsel or the Claims Administrator. The Defendants' efforts herein shall

include, but are not limited to, requesting TDS's transfer agent during the Settlement Class Period (as defined in the Notice) grant Lead Plaintiff, Lead Counsel and the Claims Administrator any necessary authorizations or permissions to access the transfer records described in this Paragraph.

9.3     Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, or the Plan of Allocation, or to any aspect of the Fee and Expense Application must do so in the manner specified and within the deadlines specified in the Preliminary Approval Order and the Notice. The deadline for submitting such objections is to be set by the Court in the Preliminary Approval Order, but the Parties shall request that the deadline be the same as the Opt-Out Date described herein, *i.e.*, all objections must be postmarked (for U.S. Mail), received by the private carrier (for FedEx, UPS, etc.), or emailed, as well as filed with the Court, at least twenty-one (21) calendar days before the Settlement Hearing. An objection is valid only if it is personally signed by the Settlement Class Member and otherwise complies with all the requirements set forth in the Preliminary Approval Order and the Notice.

## 10. TERMS OF THE JUDGMENT

10.1    If the Settlement contemplated by this Stipulation is finally approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

## 11. EFFECTIVE DATE OF SETTLEMENT

11.1    The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived and is conditioned on the occurrence of all of the following events:

(a)     Execution of the Stipulation of Settlement and such other documents as may be required to obtain final Court approval of the Stipulation of Settlement in a form satisfactory to the Parties;

(b)     The Court's entry of a Preliminary Approval Order;

(c)     The deposit of the Settlement Amount into an escrow account, as set forth in ¶3.1 herein;

(d)      Defendants not exercising their option to terminate the Settlement; and

(e)      The Court's entry of a Judgment approving the Stipulation of Settlement, and the Judgment has become Final (as defined in ¶1.14 herein).

## 12. WAIVER OR TERMINATION

12.1     Defendants and Lead Plaintiff shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice"), through counsel, to all other parties hereto within fourteen (14) calendar days of: (i) the Court's Final refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's Final refusal to approve this Stipulation or any material part of it; (iii) the Court's Final refusal to enter the Judgment in any material respect; or (iv) the date upon which the Judgment is modified or reversed in any material respect by a Final order of the Court, the United States Court of Appeals, or the Supreme Court of the United States. Lead Plaintiff shall not have the right to terminate the Settlement due to any decision, ruling, or order respecting the Fee and Expense Application or any Plan of Allocation.

12.2     In addition to the foregoing, Defendants shall also have the right to terminate the Settlement in the event the Opt-Out Threshold (defined below) has been reached.

12.3     Simultaneously herewith, Defendants' Counsel and Lead Counsel are executing a Confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement"). The Supplemental Agreement sets forth certain conditions under which Defendants shall have the sole option to terminate the Settlement and render this Stipulation null and void in the event that requests for exclusion from the Settlement Class exceed certain agreed-upon criteria (the "Opt-Out Threshold"). The Settling Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court.

12.4     Any Settlement Class Member who has, or wishes to, request exclusion from the Settlement Class ("Opt-Out") must submit a written request ("Request for Exclusion") within the

time and in the manner specified in the Court's Preliminary Approval Order and the Notice. The deadline for submitting a valid Request for Exclusion (the "Opt-Out Date") is to be set by the Court in the Preliminary Approval Order, but the Parties shall request that the Opt-Out Date be set so that all Requests for Exclusion are postmarked (for U.S. Mail) or received by the private carrier (for FedEx, UPS, etc.) or emailed at least twenty-one (21) calendar days before the Settlement Hearing. A Request for Exclusion is valid only if it is personally signed by the Settlement Class Member and otherwise complies with all the requirements set forth in the Preliminary Approval Order and the Notice. Group opt-outs, including "mass" or "class" opt-outs, are not permitted. Any Settlement Class Member who does not submit a timely written Request for Exclusion will be bound by all proceedings, orders, and judgments in the Litigation, whether or not he, she, or it timely submits a Proof of Claim and Release form. Upon receiving any Request for Exclusion, Lead Counsel shall promptly, and in no event no later than seven (7) calendar days after receiving a Request for Exclusion, notify Defendants' Counsel of such request for exclusion and provide copies of such Request for Exclusion and any documentation accompanying it by email.

12.5    In addition to all of the rights and remedies that Lead Plaintiff has under the terms of this Stipulation, Lead Plaintiff shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid in the time period provided for in ¶3.1 above, but only if (i) Lead Counsel has notified Defendants' Counsel in writing of Lead Plaintiff's intention to terminate the Settlement, and (ii) the entire Settlement Amount is not transferred to the Escrow Account within fourteen (14) calendar days after Lead Counsel has provided such written notice.

12.6    Defendants warrant as to the payments they make, or cause to be made, pursuant to this Stipulation, that, at the time of such payment(s), Defendants will not be insolvent, nor will payment render them insolvent, within the meaning of or for the purposes of the United States Bankruptcy Code, including Sections 101 and 547 thereof, or any similar applicable foreign law.

12.7    If an option to withdraw from and terminate this Stipulation and Settlement arises under any of ¶¶12.1–12.6 above: (i) neither Defendants nor Lead Plaintiff (as the case may be)

31

will be required for any reason or under any circumstance to exercise that option; and (ii) any exercise of that option shall be made in the sole and unfettered discretion of Defendants or Lead Plaintiff, as applicable.

12.8    With the exception of the provisions of ¶¶12.8–12.9 which shall continue to apply, if the Settlement outlined in this Stipulation is terminated for any reason, including if the Court does not grant preliminary approval, in whole or in part, this Stipulation and the proposed settlement shall be a nullity, and none of its terms shall be effective or enforceable except as specifically provided herein; the Parties shall be deemed to have reverted to their respective litigation positions in the Action immediately prior to March 11, 2025, and the facts and terms of the Settlement shall not be admissible in any trial or otherwise used for any purpose; and, except as specifically provided herein, the Parties shall proceed in all respects as if this Stipulation and any related order had not been entered. In such event, this Stipulation, and any aspect of the discussions or negotiations leading to this Stipulation shall not be admissible in this Action, or in any other proceeding, and shall not be used against or to the prejudice of Defendants or against or to the prejudice of Lead Plaintiff, in any court filing, deposition, at trial, or otherwise, except to enforce ¶¶12.8 and 12.9 herein. Any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

12.9    In the event the Settlement is terminated, as provided herein, or fails to become effective, any portion of the Settlement Amount previously paid into the Escrow Account, together with any earnings thereon, less any Taxes and Tax Expenses paid or due, and less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Fund, shall be returned to Defendants (or any other Persons or entities that made such payments into the Escrow Account) within fourteen (14) calendar days from the date of termination, along with a detailed accounting of any Taxes, Tax Expenses and Notice and Administration Expenses paid. The Escrow Agent or its designees shall apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in

connection with such application(s), of such refund to Defendants or as otherwise directed by Defendants.

## 13. NO ADMISSION

13.1    Except as set forth in ¶13.2 below, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)    do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Lead Plaintiff and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of the Released Defendants' Parties whatsoever;

(b)    do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Lead Plaintiff, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff, or the other members of the Settlement Class;

(c)    do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Lead Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Lead

33

Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)    do not constitute, and shall not be construed against Defendants, Lead Plaintiff, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)    do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff, or any other member of the Settlement Class, that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

13.2    Notwithstanding ¶13.1 above, any of the Parties or their respective counsel may file this Stipulation or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy. The Parties may file this Stipulation or the Judgment in any action that may be brought to enforce the terms of this Stipulation or the Judgment. All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

## 14. MISCELLANEOUS PROVISIONS

14.1    All exhibits to the Stipulation, except any Plan of Allocation to the extent incorporated in those exhibits, and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

14.2    The Parties intend the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Parties with respect to the Released Claims, including the Releasing Plaintiff's Parties' Claims and the Releasing Defendants' Parties'

Claims. Accordingly, the Parties and their respective counsel agree not to assert in any forum that the Action was brought, prosecuted, or defended in bad faith or without a reasonable basis. The Parties and their respective counsel agree that each has complied fully with the strictures of Federal Rule of Civil Procedure 11 in connection with the maintenance, prosecution, defense, and settlement of the Action and shall not make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Action. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties and their respective counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel and with the assistance of the Mediator.

14.3    This Stipulation, along with its exhibits and the Supplemental Agreement, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by counsel for all Parties, or their successors, that are affected by the modification, amendment, or waiver.

14.4    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

14.5    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and any expenses and implementing and enforcing the terms of this Stipulation. The Parties further represent that they agree to accept service of any motion, petition, or complaint, or any other process to enforce the Settlement, through their counsel of record in the Action.

14.6    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

14.7    This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties concerning the Settlement and supersede any and all prior agreements, written or oral, between the Parties.  No representations, warranties or inducements

have been made concerning this Stipulation or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

14.8    Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense or common interest privilege, or work product protection.

14.9    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

14.10   All designations and agreements made, or orders entered during the course of the Action relating to the confidentiality of documents or information shall survive this Stipulation Within thirty (30) days of the final disposition of this Action, all documents produced in this Action and designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

14.11 This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signatures sent by facsimile or via email in PDF format shall be deemed originals.

14.12   This Stipulation shall be binding when signed, but the Settlement shall be effective upon the entry of the Judgment and the payment in full of the Settlement Amount, subject only to the condition that the Effective Date will have occurred.

14.13   This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

14.14   The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of New York without regard to any principles of conflicts of laws, except to the extent that federal law requires that federal law govern.

14.15   This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one

of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

14.16   All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have the full authority to do so on behalf of the applicable Party or Parties, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

14.17   The Parties and their respective counsel agree to cooperate fully with one another in promptly applying for preliminary approval by the Court of the Settlement and for the scheduling of a Settlement Hearing, and to agree promptly upon and execute all such other documentation as reasonably may be required to obtain Final approval by the Court of the Settlement.

14.18   Pending approval of the Court of this Stipulation and its exhibits, all proceedings in the Action shall be stayed and all Settlement Class Members shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendants' Parties.

14.19   If any disputes arise out of the finalization of the settlement documentation or the Settlement itself prior to the application for preliminary approval of the Settlement, as set forth in ¶9.1 above, those disputes will be resolved by the Mediator first by way of expedited telephonic mediation and, if unsuccessful, then by final, binding, non-appealable resolution by the Mediator.

14.20   Except as otherwise provided herein, the Parties shall bear their own costs.

14.21   If any Party is required to give notice to the other parties under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt by hand delivery, electronic mail, or facsimile transmission. Notice shall be provided to the counsel indicated on the signature block below. Notice shall be provided as follows:

If to Lead Plaintiff or Lead Counsel:

LEVI & KORSINSKY, LLP
Shannon L. Hopkins
Gregory M. Potrepka
1111 Summer Street, Suite 403
Stamford, CT  06905
shopkins@zlk.com
gpotrepka@zlk.com


If to Defendants:

SIDLEY AUSTIN LLP
James W. Ducayet
Elizabeth Y. Austin
One South Dearborn
Chicago, IL 60603
Tel: (312) 853-7000
jducayet@sidley.com
laustin@sidley.com

**IN WITNESS WHEREOF**, the Lead Plaintiff and Defendants have caused this Stipulation to be executed, by their duly authorized attorneys, as of April 25, 2025.

**LEVI & KORSINSKY, LLP**

Shannon L. Hopkins (*pro hac vice*)
Gregory M. Potrepka (*pro hac vice*)
Morgan M. Embleton (*pro hac vice*)
David C. Jaynes (*pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Fax: (212) 363-7171
gpotrepka@zlk.com
shopkins@zlk.com
membleton@zlk.com
djaynes@zlk.com

*Lead Counsel for Lead Plaintiff
and the Settlement Class*

**SIDLEY AUSTIN LLP**

*James W. Ducayet*

James W. Ducayet (ARDC No. 6236997)
Elizabeth Y. Austin (ARDC No. 6308514)
One South Dearborn
Chicago, IL 60603
Tel: (312) 853-7000
jducayet@sidley.com
laustin@sidley.com

*Counsel for Defendants*

# Exhibit A

Exhibit A

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOWARD M. RENSIN, TRUSTEE OF THE RENSIN JOINT TRUST, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CELLULAR CORPORATION, LAURENT C. THERIVEL, DOUGLAS W. CHAMBERS, and TELEPHONE AND DATA SYSTEMS, INC.,<br><br>Defendants. | Case No. 1:23-cv-02764-MMR<br><br>CLASS ACTION<br><br>Honorable Mary M. Rowland |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

WHEREAS, Howard M. Rensin, Trustee of the Rensin Joint Trust ("Lead Plaintiff") on behalf of himself and the Settlement Class, and Defendants Laurent C. Therivel ("Therivel"), Douglas W. Chambers ("Chambers," and collectively with Therivel, the "Individual Defendants"), United States Cellular Corporation ("USCellular"), and Telephone And Data Systems, Inc. ("TDS," and together with USCellular the "Companies," and the Companies and the Individual Defendants collectively, the "Defendants"), have entered into the Stipulation of Settlement, dated April 25, 2025 (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Federal Rule of Civil Procedure 23 and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims asserted in the First Amended Class Action Complaint for Violations of the Federal Securities Laws ("Complaint"), filed on September 1, 2023, (the "Settlement"); and the Court having read and

considered the Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this order, and the Parties to the Stipulation having consented to the entry of this order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this ____ day of _____, 2025 that:

1.      Unless defined herein, capitalized terms used herein have the meanings defined in the Stipulation.

2.      The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), taking into account that: (1) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (2) the proposal was negotiated at arm's length; (3) the relief provided for the Settlement Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the class; (iii) the terms of the proposed award of attorneys' fees; and (iv) agreements identified pursuant to Federal Rule of Civil Procedure 23(e)(3); and (4) the proposal treats Settlement Class Members equitably relative to each other, subject to further consideration at the Settlement Hearing described below.

3.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, for the purposes of Settlement only, the Settlement Class consisting of all persons and entities, similarly situated, other than Defendants, who purchased or otherwise acquired securities of TDS between May 6, 2022 and November 3, 2022, inclusive. Excluded from the Settlement Class are the Companies and their subsidiaries and affiliates, and their respective officers and directors at all relevant times, and any of their immediate families, legal representatives, heirs, successors, or assigns, and any entity in which any Defendant has or had a controlling interest. Also excluded from the Settlement Class is any Person who would otherwise

be a Member of the Settlement Class, but who validly and timely has submitted, or submits, a Request for Exclusion in accordance with the requirements set by the Court.

4.      The Court finds and preliminarily concludes that the prerequisites of class action certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied for the Settlement Class defined herein, in that:

(a)      the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b)      there are questions of law and fact common to the Settlement Class Members;

(c)      the claims of Lead Plaintiff are typical of the Settlement Class Members' claims;

(d)      Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e)      the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f)      a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

5.      Pursuant to Federal Rule of Civil Procedure 23, preliminarily and for the purposes of this Settlement only, Lead Plaintiff Howard M. Rensin, Trustee of the Rensin Joint Trust, is certified as the class representative on behalf of the Settlement Class ("Class Representative") and Levi & Korsinsky, LLP is hereby appointed as class counsel for the Settlement Class ("Settlement Class Counsel").

6.       The Settlement Hearing, pursuant to Federal Rule of Civil Procedure 23 is hereby scheduled to be held before the Court on _____, at _____ _.m. for the following purposes:

(a)       to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)       to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, to determine whether the release by the Releasing Plaintiff's Parties of the Releasing Plaintiff's Parties' Claims, as set forth in the Stipulation, should be provided to the Released Defendants' Parties, and whether the release by Defendants of the Released Defendants' Parties' Claims, as set forth in the Stipulation, should be provided to the Released Plaintiff's Parties;

(c)       to determine, for purposes of the Settlement only, whether the Settlement should be finally certified; whether Lead Plaintiff should be finally certified as class representative for the Settlement Class; and whether the law firm of Levi & Korsinsky, LLP should be finally appointed as class counsel for the Settlement Class;

(d)       to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)       to consider Settlement Class Counsel's Fee and Expense Application, inclusive of a Lead Plaintiff Award; and

(f)       to rule upon such other matters as the Court may deem appropriate.

7.       The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or the Fee and Expense Application and awarded attorneys' fees or expenses and the timing of payment. The Court may also adjourn the Settlement Hearing, decide to hold the hearing telephonically or by video conference, or modify any of the dates herein without further individual

notice to members of the Settlement Class. Any such changes shall be posted on the Settlement website by the Claims Administrator.

8.      The Court approves the retention of Strategic Claims Services as the Claims Administrator. TDS shall make reasonable best efforts to provide within fourteen (14) calendar days after the Court enters this Order, at its own cost, lists of TDS common and preferred shareholders of record during the Settlement Class Period, including the names, addresses, and (where available) email addresses of such shareholders, in electronic format, such as Excel, to the extent such lists are reasonably available from TDS' transfer agent, to Lead Counsel or the Claims Administrator.

9.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily approves, as to form and content, the Notice of Pendency of Class Action and Proposed Settlement, Settlement Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), Ex. A-1; the Proof of Claim and Release (the "Claim Form"), Ex. A-2; the "Postcard Notice," Ex. A-3; and the Summary Notice of Pendency of Class Action, Proposed Class Action Settlement, Settlement Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Summary Notice"), Ex. A-4, for publication and distribution, and preliminarily finds that the distribution of the Postcard Notice or a link to the Notice and Claim Form by email (or sending the Postcard Notice by first-class mail in those instances where no email address is available) directing Settlement Class Members to the Settlement website to access the Notice (which shall contain the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, and the date of the Settlement Hearing), and publishing of the Summary Notice meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, 15 U.S.C. § 78u-4(a)(7), and due process, and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

10.      Settlement Class Counsel, through the Claims Administrator, shall supervise and administer the notice procedure as well as the processing of claims, as more fully set forth below:

(a)    Not later than fifteen (15) business days after the entry of this order (the "Notice Date"), the Claims Administrator shall cause the Postcard Notice, substantially in the form annexed hereto (Ex A-3), to be emailed with a link to the Notice and Claim Form (or sent by first-class mail where no e-mail address is available) to all Settlement Class Members who can be identified with reasonable effort, and shall cause the Notice and Proof of Claim, substantially in the forms attached hereto (Exs. A-1, A-2), to be posted on the Settlement website at www.strategicclaims.net/tds/, from which copies of the documents can be downloaded;

(b)    Not later than ten (10) calendar days after the Notice Date, Settlement Class Counsel shall cause to be published a copy of the Summary Notice, substantially in the form annexed hereto (Ex. A-4), and which shall be published in a widely-circulated national wire service;

(c)    At least seven (7) calendar days before the Settlement Hearing, Settlement Class Counsel shall cause to be served on Defendants' Counsel, and file with the Court, proof by affidavit or declaration of such mailing and publication.

11.    The Claims Administrator shall use reasonable efforts to provide the Notice, Proof of Claim, and Postcard Notice to nominee and custodian purchasers, such as brokerage firms.  Such nominees and custodians **SHALL WITHIN SEVEN (7) CALENDAR DAYS OF RECEIPT OF NOTICE EITHER**: (a) provide to the Claims Administrator the name, last known address, and e-mail address of each beneficial owner for whom they are nominee or custodian; or (b) request additional copies of the Postcard Notice from the Claims Administrator sufficient to send to all beneficial owners for whom they are nominee or custodian, which will be provided to nominees or custodians free of charge, and **WITHIN SEVEN (7) DAYS** of receipt, mail or email the Postcard Notice directly to all such persons or entities, or (c) request the link to the Notice and Claim Form from the Claims Administrator (or obtain it by visiting the Settlement website listed herein), and **WITHIN SEVEN (7) DAYS** of receipt, email the link directly to all beneficial owners for whom they are nominee or custodian. If they are available, the emails of the beneficial owners must also be provided to the Claims Administrator. Nominees who elect to follow procedure (b)

or (c) **MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing/e-mailing was made as directed **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of the Postcard Notices/link to the Notice and Claim Form from the Claims Administrator and must keep a record of the names and mailing/e-mailing addresses used. Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed (a) $0.02 per name, mailing address and e-mail address (to the extent available) provided to Claims Administrator; (b) $0.02 per e-mail for e-mailing notice; or (c) $0.02 per postcard, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Postcard Notice, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. All communications concerning the foregoing should be addressed to the Claims Administrator: TDS Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063; email address: info@strategicclaims.net.

12.     In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a)     A properly executed Claim Form, substantially in the form annexed hereto as Exhibit A-2, must be submitted to the Claims Administrator electronically online, at the Settlement website or, at the address indicated in the Notice, postmarked (for U.S. mail) or received by the private carrier (for FedEx, UPS, etc.) no later than _____, 2025, *i.e.*, seven (7) calendar days before the Settlement Hearing. Such deadline may be further extended by Court order. Each Claim Form must include, or each claimant must provide, documentation as specified by the Claims Administrator in its discretion to ascertain the validity and eligibility of such transactions to participate in the Settlement. Each Claim Form shall be deemed to have been submitted (i) when electronically received via the electronic claims submission process described in the Claim Form on the Settlement website; or (ii) when postmarked (for U.S. mail, if properly

addressed and mailed by first-class or overnight mail, postage prepaid) or received by the private carrier (for FedEx, UPS, etc.). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Postcard Notice. Any Settlement Class Member who does not timely submit a Claim Form within the time provided for (unless in Lead Counsel's discretion there is good cause therefor) or who does not supply sufficient documentation shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by ¶13 of this order.

(b)     The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein and establish membership in the Settlement Class, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Settlement Class Counsel; (iii) if the Person or entity executing the Claim Form is acting in a representative capacity, a certification of their current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Claim Form, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

13.     Settlement Class Members shall be bound by all orders, determinations and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Any Settlement Class Member who wishes to request exclusion from the Settlement

Class must submit the request in written form by mail or email to the address designated in the Notice for such exclusions, such that it is must be postmarked (for U.S. mail) or received by the private carrier (for FedEx. UPS, etc.), or emailed, no later than twenty-one (21) calendar days prior to the Settlement Hearing. As reflected in the Notice, such request for exclusion must (a) state the name, mailing address, telephone number, and e-mail address of the person or entity seeking exclusion, (b) state that the sender "requests to be excluded from the Settlement Class in *Howard M. Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, Case No. 1:23-cv-02764 (N.D. Ill.)" and must be signed by the person requesting exclusion or their authorized representative, and (c) state the number of shares of TDS common and/or preferred stock purchased, acquired, and/or sold between May 6, 2022 and February 1, 2023, inclusive, as well as the date and price of each purchase, acquisition, and sale. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Group opt-outs, including "mass" or "class" opt-outs, are not permitted. Any Settlement Class Member who does not submit a timely written Request for Exclusion will be bound by all proceedings, orders, and judgments in the Action, whether or not he, she, or it timely submits a Proof of Claim and Release.

14.     Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and the Notice. Upon receiving any Request for Exclusion, Lead Counsel shall promptly, and in no event no later than seven (7) calendar days after receiving a Request for Exclusion, notify Defendants' Counsel of such request for exclusion and provide copies of such Request for Exclusion and any documentation accompanying it by email.

15.     The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, or the Fee and Expense Application only if such Settlement Class Member has served his, her or its written objection and supporting papers, such that they are postmarked (for U.S. mail), received by the private carrier (for FedEx, UPS, etc.), or emailed, at least twenty-one (21) calendar days before the Settlement Hearing, upon the following counsel of

record: Shannon L. Hopkins and Gregory M. Potrepka of LEVI & KORSINSKY, LLP, 1111 Summer Street, Suite 403, Stamford, CT 06905; James W. Ducayet and Elizabeth Y. Austin of SIDLEY AUSTIN LLP, One South Dearborn, Chicago, IL 60603; and, at least twenty-one (21) calendar days before the Settlement Hearing, has filed, either by mail or in person, said objections and supporting papers with the Clerk, United States District Court, Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. Any objection to the Settlement, the Plan of Allocation, or the Fee and Expense Application must provide: (i) clear identification of the case name and number, *Howard M. Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, Case No. 1:23-cv-02764 (N.D. Ill.); (ii) the full name, mailing address, phone number, and e-mail address of the Person or entity objecting; (iii) documentation of all purchases, acquisitions, and sales of TDS securities during the Settlement Class Period (as defined in the Notice) to establish that the investor is, in fact, a Settlement Class Member; and (iv) a written statement of the objection and all grounds supporting it, including any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention. An objection is valid only if it is personally signed by the Settlement Class Member and otherwise complies with all the requirements set forth in this Preliminary Approval Order and the Notice. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Paragraph shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the Fee and Expense Application, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

16. Persons who have filed a timely objection to the Settlement, Plan of Allocation, or Fee and Expense Application and wish to appear at the Settlement Hearing are required to file with the Court a Notice of Intention to Appear with their written objection, and shall serve the Notice of Intention to Appear upon Settlement Class Counsel and Defendants' Counsel simultaneously with service of their written objection and all supporting papers. Persons intending to appear at the Settlement Hearing through counsel must state the identity of all attorneys who will appear at the

Settlement Hearing in their Notice of Intention to Appear. Persons who intend to object to the Settlement, the Plan of Allocation, or the Fee and Expense Application and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

17.     Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

18.     Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts the Releasing Plaintiff's Parties' Claims against the Released Defendants' Parties.

19.     As provided in the Stipulation, prior to the Effective Date, Settlement Class Counsel may pay the Claims Administrator reasonable Notice and Administration Expenses not to exceed $200,000 without further approval from the Court.

20.     All papers in support of the Settlement, the Plan of Allocation, and the Fee and Expense Application shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

21.     All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed or returned pursuant to the Stipulation or further order of the Court.

22.     Neither Defendants nor their counsel shall have any responsibility for the allocation of the Settlement, the Plan of Allocation, or any Fee and Expense Application submitted by Settlement Class Counsel or Lead Plaintiff, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

23.     If the Settlement fails to become Effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order, shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action immediately prior to March 11, 2025.

24.     Pending final determination of whether the Settlement should be approved, all proceedings in the Action are stayed pending further order of the Court.

25.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this _____ day of _____, 2025.

BY THE COURT:

_____
HONORABLE MARY M. ROWLAND
UNITED STATES DISTRICT JUDGE

# Exhibit A-1

Exhibit A-1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HOWARD M. RENSIN, TRUSTEE OF THE RENSIN JOINT TRUST, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:23-cv-02764 |
| Plaintiff, | Hon. Mary M. Rowland |
| v. | |
| UNITED STATES CELLULAR CORPORATION, LAURENT C. THERIVEL, DOUGLAS W. CHAMBERS, and TELEPHONE AND DATA SYSTEMS, INC., | |
| Defendants. | |

**NOTICE OF PENDENCY OF CLASS ACTION**
**AND PROPOSED SETTLEMENT, SETTLEMENT HEARING AND MOTION FOR**
**ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**IF YOU PURCHASED OR OTHERWISE ACQUIRED TELEPHONE AND DATA SYSTEMS, INC. ("TDS") SECURITIES, INCLUDING COMMON OR PREFERRED STOCK OF TDS, BETWEEN MAY 6, 2022 AND NOVEMBER 3, 2022, INCLUSIVE (THE "SETTLEMENT CLASS PERIOD"), YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

**IF YOU ARE A SETTLEMENT CLASS MEMBER, YOUR LEGAL RIGHTS WILL BE AFFECTED BY THIS SETTLEMENT WHETHER YOU ACT OR DO NOT ACT. PLEASE READ THIS NOTICE CAREFULLY.**

- **Purpose of Notice:** The purpose of this Notice[1] is to inform you of the pendency of this securities class action (the "Action"), the proposed settlement of the Action (the "Settlement"), and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement to Settlement Class Members (the "Plan of Allocation") should be approved; and (iii) whether Lead Counsel's Fee and Expense Application should approved. This Notice describes important rights you may have and what steps you must take if you wish

---

[1] All capitalized terms not otherwise defined in this Notice shall have the same meaning provided in the Stipulation of Settlement, dated April 25, 2025 (the "Stipulation").

Questions? Call (866) 274-4004 (toll free) or visit www.strategicclaims.net/tds/

to participate in the Settlement, object, or be excluded from the Settlement Class. The Court may change the date of the Settlement Hearing, or hold it telephonically or via videoconference, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

- **Summary of Released Claims:** The Settlement resolves, *inter alia,* claims by the Court-appointed Lead Plaintiff Howard M. Rensin, Trustee of the Rensin Joint Trust ("Lead Plaintiff"), individually and on behalf of the other members of the Settlement Class against Defendants United States Cellular Corporation ("UScellular" or "USM"), Laurent C. Therivel, Douglas W. Chambers, and Telephone and Data Systems, Inc. ("TDS," and with USM, the "Companies"), for alleged violations of federal securities laws by allegedly making misrepresentations and/or omissions of material fact between May 6, 2022 and November 3, 2022, both dates inclusive. *See* Question 9 below for details.

- **Statement of Class Recovery:** Subject to Court approval, Lead Plaintiff, on behalf of the Settlement Class, has agreed to settle the Action in exchange for a payment of $7,750,000 (the "Settlement Amount"), which will be deposited into an Escrow Account and may earn interest (the "Settlement Fund"). The Net Settlement Fund (as defined in the answer to Question 6 below) will be distributed to Settlement Class Members according to the Court-approved plan of allocation. The proposed Plan of Allocation is set forth on pages __-__ below.

- **Estimate of Average Recovery Per Share:** Pursuant to the Plan of Allocation, Lead Plaintiff and Lead Counsel estimate that if all affected TDS common or preferred stock elect to participate in the Settlement, the average recovery per share could be approximately $0.50 for TDS common stock, $0.11 for TDS Series UU preferred stock, and $0.10 for TDS Series VV preferred stock, before deduction of any fees, expenses, costs, and awards described herein. This is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their TDS common or preferred stock, whether they sold their TDS common or preferred stock and the total number of valid Claim Forms submitted and the value of those claims. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages __-__ below) or such other plan of allocation as may be ordered by the Court.

- **Statement of Potential Outcome if Litigation Continued:** The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiff were to prevail on each claim asserted against Defendants. For example, the Parties disagree on (i) whether Defendants made any statements or omitted any facts that were materially false or misleading; (ii) whether any such allegedly materially false or misleading statements or omissions were made with the requisite level of intent or recklessness; (iii) the amounts by which the prices of TDS common or preferred stock were allegedly artificially inflated during the Settlement Class Period; (iv) the extent to which factors such as general market, economic and industry conditions, influenced the trading prices of TDS common or preferred stock during the Settlement Class Period; and (v) whether or not the allegedly false and misleading statements proximately caused the losses suffered by the Settlement Class.

- **Reasons for Settlement:** Lead Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the costs, risks or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. Moreover, the recoverability of any judgment would be uncertain. The Settlement was entered into after mediation and subsequent negotiations. Without admitting any wrongdoing or liability on their part whatsoever, Defendants are willing to settle to avoid the continuing burden, expense, inconvenience and distraction to Defendants in this Action to avoid the costs, delay, and risks of continuing the Action.

- **Attorneys' Fees and Expenses:** Lead Counsel have not received any payment for their services in conducting this litigation on behalf of Lead Plaintiff and the members of the Settlement Class, nor have they been reimbursed for their out-of-pocket litigation expenditures. If the Settlement is approved by the Court, Lead Counsel will apply to the Court for attorneys' fees not to exceed one-third of the Settlement Amount and any interest accrued thereon, and reimbursement of expenses not to exceed $350,000, and any interest accrued thereon. In addition, Lead Counsel's Fee and Expense Application may seek an award for the time and expenses incurred by the Lead Plaintiff, not to exceed $20,000. If the Court approves Lead Counsel's Fee and Expense Application, including deduction of estimated attorneys' fees and expenses and any award for Lead Plaintiff, Lead Plaintiff and Lead Counsel estimate that if all affected TDS common or preferred stock elect to participate in the Settlement, the average amount of fees and expenses per common share could be approximately $0.19.

- **Identification of Attorneys' Representatives:** Requests for further information regarding the Action, this Notice or the Settlement, can be directed to either the Claims Administrator or these representatives of Lead Counsel: Shannon L. Hopkins or Gregory M. Potrepka, Levi & Korsinsky, LLP, 1111 Summer Street, Suite 403, Stamford, CT 06905, (203) 992-4523, shopkins@zlk.com or gpotrepka@zlk.com. **Please Do Not Call the Court with Questions About the Settlement.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2025** | The *only* way to get a payment. *See* Question 7 below for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY _____, 2025** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against the Defendants or the other Released Defendants' Parties concerning the Releasing Plaintiff's Parties' Claims. *See* Question 10 below for details. |

| **OBJECT BY _____, 2025** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, or the attorneys' fee and expense application. If you object, you will still be a member of the Settlement Class. *See* Question 14 below for details. |
|---|---|
| **GO TO A HEARING ON _____, 2025 AND FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2025** | Settlement Class Members may be permitted to appear and speak to the Court if they submit a written objection. *See* Question 18 below for details. |
| **DO NOTHING** | Get no payment AND give up your rights to bring your own individual action. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1.       Why did I get this Notice?

You or someone in your family, or an investment account for which you serve as a custodian, might have purchased or otherwise acquired TDS securities between May 6, 2022 and November 3, 2022, inclusive, and might be a Settlement Class Member. This Notice explains the Action, the Settlement, the Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them. Receipt of this Notice does not necessarily mean that you are a Settlement Class Member or that you will be entitled to receive a payment. **If you wish to be eligible for a payment, you must submit the Claim Form that is available at www.strategicclaims.net/tds/ (the "Settlement website").** *See* **Question 7 below.**

The Court directed that this Notice be made publicly available on this website to inform Settlement Class Members of the terms of the proposed Settlement and about all of their options before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's Fee and Expense Application (the "Settlement Hearing").

The Court in charge of the Action is the United States District Court for the Northern District of Illinois, and the case is known as *Howard M. Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, Case No. 1:23-cv-02764. The Action is assigned to United States District Court Judge Mary M. Rowland.

**2.** **What is this case about and what has happened so far?**

Telephone and Data Systems, Inc. is a public corporation whose common and preferred stock trade on the New York Stock Exchange under the symbols TDS, TDSPrU, and TDSPrV. TDS is the majority shareholder of another public corporation, United States Cellular Corporation.

Lead Plaintiff alleges the Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Securities and Exchange Commission Rule 10b-5 by making materially false and misleading statements and failing to disclose material facts regarding USM's operations during quarterly earnings calls and other public statements. In particular, Lead Plaintiff alleges that, between May 6, 2022 and November 3, 2022, inclusive, Defendants made materially false and misleading statements concerning USM's expense discipline with respect to promotions, the timeline for benefits from USM's promotions, USM's subscriber churn, and declines in in-store traffic. Lead Plaintiff alleges these misstatements and omissions damaged investors who acquired TDS common and preferred stock during the Settlement Class Period at artificially inflated prices.

On May 2, 2023, Lead Plaintiff filed an initial class action complaint in the United States District Court for the Northern District of Illinois, asserting claims under the federal securities laws against TDS, USM, and certain of their officers and directors.

On July 11, 2023, the Court appointed the Rensin Joint Trust as lead plaintiff. On September 1, 2023, after further investigation, Lead Plaintiff filed the operative First Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"), individually and on behalf of all persons and entities that purchased or otherwise acquired TDS publicly traded securities between May 6, 2022 and November 3, 2022, inclusive, alleging claims for violations of Sections 10(b) and 20(a) of the Exchange Act.

On October 16, 2023, Defendants moved to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(6) and 9(b), which Lead Plaintiff opposed.

On November 1, 2024, the Court issued a Memorandum Opinion and Order denying in part and granting in part the Defendants' motion to dismiss the FAC.

On February 4, 2025, the Parties attended a full-day, in-person mediation session presided over by Michelle Yoshida, Esq., a well-respected and highly experienced mediator of Phillips ADR Enterprises. Prior to the mediation session, the Parties submitted to the mediator, and exchanged with each other, voluminous briefing and exhibits concerning the Parties' respective views as to disputed issues, including liability, causation, and damages. The mediation was unsuccessful. However, the Parties continued to negotiate a possible settlement through Ms. Yoshida over the next several weeks. On February 26, 2025, Ms. Yoshida issued a double-blind mediator's recommendation to resolve the claims in the Action, which all Parties subsequently accepted.

Lead Counsel represents that they conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action. This process included reviewing and analyzing: (i) TDS' and USM's public filings with the SEC; (ii)

publicly available information, including press releases, news articles, interview transcripts, and other public statements issued by or concerning Defendants; (iii) reports of securities and financial analysts concerning TDS and USM and the industries in which they operate; (iv) interviews with individuals who are former employees of USM; (v) retention of loss causation and damages experts; (vi) review of more than 6,300 pages of documents received from Defendants and third parties in discovery; and (vii) the applicable law governing the claims and potential defenses.

**3.      Why is this a class action?**

In a class action, one or more persons or entities (in this case, Lead Plaintiff), sues on behalf of people and entities who or which have similar claims.  Together, these people and entities are a "class," and each is a "class member."  Bringing a case, such as this one, as a class action allows the adjudication of many similar claims of persons and entities who or which might be too small to bring economically as separate actions.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

**4.      Why is there a Settlement?**

Lead Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit. However, Lead Plaintiff and Lead Counsel recognize the expense and length of continued proceedings necessary to pursue the claims through trial and appeals, as well as the difficulties in establishing liability and damages. Initially, there is no assurance Lead Plaintiff's Complaint would survive Defendants' motions before trial. For example, Defendants have and would likely continue to challenge whether any of the statements in question were false and misleading, and whether they caused Lead Plaintiff's and the Settlement Class' losses.  Discovery may not have produced the evidence needed to support Lead Plaintiff's and the Settlement Class' claims against the Defendants, and Lead Plaintiff expected that Defendants would argue on summary judgment and at trial that the alleged false statements were not misleading, and that the decline in TDS common and preferred stock was not caused by Defendants' statements but by operational results or market factors.  Lead Plaintiff expected that the litigation could continue for a lengthy period of time and that, even if Lead Plaintiff succeeded in convincing a jury that Defendants were liable, Defendants would file appeals that would postpone final resolution of the Action for years. In agreeing to the Settlement, Lead Plaintiff considered the likely expense and length of continued proceedings necessary to pursue his and the Settlement Class' claims against the Defendants through continued discovery, trial, and appeals.

The Parties disagree on both liability and damages, and do not agree on the average amount of damages per share, if any, that would be recoverable if Lead Plaintiff and the Settlement Class were to prevail on each claim alleged against the Defendants. And while continuation of the Action against Defendants potentially could result in a judgment greater than the Settlement, there is also the risk that continuing the Action could result in no recovery at all or a recovery that is less than the amount of the Settlement; that any judgment would be more than Defendants could pay; and whether a judgment could be enforced timely, or at all.  The Settlement provides a guaranteed and immediate cash recovery to the Settlement Class.  In light of the risks, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

The Defendants have denied and continue to deny any allegations of wrongdoing, that the Settlement Class Members suffered damages, or that the prices of TDS common or preferred stock were artificially inflated. The Settlement should not be seen as an admission or concession on the part of the Defendants. However, the Defendants also recognize the uncertainty and risks inherent in any litigation, especially a complex case such as this. The Defendants have concluded that further conduct of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation of Settlement.

**5.     How do I know if I am part of the Settlement?**

Everyone who fits the following description is a Settlement Class Member and subject to the Settlement: all persons and entities similarly situated, other than Defendants, who purchased or otherwise acquired securities of TDS between May 6, 2022 and November 3, 2022, inclusive. Excluded from the Settlement Class are the Companies and their subsidiaries and affiliates, and their respective officers and directors at all relevant times, and any of their immediate families, legal representatives, heirs, successors, or assigns, and any entity in which any Defendant has or had a controlling interest. Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class, but who validly and timely has submitted, or submits, a Request for Exclusion in accordance with the requirements set by the Court.

Receipt of this Notice does not mean that you are a Settlement Class Member. Please check your records or contact your broker to see if you are a member of the Settlement Class. You are a Settlement Class Member only if you individually (and not a fund you own) meet the Settlement Class definition.

**THE SETTLEMENT BENEFITS**

**6.     What does the Settlement provide?**

In exchange for the Settlement and the release of the Releasing Plaintiff's Parties' Claims against the Released Defendants' Parties, the Defendants have agreed to fund $7,750,000 cash into an interest-bearing Escrow Account to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, any award to Lead Plaintiff, Notice and Administration Costs, Taxes and Tax Expenses, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Settlement Class Members who submit valid Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

**7.     How can I receive a payment?**

To qualify for a payment, you must submit a timely and valid Claim Form. You can obtain a Claim Form from the Settlement website: www.strategicclaims.net/tds/. You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (866) 274-4004. Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail, e-mail, or submit it electronically through www.strategicclaims.net/tds/ to the Claims Administrator so that it is **postmarked (for U.S. mail), received by the private carrier (FedEx, UPS, etc.), emailed, or submitted through the Settlement website no later than 11:59 p.m. ET on _____, 2025.**

**8.     When will I receive my payment?**

The Court will hold a Settlement Hearing on _____, **2025** to decide, among other things, whether to finally approve the Settlement.  Even if the Court approves the Settlement, there may be appeals, which can take time to resolve, perhaps more than a year.  It also takes a long time for all of the Claim Forms to be accurately reviewed and processed.  Please be patient.

**9.     What am I giving up to receive a payment or stay in the Settlement Class?**

If you are a member of the Settlement Class, unless you exclude yourself, you will remain in the Settlement Class.  That means that upon the "Effective Date" of the Settlement, you will release all "Releasing Plaintiff's Parties' Claims" against the "Released Defendants' Parties" (as defined below).  Unless you exclude yourself, you will remain in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the Releasing Plaintiff's Parties' Claims.  It also means that all of the Court's orders will apply to you and legally bind you.

**"Releasing Plaintiff's Parties"** means Lead Plaintiff and the other members of the Settlement Class, together with their successors, assigns, executors, heirs, administrators, representatives, attorneys, and agents, in their capacities as such (each of the foregoing, a "Releasing Plaintiff's Party"). Releasing Plaintiff's Parties do not include any Person who timely and validly seeks exclusion from the Settlement Class pursuant to a Request for Exclusion. *See* Question 10 below for details.

**"Releasing Plaintiff's Parties' Claims"** means all claims, actions, causes of action, demands, losses, rights, duties, obligations, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities of every nature and description, whether known or Unknown Claims, as defined below, whether arising under federal, state, common or foreign law, that Lead Plaintiff, any other member of the Settlement Class, or any other Releasing Plaintiff's Party: (i) asserted in any complaint filed in the Action, or (ii) could have asserted in any forum that arise out of, are based on, or relate in any way to, directly or indirectly, any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in the Action, or which could have been alleged in the Action, and which arise out of, are based upon, or relate in any way, directly or indirectly, to the purchase, acquisition or sale of TDS securities by any members of the Settlement Class during the Settlement Class Period. Releasing Plaintiff's Parties' Claims shall not include (i) any claims relating to the enforcement of the Settlement; (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; and (iii) all claims asserted on behalf of the Companies in derivative actions pending as of the date of the Stipulation, namely *Katz v. Butman*, *et al.*, Case No. 2024-CH-05731 (Illinois Circuit Court of Cook County); *O'Conner v. Therivel*, *et al.*, Case No. 2024-CH-01109 (Illinois Circuit Court of Cook County); and *McMillan v. Carlson*, *et al.*, Case No. 1:25-cv-02286 (N.D. Ill.).

**"Released Plaintiff's Parties"** means (i) Lead Plaintiff, all Settlement Class members, any other plaintiffs in the Action and their counsel, and Lead Plaintiff's Counsel (as defined in the Stipulation), and (ii) each of their respective immediate family members, and their respective

partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, investigators, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, all in their capacities as such.

"**Releasing Defendants' Parties' Claims**" means all claims and causes of action of every nature and description, whether known or Unknown Claims, as defined below, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Releasing Defendants' Parties' Claims shall not include any claims relating to the enforcement of the Settlement.

"**Released Defendants' Parties**" means (i) each Defendant; (ii) the family members of the Individual Defendants; (iii) direct or indirect parent entities, direct and indirect subsidiaries, related entities, and all affiliates of the Companies; (iv) any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or his or her family members; (v) for any of the persons or entities listed in parts (i) through (iv), as applicable, their respective past, present, and future general partners, limited partners, principals, shareholders, joint venturers, officers, directors (including board chairs), managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, reinsurers, indemnitors, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, estates, and any controlling person thereof; and (vi) any entity in which a Defendant has a controlling interest; all in their capacities as such.

"**Unknown Claims**" means and includes any and all Releasing Plaintiff's Parties' Claims that the Releasing Plaintiff's Parties do not know or suspect to exist in his, her or its favor at the time of the release, and any Released Defendants' Claims (as defined in the Stipulation) that the Released Defendants' Parties do not know or suspect to exist in his, her or its favor at the time of the release. This includes claims which, if known, might have affected the Settlement and Releasing Plaintiff's Parties' Claims and Released Defendants' Claims, including the decision to object or not to object to this Settlement. The Parties expressly acknowledge and have expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is, or is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> *A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.*

The release of "Unknown Claims" was separately bargained for and was a material element of the Settlement.

Upon the Effective Date of the Settlement, the Lead Plaintiff shall dismiss the Action with prejudice, and the Releasing Plaintiff's Parties will release as against Released Defendants' Parties the Releasing Plaintiff's Parties' Claims, and shall be deemed by operation of the Judgment to have

fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Releasing Plaintiff's Parties' Claims against each and every one of the Released Defendants' Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Releasing Plaintiff's Parties' Claims against any and all of the Released Defendants' Parties, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release form, and whether or not such Settlement Class Member shares or seeks to share in the Settlement Fund. Upon the Effective Date, and as a material condition of the dismissal with prejudice of the Action, the Defendants will release as against Released Plaintiff's Parties the Releasing Defendants' Parties' Claims, and shall be deemed by operation of the Judgment to have fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Releasing Defendants' Parties' Claims against each and every one of the Released Plaintiff's Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Releasing Defendants' Parties' Claims against any and all of the Released Plaintiff's Parties.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want to be part of the Settlement but you want to keep any right you may have to sue or continue to sue the Released Defendants' Parties on your own about the Releasing Plaintiff's Parties' Claims, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out." **Please note: if you bring your own claims, Defendants will have the right to seek their dismissal, including because the suit is not filed within the applicable time periods required for filing suit. Also, the Defendants may terminate the Settlement if Settlement Class Members who purchased in excess of a certain amount of TDS common stock seek exclusion from the Settlement Class.**

**10.    How do I exclude myself from the Settlement Class?**

To exclude yourself from the Settlement Class, you must mail a signed letter stating that you "request to be excluded from the Settlement Class in *Howard M. Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, Case No. 1:23-cv-02764 (N.D. Ill.)". You cannot exclude yourself by telephone. Group opt-outs, including "mass" or "class" opt-outs, are not permitted. Each Request for Exclusion must also: (i) state the name, address, phone number and email address of the person or entity requesting exclusion and be signed by the person requesting exclusion or their authorized representative; (ii) state the number of shares of TDS common and/or preferred stock purchased, acquired, and/or sold between May 6, 2022 and February 1, 2023, inclusive, as well as the dates and prices of each such purchase, acquisition, and sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion must be postmarked (for U.S. mail) or received by the private carrier (for FedEx. UPS, etc.), or emailed, **no later than _____, 2025,** to:

TDS Securities Litigation, c/o Strategic Claims Services
P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063
Email:  info@strategicclaims.net

**Your exclusion request must comply with these requirements in order to be valid, unless it is otherwise accepted by the Court.**

If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because you will not be a Settlement Class Member. However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) the Defendants and the other Released Defendants' Parties in the future, assuming your claims are timely. If you have a pending lawsuit against any of the Released Defendants' Parties, **please speak to your lawyer in that case immediately**. Lead Counsel cannot provide you legal advice concerning any other Action.

**11.    If I do not exclude myself, can I sue the Defendants and the other Released Defendants' Parties for the same thing later?**

No. Unless you properly exclude yourself, you will give up any rights to sue the Defendants and the other Released Defendants' Parties for any and all Releasing Plaintiff's Parties' Claims.

## THE LAWYERS REPRESENTING YOU

**12.    Do I have a lawyer in this case?**

The Court appointed the law firm of Levi & Korsinsky, LLP to serve as Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

**13.    How will the lawyers be paid?**

You will not be separately charged for these lawyers. The Court will determine the amount of Lead Counsel's fees and expenses, which will be paid from the Settlement Fund. To date, Lead Counsel have not received any payment for their services in pursuing the claims against Defendants on behalf of the Settlement Class, nor have they been paid for their litigation expenses. Lead Counsel will ask the Court to award attorneys' fees of no more than one-third of the Settlement Fund, including accrued interest, and reimbursement of litigation expenses of no more than $350,000 plus accrued interest. Lead Plaintiff may also request an award of up to $20,000 to reimburse his reasonable time, costs and expenses in representing the Settlement Class.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

**14.    How do I tell the Court that I do not like something about the proposed Settlement?**

If you are a Settlement Class Member, you may object to the Settlement or any of its terms, the proposed Plan of Allocation, the application for attorneys' fees and expenses, or any application of an award to Lead Plaintiff. You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be made, and the lawsuit will continue.

Any objection to the proposed Settlement, Plan of Allocation, application for attorneys' fees and expenses, or award to Lead Plaintiff must be in writing. If you file a timely written

objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. To object, you must send to Lead Counsel and the Defendants' Counsel, and file with the Court, a signed notice of objection saying that you object to the proposed Settlement. All written objections and supporting papers must (a) clearly identify the case name and number, *Howard M. Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, Case No. 1:23-cv-02764 (N.D. Ill); (b) include the full name, mailing address, phone number and email address of the objecting Settlement Class Member and be signed by the Settlement Class Member; (c) include a list of all of the Settlement Class Member's Settlement Class Period transactions in TDS common or preferred stock; and (d) include a written statement of all grounds for the objection, including any legal and evidentiary support (including any witnesses) you wish to bring to the Court's attention. Your objection, and all supporting papers and briefs, must be postmarked (for U.S. mail) or received by the private carrier (for FedEx. UPS, etc.), or emailed, **no later than _____, 2025, to the following**:

**Court:**

Clerk of the Court
United States District Court, Northern District of Illinois
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

**Lead Counsel:**

LEVI & KORSINSKY, LLP
Shannon L. Hopkins
Gregory M. Potrepka
1111 Summer Street, Suite 403
Stamford, CT 06905
(203) 992-4523
shopkins@zlk.com
gpotrepka@zlk.com

**Defendants' Counsel:**

SIDLEY AUSTIN LLP
James W. Ducayet
Elizabeth Y. Austin
One South Dearborn
Chicago, IL 60603
(312) 853-7000
jducayet@sidley.com
laustin@sidley.com

**15.**     <u>**What is the difference between objecting and seeking exclusion?**</u>

Objecting is telling the Court that you do not like something about the proposed Settlement or Lead Counsel's fee and expense application. You may object and yet still recover money from the Settlement *if* you timely submit a valid Claim Form and the Settlement is approved. You may object *only* if you remain part of the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself from the Settlement Class, you will lose standing to object because the Settlement will no longer affect you.

<u>**THE SETTLEMENT HEARING**</u>

**16.**     <u>**When and where will the Court decide whether to approve the proposed Settlement?**</u>

The Court will hold the Settlement Hearing on _____, **2025 at** \_\_\_\_ **.m.,** at the Everett McKinley Dirksen United States Courthouse, Courtroom 1225, 219 South Dearborn Street, Chicago, IL 60604, or via remote means that the Court may specify. At this hearing, the Court will consider, whether: (i) the Settlement is fair, reasonable, and adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable and should be approved; and (iii) Lead Counsel's application for attorneys' fees and expenses and a Lead Plaintiff Award are reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above. We do not know how long it will take the Court to make these decisions.

You should be aware that the Court may change the date and time of the Settlement Hearing, or hold the hearing remotely, without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date or time has not changed, periodically check the Settlement website at www.strategicclaims.net/tds/, or periodically check the Court's website at https://www.ilnd.uscourts.gov/daily-calendar.aspx to see if the Settlement Hearing stays as calendared or is changed. The Court's docket is also available on the PACER service at https://www.pacer.gov.

**17.**     <u>**Do I have to come to the Settlement Hearing?**</u>

No. Lead Counsel will answer any questions the Court may have. But you are welcome to attend at your own expense. If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it. You may have your own lawyer attend (at your own expense), but it is not required. If you do hire your own lawyer, he or she must file and serve a Notice of Intention to Appear in the manner described in the answer to Question 18 below **no later than** _____, **2025.**

**18.**     <u>**May I speak at the Settlement Hearing?**</u>

If you have submitted a timely objection and have not excluded yourself from the Settlement, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you or your attorney must include with your objection (see Question 14), **no later than** _____ \_\_, **2025,** a Notice of Intention to Appear in "*Howard M. Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, Case No. 1:23-cv-02764". Persons who intend to

present evidence at the Settlement Hearing must also include in their objections the identities of any witnesses that they may wish to call to testify and any exhibits they intend to introduce into evidence at the hearing. You may not speak at the Settlement Hearing if you exclude yourself or if you have not provided written notice in accordance with the procedures described in this Question 18 and Question 14 above.

## IF YOU DO NOTHING

**19.     What happens if I do nothing at all?**

If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against the Defendants and the other Released Defendants' Parties concerning the Releasing Plaintiff's Parties' Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 7 above).  To start, continue, or be part of any other lawsuit against the Defendants and the other Released Defendants' Parties concerning the Releasing Plaintiff's Parties' Claims in this case, to the extent it is otherwise permissible to do so, you must exclude yourself from the Settlement Class (*see* Question 10 above).

## GETTING MORE INFORMATION

**20.     Are there more details about the Settlement?**

This Notice summarizes the proposed Settlement.  More details are in the Stipulation, Lead Counsel's motions in support of final approval of the Settlement, the request for attorneys' fees and litigation expenses, and approval of the proposed Plan of Allocation which will be filed with the Court no later than _____, 2025 and will be available from Lead Counsel, the Claims Administrator, or the Court, pursuant to the instructions below.

You may review the Stipulation or documents filed in the case at the Office of the Clerk of the Court, United States District Court, Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, on weekdays (other than court holidays) between 9:00 a.m. and 4:00 p.m.  Subscribers to PACER can also view the papers filed publicly in the Action at https://www.pacer.gov.

You can also get a copy of the Stipulation and other case documents by visiting the website dedicated to the Settlement, www.strategicclaims.net/tds/, calling the Claims Administrator toll free at (866) 274-4004, emailing the Claims Administrator at info@strategicclaims.net or writing to the Claims Administrator at TDS Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063.

**Please do not call the Court with questions about the Settlement.**

### PLAN OF ALLOCATION OF NET SETTLEMENT FUND

**21.     How will my claim be calculated?**

As discussed above, the Settlement provides $7,750,000.00 in cash for the benefit of the Settlement Class.  The Settlement Amount and any interest it earns constitute the "Settlement Fund."  The Settlement Fund less any Taxes and Tax Expenses, any Court-awarded attorneys' fees and litigation expenses, any Lead Plaintiff Award approved by the Court, and Notice and Administration Expenses is the "Net Settlement Fund."  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants—*i.e.*, Settlement Class Members who timely submit valid Claim Forms that are accepted for payment by the Court—in accordance with this proposed Plan of Allocation or such other plan of allocation as the Court may approve.  Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund but will otherwise be bound by the Settlement.  The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website, www.strategicclaims.net/tds/.

The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Settlement Class Members who suffered alleged economic losses as a proximate result of the Defendants' alleged wrongdoing.  The Plan of Allocation is not a formal damages analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Settlements Class Members might have been able to recover after a trial.  Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement.  The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as calculated pursuant to the formula set forth below ("Recognized Loss").  Please Note: The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount of what a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* share").

Payment in this manner shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

The Plan of Allocation takes into consideration the limitation on damages provision of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §78u-4(e), which incorporates a 90-day lookback period,[2] and the principles of economic loss articulated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). The Plan of Allocation also takes into account Lead Counsel's assessment of the strengths and weaknesses of the various claims and defenses.

The Plan of Allocation was created with the assistance of a consulting damages expert which, based on the assumptions provided by Lead Counsel, estimated the artificial inflation in the prices of TDS common and preferred stock related to the misrepresentations and omissions alleged in this Action. The computation of the estimated alleged artificial inflation in the prices of TDS common and preferred stock is consistent with the claims set forth in the operative complaint in this Action and the price changes in the shares, net of market-wide and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiff, and market data.

**The Basis for Calculating Your Recognized Loss Per Share for TDS Common Stock**

The Recognized Loss for each share of publicly traded or publicly listed TDS common stock purchased or otherwise acquired between May 6, 2022, and November 3, 2022, inclusive, will be calculated as follows:

I.   Sold prior to November 4, 2022, the Recognized Loss shall be zero.

II.  Sold on or after November 4, 2022 through February 1, 2023, inclusive, the Recognized Loss for each such share shall be the least of (but not less than zero):

  a.   $4.40;

  b.   The purchase price less the sales price; and

  c.   The purchase price less the PSLRA price on the date of sale as set forth in Table 1 below.

---

[2] Pursuant to 15 U.S.C. §78u-4(e) (§21D(e)(1) of the Exchange Act), "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss amounts are reduced to an appropriate extent by taking into account the closing prices of TDS common or preferred stock during the "90-day lookback period," which for the purposes of the Plan of Allocation is deemed to be November 4, 2022 (the day following the alleged corrective disclosure in the operative Complaint) through February 1, 2023.

III.    Still held as of the close of trading on February 1, 2023, the Recognized Loss for each such share shall be the lesser of (but not less than zero):

      a.    $4.40; or

      b.    The purchase price less $11.10.

### The Basis for Calculating Your Recognized Loss Per Share for TDS Series UU Preferred Stock

The Recognized Loss for each share of publicly traded or publicly listed TDS Series UU preferred stock purchased or otherwise acquired between May 6, 2022, and November 3, 2022, inclusive, will be calculated as follows:

I.    Sold prior to November 4, 2022, the Recognized Loss shall be zero.

II.    Sold on or after November 4, 2022 through February 1, 2023, inclusive, the Recognized Loss for each such share shall be the least of (but not less than zero):

      a.    $0.95;

      b.    The purchase price less the sales price; or

      c.    The purchase price less the PSLRA price on the date of sale as set forth in Table 2 below.

III.    Still held as of the close of trading on February 1, 2023, the Recognized Loss for each such share shall be the lesser of (but not less than zero):

      a.    $0.95; or

      b.    The purchase price less $17.98.

### The Basis for Calculating Your Recognized Loss Per Share for TDS Series VV Preferred Stock

The Recognized Loss for each share of publicly traded or publicly listed TDS Series VV preferred stock purchased or otherwise acquired between May 6, 2022, and November 3, 2022, inclusive, will be calculated as follows:

I.    Sold prior to November 4, 2022, the Recognized Loss shall be zero.

II.    Sold on or after November 4, 2022 through February 1, 2023, inclusive, the Recognized Loss for each such share shall be the least of (but not less than zero):

      a.    $0.87;

      b.    The purchase price less the sales price; or

      c.      The purchase price less the PSLRA price on the date of sale as set forth in Table 3 below.

III.     Still held as of the close of trading on February 1, 2023, the Recognized Loss for each such share shall be the lesser of (but not less than zero):

      a.      $0.87; or

      b.      The purchase price less $15.96.

**TABLE 1**
**PSLRA PRICE FOR TDS COMMON STOCK**

| Date | PSLRA Price | Date | PSLRA Price | Date | PSLRA Price |
|---|---|---|---|---|---|
| 11/4/2022 | $12.28 | 12/5/2022 | $10.72 | 1/4/2023 | $10.58 |
| 11/7/2022 | $12.12 | 12/6/2022 | $10.70 | 1/5/2023 | $10.61 |
| 11/8/2022 | $11.83 | 12/7/2022 | $10.69 | 1/6/2023 | $10.64 |
| 11/9/2022 | $11.69 | 12/8/2022 | $10.66 | 1/9/2023 | $10.66 |
| 11/10/2022 | $11.75 | 12/9/2022 | $10.63 | 1/10/2023 | $10.68 |
| 11/11/2022 | $11.71 | 12/12/2022 | $10.62 | 1/11/2023 | $10.70 |
| 11/14/2022 | $11.54 | 12/13/2022 | $10.62 | 1/12/2023 | $10.72 |
| 11/15/2022 | $11.38 | 12/14/2022 | $10.61 | 1/13/2023 | $10.73 |
| 11/16/2022 | $11.29 | 12/15/2022 | $10.60 | 1/17/2023 | $10.75 |
| 11/17/2022 | $11.22 | 12/16/2022 | $10.59 | 1/18/2023 | $10.76 |
| 11/18/2022 | $11.14 | 12/19/2022 | $10.57 | 1/19/2023 | $10.78 |
| 11/21/2022 | $11.06 | 12/20/2022 | $10.56 | 1/20/2023 | $10.81 |
| 11/22/2022 | $10.98 | 12/21/2022 | $10.55 | 1/23/2023 | $10.84 |
| 11/23/2022 | $10.94 | 12/22/2022 | $10.53 | 1/24/2023 | $10.86 |
| 11/25/2022 | $10.89 | 12/23/2022 | $10.54 | 1/25/2023 | $10.90 |
| 11/28/2022 | $10.83 | 12/27/2022 | $10.54 | 1/26/2023 | $10.94 |
| 11/29/2022 | $10.80 | 12/28/2022 | $10.54 | 1/27/2023 | $10.98 |
| 11/30/2022 | $10.79 | 12/29/2022 | $10.54 | 1/30/2023 | $11.02 |
| 12/1/2022 | $10.77 | 12/30/2022 | $10.54 | 1/31/2023 | $11.06 |
| 12/2/2022 | $10.75 | 1/3/2023 | $10.55 | 2/1/2023 | $11.10 |

**TABLE 2**
**PSLRA PRICE FOR TDS SERIES UU PREFERRED STOCK**

| Date | PSLRA Price | Date | PSLRA Price | Date | PSLRA Price |
|---|---|---|---|---|---|
| 11/4/2022 | $18.29 | 12/5/2022 | $18.45 | 1/4/2023 | $17.60 |
| 11/7/2022 | $18.26 | 12/6/2022 | $18.46 | 1/5/2023 | $17.59 |
| 11/8/2022 | $18.38 | 12/7/2022 | $18.46 | 1/6/2023 | $17.58 |
| 11/9/2022 | $18.37 | 12/8/2022 | $18.45 | 1/9/2023 | $17.58 |
| 11/10/2022 | $18.59 | 12/9/2022 | $18.43 | 1/10/2023 | $17.59 |
| 11/11/2022 | $18.73 | 12/12/2022 | $18.39 | 1/11/2023 | $17.62 |
| 11/14/2022 | $18.78 | 12/13/2022 | $18.39 | 1/12/2023 | $17.64 |
| 11/15/2022 | $18.80 | 12/14/2022 | $18.36 | 1/13/2023 | $17.67 |
| 11/16/2022 | $18.81 | 12/15/2022 | $18.32 | 1/17/2023 | $17.71 |
| 11/17/2022 | $18.71 | 12/16/2022 | $18.28 | 1/18/2023 | $17.73 |
| 11/18/2022 | $18.64 | 12/19/2022 | $18.22 | 1/19/2023 | $17.76 |
| 11/21/2022 | $18.54 | 12/20/2022 | $18.16 | 1/20/2023 | $17.79 |
| 11/22/2022 | $18.42 | 12/21/2022 | $18.10 | 1/23/2023 | $17.83 |
| 11/23/2022 | $18.34 | 12/22/2022 | $18.04 | 1/24/2023 | $17.85 |
| 11/25/2022 | $18.30 | 12/23/2022 | $17.98 | 1/25/2023 | $17.87 |
| 11/28/2022 | $18.29 | 12/27/2022 | $17.90 | 1/26/2023 | $17.89 |
| 11/29/2022 | $18.29 | 12/28/2022 | $17.83 | 1/27/2023 | $17.90 |
| 11/30/2022 | $18.32 | 12/29/2022 | $17.75 | 1/30/2023 | $17.93 |
| 12/1/2022 | $18.37 | 12/30/2022 | $17.67 | 1/31/2023 | $17.95 |
| 12/2/2022 | $18.44 | 1/3/2023 | $17.62 | 2/1/2023 | $17.98 |

**TABLE 3**
**PSLRA PRICE FOR TDS SERIES VV PREFERRED STOCK**

| Date | PSLRA Price | Date | PSLRA Price | Date | PSLRA Price |
|---|---|---|---|---|---|
| 11/4/2022 | $16.24 | 12/5/2022 | $16.59 | 1/4/2023 | $15.63 |
| 11/7/2022 | $16.28 | 12/6/2022 | $16.57 | 1/5/2023 | $15.62 |
| 11/8/2022 | $16.49 | 12/7/2022 | $16.55 | 1/6/2023 | $15.61 |
| 11/9/2022 | $16.47 | 12/8/2022 | $16.52 | 1/9/2023 | $15.61 |
| 11/10/2022 | $16.65 | 12/9/2022 | $16.47 | 1/10/2023 | $15.62 |
| 11/11/2022 | $16.76 | 12/12/2022 | $16.43 | 1/11/2023 | $15.64 |
| 11/14/2022 | $16.82 | 12/13/2022 | $16.42 | 1/12/2023 | $15.66 |
| 11/15/2022 | $16.84 | 12/14/2022 | $16.38 | 1/13/2023 | $15.69 |
| 11/16/2022 | $16.85 | 12/15/2022 | $16.34 | 1/17/2023 | $15.71 |
| 11/17/2022 | $16.81 | 12/16/2022 | $16.28 | 1/18/2023 | $15.73 |
| 11/18/2022 | $16.78 | 12/19/2022 | $16.23 | 1/19/2023 | $15.74 |
| 11/21/2022 | $16.73 | 12/20/2022 | $16.16 | 1/20/2023 | $15.77 |
| 11/22/2022 | $16.65 | 12/21/2022 | $16.10 | 1/23/2023 | $15.80 |
| 11/23/2022 | $16.61 | 12/22/2022 | $16.04 | 1/24/2023 | $15.82 |
| 11/25/2022 | $16.57 | 12/23/2022 | $15.98 | 1/25/2023 | $15.84 |
| 11/28/2022 | $16.57 | 12/27/2022 | $15.91 | 1/26/2023 | $15.86 |
| 11/29/2022 | $16.54 | 12/28/2022 | $15.84 | 1/27/2023 | $15.88 |
| 11/30/2022 | $16.56 | 12/29/2022 | $15.77 | 1/30/2023 | $15.91 |
| 12/1/2022 | $16.58 | 12/30/2022 | $15.70 | 1/31/2023 | $15.93 |
| 12/2/2022 | $16.60 | 1/3/2023 | $15.66 | 2/1/2023 | $15.96 |

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible securities that participate in the Settlement, and when those securities were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of shares of TDS common or preferred stock shall be deemed to have occurred on the "trade" date as opposed to the "settlement" or "payment" date.

Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired TDS common or preferred stock by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Under FIFO, sales will be matched against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in TDS common or preferred stock, the earliest purchases shall be

20

matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

Option contracts are not securities eligible to participate in the Settlement. With respect to shares purchased or sold through the exercise of an option, the purchase/sale date of the share shall be the exercise date of the option and the purchase/sale price of the share shall be the exercise price of the option. Any Recognized Loss arising from purchases of shares acquired during the Settlement Class Period through the exercise of an option on TDS common stock[3] shall be computed as provided for other purchases of TDS common stock in the Plan of Allocation.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero.

Settlement Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds. Settlement Class Members must document their transactions to be eligible for any recovery hereunder.

The Settlement and the Final Judgment dismissing this Action will bind Settlement Class Members who do not submit a Request for Exclusion and/or submit an acceptable Proof of Claim.

Please contact the Claims Administrator if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

Defendants, Defendants' Counsel, and all other Released Defendants' Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Lead Plaintiff and Lead Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement. No person shall have any claim the Claims Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

## <u>SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES</u>

If you purchased or otherwise acquired TDS securities between May 6, 2022 and November 3, 2022, inclusive, for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN SEVEN CALENDAR (7) DAYS OF YOUR RECEIPT OF NOTICE, YOU MUST EITHER**: (a) provide to the Claims Administrator the name, last known address, and e-mail address of each beneficial owner for whom you are nominee or custodian; or (b) request additional copies of the Postcard Notice from the Claims Administrator, which will be provided to you free of charge, and **WITHIN SEVEN (7) DAYS** of receipt, mail

---

[3] Including (1) purchases of common stock as the result of the exercise of a call option, and (2) assignment of common stock to the seller of a put option as a result of the buyer of such put option exercising that put option.

or email the Postcard Notice directly to all such persons or entities; or (c) request the link to the Notice and Claim Form from the Claims Administrator (or obtain it by visiting the Settlement website listed herein), and **WITHIN SEVEN (7) DAYS** of receipt, email the link directly to all beneficial owners for whom you are a nominee or custodian. If they are available, you must also provide the Claims Administrator with the emails of the beneficial owners. If you choose to follow procedure (b) or (c), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of the Postcard Notices and/or the link to the Notice and Claim Form from the Claims Administrator, and keep a record of the names and mailing addresses used.

Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred up to a maximum of $0.02 per name, address, and email address provided to the Claims Administrator; or up to $0.02 per Postcard Notice actually mailed, plus postage at the pre-sort rate used by Claims Administrator; or up to $0.02 per link to the Notice and Claim Form transmitted by email, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. Copies of this Notice and the Claim Form may be obtained from the website maintained by the Claims Administrator. All communications concerning the foregoing should be addressed to the Claims Administrator by telephone at (866) 274-4004, by email at info@strategicclaims.net, at the Settlement website at www.strategicclaims.net/tds/ or through mail at TDS Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063.

Dated: _____, 2025          BY ORDER OF THE UNITED STATES
                                                                       DISTRICT COURT FOR THE
                                                                       NORTHERN DISTRICT OF ILLINOIS

# Exhibit A-2

Exhibit A-2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOWARD M. RENSIN, TRUSTEE OF THE RENSIN JOINT TRUST, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:23-cv-02764-MMR |
| Plaintiff, | **CLASS ACTION** |
| v. | |
| UNITED STATES CELLULAR CORPORATION, LAURENT C. THERIVEL, DOUGLAS W. CHAMBERS, and TELEPHONE AND DATA SYSTEMS, INC., | |
| Defendants. | |

## PROOF OF CLAIM AND RELEASE

## I.   GENERAL INSTRUCTIONS

1.     It is important that you completely read the Notice of Pendency of Class Action and Proposed Settlement, Settlement Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice") that accompanies this Proof of Claim and Release ("Claim Form"), including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice is also available on the Settlement website at: www.strategicclaims.net/tds/. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.     To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of the action entitled *Howard M. Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, Case No. 1:23-cv-02764 (N.D. Ill.) (the "Action"), you must complete and, on page 6 below, sign this Claim Form. If you fail to submit a timely and properly addressed (as explained in paragraph 4 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

3.     Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action.

4.     **YOU MUST SUBMIT YOUR COMPLETED PROOF OF CLAIM FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, SO THAT IT IS POSTMARKED (FOR U.S. MAIL) OR RECEIVED BY THE PRIVATE CARRIER (FOR FEDEX, UPS, ETC.) OR RECEIVED BY THE CLAIMS ADMINISTRATOR (IF SUBMITTED ONLINE) NO LATER THAN 11:59 P.M. ET on_____, 2025, ADDRESSED AS FOLLOWS**:

TDS Securities Litigation, c/o Strategic Claims Services
P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net
www.strategicclaims.net/tds/

5. If you are a member of the Settlement Class (as defined in the Notice) and you do not timely request exclusion in response to the Notice dated _____, 2025, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

## II. CLAIMANT IDENTIFICATION

1. By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. If you are not a Settlement Class Member (see the definition of the Settlement Class on page 8 of the Notice), do not submit a Claim Form. **You may not, directly or indirectly, participate in the Settlement if you are not a Settlement Class Member.** Thus, if you are excluded from the Settlement Class, any Claim Form that you submit, or that may be submitted on your behalf, will not be accepted.

2. Use **Part A** of this form entitled "Claimant Information" to identify each beneficial owner of TDS securities that form the basis of this claim, as well as the owner of record if different. **THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS**. If you held the TDS securities in your own name, you were the beneficial owner as well as the record holder. If, however, your TDS securities were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of those shares, but the third party was the record holder.

3. All joint owners must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III. IDENTIFICATION OF TRANSACTIONS

1. Use **Part B** of this form entitled "Schedule of Transactions in TDS Securities" to supply all required details of your transaction(s) in TDS securities. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2. On the schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of TDS securities, whether the transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3. Copies of broker confirmations or other documentation of your transactions must be submitted with your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN TDS SECURITIES.**

4. NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with authority to file on behalf of (a) accounts of multiple Settlement Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format. If you are a Representative Filer, you must contact the Claims Administrator at info@strategicclaims.net or visit their website at www.strategicclaims.net/institutional-filers to obtain the required file layout. Claims which are not submitted in electronic spreadsheet format and in accordance with the Claims Administrator's instructions may be subject to rejection. All Representative Filers MUST also submit a manually signed Claim Form, as well as proof of authority to file (see Item 3 of the Claimant Identification), along with the electronic spreadsheet format. No claims submitted in electronic spreadsheet format will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

5. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.strategicclaims.net/tds/. If you are not acting as a Representative Filer, you do not need to contact the

Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Claim Form has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or call (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

## PART A – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit, or box number)

| City | State | ZIP/Postal Code |
|---|---|---|
| | | |

| Foreign Country (only if not USA) | Foreign County (only if not USA) |
|---|---|
| | |

| Last Four (4) Digits of Social Security Number _____ | OR | Last Seven (7) Digits of Taxpayer Identification Number _____ |
|---|---|---|

| Telephone Number (home) | Telephone Number (work) |
|---|---|
| | |

Email Address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box):
- ☐ Individual (includes joint owner accounts)   ☐ Pension Plan      ☐ Trust
- ☐ Corporation                                  ☐ Estate
- ☐ IRA/401K                                      ☐ Other _____ (please specify)

Identify any professional roles, by job title and dates (including but not limited to, director, officer, employee, consultant, agent), you have ever had at Telephone and Data Systems, Inc. or United States Cellular Corporation.

**PART B: SCHEDULE OF TRANSACTIONS IN TDS SECURITIES**

Do not include information regarding any securities other than TDS securities. Include proper documentation with your Claim Form as described in detail in Section III – Identification of Transactions, above.

| TRANSACTIONS IN TDS SECURITIES<br>Trading Symbols: TDS, TDSPrU, TDSPrV (NYSE)<br>CUSIPs: 879433829, 879433761, 879433787 | | | | | |
|---|---|---|---|---|---|
| **1. HOLDINGS AS OF MAY 6, 2022** – State the total number of shares of each class or series of TDS securities held as of the opening of trading on May 6, 2022. If none, write "zero" or "0."<br>TDS: _____ TDSPrU: _____ TDSPrV: _____ | | | | | |
| | | | | | |
| **2. PURCHASES/ACQUISITIONS FROM MAY 6. 2022 THROUGH FEBRUARY 1, 2023** – Separately list each and every purchase or acquisition of shares of TDS securities from May 6, 2022 through February 1, 2023, inclusive. (Must be documented.) | | | | | |
| Date of Purchase / Acquisition (List Chronologically) (MM/DD/YY) | Number of Shares Purchased / Acquired | Purchase / Acquisition Price Per Share | Total Purchase / Acquisition Price (excluding any taxes, commissions, and fees) | Confirm Proof of Purchase / Acquisition Enclosed | Stock Symbol: TDS, TDSPrU, TDSPrV |
| /    / | | $ | $ | ☐ | |
| /    / | | $ | $ | ☐ | |
| /    / | | $ | $ | ☐ | |
| /    / | | $ | $ | ☐ | |
| **3. SALES FROM MAY 6, 2022 THROUGH FEBRUARY 1, 2023** – Separately list each and every sale or disposition of TDS shares from May 6, 2022 through February 1, 2023, inclusive. (Must be documented.) | | | | | |
| Date of Sale / Disposition (List Chronologically) (MM/DD/YY) | Number of Shares Sold / Acquired Disposed | Sale Price Per Share | Total Sale Price (excluding any taxes, commissions, and fees) | Confirm Proof of Sale / Disposition Enclosed | Stock Symbol: TDS, TDSPrU, TDSPrV |
| /    / | | $ | $ | ☐ | |
| /    / | | $ | $ | ☐ | |
| /    / | | $ | $ | ☐ | |
| /    / | | $ | $ | ☐ | |
| **4. HOLDINGS AS OF FEBRUARY 1, 2023** – State the total number of each class or series of TDS securities held as of the close of trading on February 1, 2023. If none, write "zero" or "0."<br>TDS: _____ TDSPrU: _____ TDSPrV: _____ | | | | | |
| **IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX: ☐** | | | | | |

**IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

By signing and submitting this Claim Form, the claimant(s) or the person(s) acting on behalf of the claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Stipulation described in the accompanying Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of Illinois (the "Court") with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I (we) will be bound by the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in eligible TDS securities, if required to do so. I (We) have not submitted any other claim covering the same transactions in TDS securities during the Settlement Class Period and know of no other person having done so on my (our) behalf.

**V.    RELEASES, WARRANTIES, AND CERTIFICATION**

1.    I (We) hereby warrant and represent that I am (we are) a Settlement Class Member(s) as defined in the Notice, that I am (we are) not excluded from the Settlement Class, that I am (we are) not one of the "Released Defendants' Parties" as defined in the Notice.

2.    As a Settlement Class Member(s), I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge with prejudice the Released Plaintiff's Parties' Claims as to each and all of the Released Defendants' Parties (as these terms are defined in the Notice). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

3.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.    I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions and sales of TDS securities that occurred during the Settlement Class Period and the number of shares of TDS securities held by me (us), to the extent requested.

5.    I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct.

Executed this _____ day of _____, in _____, _____
                                    (Month / Year)            (City)         (State/Country)

_____          _____
Signature of Claimant                       Signature of Joint Claimant, if any

_____          _____
Print Name of Claimant                      Print Name of Joint Claimant, if any

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.

**REMINDER CHECKLIST:**

1. Please sign this Claim Form.
2. DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.
3. Attach only copies of supporting documentation as these documents will not be returned to you.
4. Keep a copy of your Claim Form for your records.
5. The Claims Administrator will acknowledge receipt of your Claim Form by mail or email, within 60 days. **Your claim is not deemed submitted until you receive an acknowledgment email (or postcard if email is not available).** If you do not receive an acknowledgment email or postcard within 60 days, please call the Claims Administrator toll free at (866) 274-4004.
6. If you move after submitting this Claim Form, please notify the Claims Administrator of the change in your address; otherwise you may not receive additional notices or payment.

# Exhibit A-3

TDS Securities Litigation, c/o Strategic Claims Services,
P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063

**Court-Ordered Legal Notice**

**Forwarding Service Requested**

*Important Notice about a Securities
Class Action Settlement*

*You may be entitled to a payment.
This Notice may affect your legal
rights.*

*Please read it carefully.*

Case No. 1:23-cv-02764-MMR
Case Pending in the United States District Court for the
Northern District of Illinois

***THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THIS SETTLEMENT***
***PLEASE VISIT*** www.strategicclaims.net/tds/ ***FOR MORE INFORMATION.***

There has been a proposed Settlement of claims that United States Cellular Corporation ("UScellular"), UScellular's parent company Telephone and Data Systems, Inc. ("TDS"), and certain of their officers and directors, violated federal securities laws by disseminating materially false and misleading information to investors about UScellular's expense discipline, in-store traffic, and timeline for promotion benefits. Defendants deny any wrongdoing.

You have received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired TDS securities during the Settlement Class Period from May 6, 2022 through November 3, 2022, both dates inclusive.

Defendants have agreed to pay a Settlement Amount of $7,750,000. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, any award issued to the Lead Plaintiff, and taxes, is to be divided among all Settlement Class Members who timely submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Settlement Class Members of claims related to this case. **For all details of the Settlement, read the Stipulation and full Notice, available at www.strategicclaims.net/tds/.**

**To qualify for payment, you must submit a Claim Form**. The Claim Form can be found on the website www.strategicclaims.net/tds/, or will be mailed to you upon request to the Claims Administrator at (866) 274-4004. **Claim Forms must be postmarked (for US mail), received by the private carrier (for FedEx, UPS, etc.), or submitted online, by _____, 2025 at the Claims Administrator's address below.** If you do not want to be legally bound by the Settlement, you must exclude yourself by_____, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by_____, 2025. The detailed Notice explains how to submit a Claim Form, exclude yourself, or object.

The Court will hold a hearing on _____, to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to one-third of the Settlement Fund in attorneys' fees, plus actual expenses of up to $350,000, for litigating the case and negotiating the Settlement, and to consider whether to approve reimbursement of Lead Plaintiff's costs and expenses related to his representation of the Settlement Class. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (866) 274-4004, or visit the website www.strategicclaims.net/tds/ and read the detailed Notice.

**Your Options:** You can file a claim, object to the Settlement, exclude yourself from the Settlement Class, or do nothing. Unless you exclude yourself from the Settlement Class, you will be bound by the Settlement and you will release any claims you may have against the Released Defendants' Parties. More information, including how to object or exclude yourself, is contained in the Notice and the Claim Form.

**Deadline**: Claims must be filed by \_\_\_\_\_, 2025; Settlement objections must be submitted by \_\_\_\_\_, 2025; requests for exclusion from the Settlement Class must be submitted by \_\_\_\_\_, 2025, and the Court's Settlement Hearing on final approval of the Settlement is scheduled for \_\_\_\_\_, 2025.

**Lead Plaintiff's Counsel's Representative**: The Claims Administrator, Strategic Claims Services, is available to answer questions concerning the Settlement or any matter contained in the Notice. You may contact the Claims Administrator by calling (866) 274-4004, emailing info@strategicclaims.net, or writing to: TDS Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063.

# Exhibit A-4

Exhibit A-4

**Levi & Korsinsky, LLP Announces Proposed Class Action Settlement on Behalf of Purchasers of Telephone and Data Systems, Inc. Securities (NYSE: TDS)**

New York, NY May __, 2025 [Wire Service] – Levi & Korsinsky, LLP announces that the United States District Court for the Northern District of Illinois has approved the following announcement of a proposed class action settlement that would benefit purchasers of Telephone and Data Systems, Inc. ("TDS") securities (NYSE: TDS, TDSPrU, TDSPrV):

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED CLASS ACTION SETTLEMENT, SETTLEMENT HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**To:**  **All persons and entities similarly situated, other than Defendants, who** purchased or otherwise acquired securities of TDS between May 6, 2022 and November 3, 2022, inclusive (the "Settlement Class").

Excluded from the Settlement Class are Defendants, TDS and United States Cellular Corporation ("UScellular") and their subsidiaries, affiliates, and respective officers and directors at all relevant times, and any of their immediate families, legal representatives, heirs, successors, or assigns, and any entity in which any Defendant has or had a controlling interest. Also excluded from the Settlement Class are all persons or entities who would otherwise be members of the Settlement Class, but who exclude themselves by validly and timely submitting a request for exclusion.[1]

YOU ARE HEREBY NOTIFIED, pursuant to Federal Rule of Civil Procedure 23 and an Order of the United States District Court for the Northern District of Illinois, that the Court-appointed Lead Plaintiff, Howard M. Rensin, Trustee Of The Rensin Joint Trust, on behalf of himself and all members of the Settlement Class, and TDS, UScellular, Laurent C. Therivel, and Douglas W. Chambers (collectively, "Defendants"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $7,750,000.00 (the "Settlement"). Lead Plaintiff and Lead Counsel estimate that if all affected TDS shares elect to participate in the Settlement, the average recovery per share could be approximately $0.50 for TDS common stock, $0.11 for TDS Series UU preferred stock, and $0.10 for TDS Series VV preferred stock, before deduction of any fees, expenses, costs, and awards as described in the Notice.

In exchange for the Settlement and the release of the Releasing Plaintiff's Parties' Claims against the Released Defendants' Parties, Defendants have agreed to create a $7,750,000.00 cash fund, which may accrue interest, to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Settlement Class Members who submit valid Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

A hearing will be held before the Honorable Mary M. Rowland on _____, 2025 at ____ a.m./p.m., in Courtroom 1225 of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago,

---

[1] Unless otherwise defined herein, all capitalized terms shall maintain the same meaning as those set forth in the Stipulation of Settlement, dated April 25, 2025, which can be viewed and/or obtained at www.strategicclaims.net/tds/.

IL 60604 (the "Settlement Hearing") to, among other things, consider whether: (i) the Settlement is fair, reasonable, and adequate, and should be approved; (ii) the proposed plan for allocating the proceeds of the Settlement to Settlement Class Members (the "Plan of Allocation") is fair and reasonable and should be approved; and (iii) Lead Counsel's application for attorneys' fees and reimbursement of litigation expenses, and any award to the Lead Plaintiff for his time and expenses in representing the interests of the Settlement Class, are reasonable and should be approved. This notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, object, or be excluded from the Settlement Class. The Court may change the date of the Settlement Hearing, or hold it telephonically or via videoconference, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** A full Notice and Claim Form can be obtained by visiting the Settlement website, www.strategicclaims.net/tds/, or by contacting the Claims Administrator at:
TDS Securities Litigation, c/o Strategic Claims Services,
P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063
info@strategicclaims.net; toll-free: (866) 274-4004; fax: (610) 565-7985

Inquiries, other than requests for the Notice/Claim Form or for information about the status of a claim, may also be made to Lead Counsel:

**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins
Gregory M. Potrepka
1111 Summer Street, Suite 403
Stamford, CT 06905
203-992-4523
shopkins@zlk.com
gpotrepka@zlk.com

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form **postmarked (for U.S. mail), received by the private carrier (for FedEx, UPS, etc.), or submitted online no later than _____, 2025 to the Claims Administrator at the address above.** If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice such that it is **postmarked (for U.S. mail), received by the private carrier (for FedEx, UPS, etc.), or e-mailed, no later than _____, 2025 to the Claims Administrator.** If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's Fee and Expense Application including a Lead Plaintiff Award, and/or the proposed Plan of Allocation, must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the

instructions in the Notice, such that they are **_postmarked (for U.S. mail), received by the private carrier (for FedEx, UPS, etc.), or e-mailed, no later than ___, 2025_**.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: _____, 2025

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

# Exhibit B

Exhibit B

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOWARD M. RENSIN, TRUSTEE OF THE RENSIN JOINT TRUST, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CELLULAR CORPORATION, LAURENT C. THERIVEL, DOUGLAS W. CHAMBERS, and TELEPHONE AND DATA SYSTEMS, INC.,<br><br>Defendants. | Case No. 1:23-cv-02764-MMR<br><br>CLASS ACTION<br><br>Honorable Mary M. Rowland |

## [PROPOSED] FINAL ORDER AND JUDGMENT

WHEREAS, this matter came before the Court for hearing on the _____ day of _____, 2025, pursuant to the Preliminary Approval Order entered on _____, 2025 (the "Preliminary Approval Order"), and on the Motion for Final Approval of Class Action Settlement as set forth in the Stipulation of Settlement (the "Stipulation"); and

WHEREAS, the Court has heard all persons properly appearing and requesting to be heard, read and considered the motions and supporting papers, and found good cause appearing; and

It appearing in the record that the Postcard Notice substantially in the form approved by the Court in the Court's Preliminary Approval Order was sent to all reasonably identifiable Settlement Class Members, and the long-form Notice substantially in the form approved by the Court was posted on the Settlement website and a link thereto was emailed to any potential

Settlement Class Member whose email address was reasonably identifiable, both in accordance with the specifications of the Court in the Preliminary Approval Order;

It appearing in the record that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was transmitted electronically in compliance with the Preliminary Approval Order;

**NOW, THEREFORE**, after due deliberation, **IT IS ORDERED, ADJUDGED AND DECREED**:

1.      This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on _____, 2025; and (ii) the Notice, which was filed with the Court therewith. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3.      The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Settlement Class of: all persons and entities similarly situated, other than Defendants, who purchased or otherwise acquired securities of TDS between May 6, 2022 and November 3, 2022, inclusive. Excluded from the Settlement Class are Defendants, the Companies and their subsidiaries and affiliates, and their respective officers and directors at all relevant times, and any of their immediate families, legal representatives, heirs, successors, or assigns, and any entity in which any Defendant has or had a controlling interest. Also excluded from the Settlement Class are those putative members of the Settlement Class identified on Exhibit A hereto who excluded themselves by filing a valid and timely request for exclusion.

4.      Pursuant to Federal Rule of Civil Procedure 23, and for the purposes of Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Lead Plaintiff Howard M. Rensin, Trustee of the Rensin Joint Trust as Class Representative for the Settlement Class; and finally appoints the law firm of Levi & Korsinsky, LLP as Settlement Class Counsel for the Settlement Class.

5.      In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); constituted the best notice practicable under the circumstances; and constituted due and efficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all Persons and entities entitled to such notice.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all Settlement Class Members are bound by this Final Order and Judgment.  [Persons and entities that have validly and timely excluded themselves from the Settlement Class and are thus not bound by this Final Order and Judgment are listed in Exhibit A hereto.]

6.      A full and fair opportunity has been offered to Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.  There have been [____] objections to the Settlement.

7.      Pursuant to Federal Rule of Civil Procedure 23(e)(2), this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity, risks,

and expense of further litigation, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate. The Court has further considered and found that: (1) the Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (2) the Settlement was negotiated at arm's length and in good-faith; (3) the relief provided for the Settlement Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class; (iii) the terms of the proposed award of attorney's fees; and (iv) agreements identified pursuant to Federal Rule of Civil Procedure 23(e)(3); and (4) the Settlement treats Settlement Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

8.     The operative Complaint, filed on November 1, 2023, is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9.     The Court finds that during the course of the Action, Lead Plaintiff and Defendants and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10.     Upon the Effective Date, the Releasing Plaintiff's Parties release as against Released Defendants' Parties the Releasing Plaintiff's Parties' Claims, and are deemed by operation of this Judgment to have fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Releasing Plaintiff's Parties' Claims against each and every one of the Released Defendants' Parties and are forever barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Releasing Plaintiff's Parties' Claims against any and all of the Released Defendants' Parties.

11.     Upon the Effective Date, Defendants release as against Released Plaintiff's Parties the Releasing Defendants' Parties' Claims, and are deemed by operation of this Judgment to have fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Releasing Defendants' Parties' Claims against each and every one of the Released Plaintiff's Parties and are forever barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Releasing Defendants' Parties' Claims against any and all of the Released Plaintiff's Parties. Nothing in this paragraph shall affect any claims, demands, rights, or causes of action and liabilities: (a) between or among Defendants; or (b) between Defendants and their insurers.

12.     Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Claim Form, and whether or not such Settlement Class Member shares or seeks to share in the Settlement Fund, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

13.     The Court hereby bars any and all claims, however styled, for indemnification, contribution, or where the claim arises from a Released Claim and the alleged injury to the Person bringing the claim arises from that Person's alleged liability to the Plaintiffs or any Settlement Class Member: (a) by any Person against the Released Defendants' Parties, and (b) by the Released Defendants' Parties against any Person; provided, however, that nothing herein shall preclude any of the settling Defendants from seeking to enforce the terms of any insurance policy or policies that may provide coverage for payment of the Settlement Amount and/or any defense or other costs incurred in connection with the Action or the Settlement.

14.     This Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and

any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

a) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Lead Plaintiff and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of the Released Defendants' Parties whatsoever;

b) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Lead Plaintiff, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff, or the other members of the Settlement Class;

c) do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Lead Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Lead Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

d)      do not constitute, and shall not be construed against Defendants, Lead Plaintiff, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

e)      do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff, or any other member of the Settlement Class, that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

15.     Notwithstanding the foregoing, the Parties, and their respective counsel, may file or refer to this Judgment, the Stipulation, and/or any Proof of Claim: (i) to effectuate the liability protections granted hereunder, including without limitation to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (ii) to effectuate any liability protection granted them under any applicable insurance policy; or (iii) to enforce the terms of the Stipulation and/or this Judgment.

16.     The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

17.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18.     Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to adopt such amendments or modifications of the Stipulation or any exhibits thereto to effectuate the Settlement that (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19.     The Parties are hereby directed to consummate the Stipulation and to perform its terms.

20.     The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Settlement Class Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

21.     A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and reimbursement of expenses, including any Lead Plaintiff Award, as allowed by the Court.  Such order shall in no way disturb or affect this Judgment, shall be considered separate from the Judgement, and shall in no way affect or delay the finality of this Judgment, or the Effective Date of the Settlement.

22.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the Parties and the Settlement Class Members for all matters relating to the Action, including: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, reimbursement of litigation expenses (including any Lead

Plaintiff Award), costs, interest and payment of expenses in the Action, including any applications for payment of Notice and Administration Expenses; (v) construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.

23.     There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

DATED this _____ day of _____, 2025

                                        BY THE COURT:

                                        _____
                                        HONORABLE MARY M. ROWLAND
                                        UNITED STATES DISTRICT JUDGE