# Exhibit 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| HOWARD M. RENSIN, TRUSTEE OF THE RENSIN JOINT TRUST, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES CELLULAR CORPORATION, LAURENT C. THERIVEL, DOUGLAS W. CHAMBERS, and TELEPHONE AND DATA SYSTEMS, INC., <br><br> Defendants. | Case No. 1:23-cv-02764 <br><br> Hon. Mary M. Rowland |

**DECLARATION OF JOSEPHINE BRAVATA CONCERNING: (A) MAILING/EMAILING OF THE NOTICE; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS RECEIVED TO DATE**

I, Josephine Bravata, declare as follows:

1.      I am the Director of Quality Assurance of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm. I have over twenty years of experience specializing in the administration of class action cases. SCS was established in April 1999 and has administered over five hundred seventy-five (575) class action cases since its inception. I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

**MAILING/EMAILING OF THE NOTICE**

2.      Pursuant to the Court's Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, dated May 8, 2025 (Dkt. No. 77, the "Preliminary Approval Order"), SCS was retained as the Claims Administrator in connection with the Settlement of the above-captioned

action.[1]  I submit this declaration in order to provide the Court and the Parties information regarding the notifications to potential Settlement Class Members, as well as updates concerning other aspects of the Settlement administration process.

3.  SCS sent the Depository Trust Company ("DTC") a Notice of Pendency of Class Action and Proposed Settlement, Settlement Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice") and Proof of Claim and Release ("Claim Form") (collectively, the "Notice and Claim Form") for the DTC to publish on its Legal Notice System ("LENS") on May 22, 2025. LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted. A true and correct copy of the Notice and Claim Form is attached as **Exhibit A**.

4.  As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers.  The names and addresses of these beneficial purchasers are known only to the nominees.  SCS maintains a proprietary master list consisting of 1,049 banks and brokerage companies ("Nominee Account Holders"), as well as 1,414 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups").  On May 22, 2025, SCS caused a letter to be mailed or e-mailed to the 2,463 nominees contained in the SCS master mailing list.  The letter notified them of the Settlement and requested that they, within 7 calendar days from the date of the letter, either send

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation of Settlement, dated April 25, 2025 (Dkt. No. 74-1, the "Stipulation").

the Postcard Notice or email the link to the location of the Notice and Claim Form on the settlement website to their clients who may be beneficial purchasers/owners within 7 calendar days after receipt of Postcard Notice copies or after receipt of the link or provide SCS with a list of the names, last known addresses, and email addresses (if available) of such beneficial purchasers/owners so that SCS could promptly either mail the Postcard Notice or email the link to the location of the Notice and Claim Form on the settlement website. A copy of the letter sent to these nominees is attached as **Exhibit B.**

5. Moreover, on May 22, 2024, SCS received from Lead Counsel the names and addresses of potential Settlement Class Members that were provided by Defendants, pursuant to paragraph 8 of the Preliminary Approval Order.

6. To provide actual notice to those persons who purchased or otherwise acquired Telephone and Data Systems, Inc. ("TDS") common or preferred stock between May 6, 2022 and November 3, 2022, inclusive (the "Settlement Class Period"), pursuant to the Preliminary Approval Order, SCS printed and mailed the Postcard Notice to potential members of the Settlement Class. **Exhibit C** is a copy of the Postcard Notice.

7. SCS mailed, by first class mail, postage prepaid, the Postcard Notice to 1,587 persons or organizations identified in the transfer records that were provided to SCS by Lead Counsel. These records reflect the persons or entities that purchased TDS common or preferred stock for their own accounts, or for the account(s) of their clients, during the Settlement Class. The transfer records mailing was completed on May 23, 2025. Following this mailing, SCS received 3,560 additional names and addresses of potential Settlement Class Members from individuals or nominees requesting that a Postcard Notice be mailed by SCS, SCS received a request from a nominee for 6,851 Postcard Notices so that the nominee could forward them to their

3

clients, and SCS received notification from a nominee that they mailed the Postcard Notices to 963 of their clients. To date, 12,961 Postcard Notices have been mailed to potential Settlement Class Members.[2]

8.     Additionally, SCS sent the direct link to the Notice and Claim Form to 1,276 email addresses that SCS received from Lead Counsel and nominees, and SCS was notified by a nominee that they emailed 8,136 of their clients to notify them of this settlement and provide a direct link to the Notice and Claim Form on the settlement website.

9.     In total, 22,373 potential Settlement Class Members were notified either by mailed Postcard Notice or emailed a direct link to the Notice and Claim Form.

10.     Out of the 12,961 Postcard Notices mailed, 349 were returned as undeliverable. Of these, the United States Postal Service provided forwarding addresses for 23, and SCS immediately mailed another Postcard Notice to the updated addresses. The remaining 326 Postcard Notices returned as undeliverable were "skip-traced" to obtain updated addresses and 85 were re-mailed to updated addresses.

## PUBLICATION OF THE SUMMARY NOTICE

11.     Pursuant to the Preliminary Approval Order, the Summary Notice of Pendency of Class Action, Proposed Class Action Settlement, Settlement Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Summary Notice") was published in a widely-circulated national wire service, *Globe Newswire* on June 9, 2025, as shown in the confirmation of publication attached hereto as **Exhibit D.**

---

[2] SCS received 31 requests from potential Settlement Class Members for the Notice and Claim Form to be mailed to them. SCS immediately mailed the Notice and Claim Forms to the potential Settlement Class Members.

**TOLL-FREE PHONE LINE**

12.     SCS maintains a toll-free telephone number (1-866-274-4004) for Settlement Class Members to call and obtain information about the Settlement as well as request the Notice and Claim Form to be mailed to them. SCS has promptly responded to each telephone inquiry and will continue to address Settlement Class Member inquiries through the administration process.

**SETTLEMENT WEBSITE**

13.     On May 20, 2025, SCS established a webpage on its website at www.strategicclaims.net/tds/. The website is accessible 24 hours a day, 7 days a week.  The website contains information related to the current status; important case dates, including the Settlement Hearing date consistent with the Preliminary Approval Order; the online claim filing link; important documents such as the Notice and Claim Form, the Postcard Notice, the Preliminary Approval Order, and the Stipulation; and a section for the Representative Filers with documents such as the broker letter as well as the instructions and spreadsheet for filing.

**REPORT ON EXCLUSIONS AND OBJECTIONS**

14.     The Postcard Notice, Notice, Summary Notice, and the settlement website informed potential Settlement Class Members that written requests for exclusion are to be postmarked (for U.S. mail) or received by the private carrier (for FedEx, UPS, etc.) no later than August 13, 2025.  SCS has been monitoring all mail delivered for this case.  As of the date of this declaration, SCS has received no requests for exclusion.  SCS will file a supplemental declaration after the August 13, 2025, opt-out deadline addressing whether any requests for exclusion have been received.

15.     According to the Postcard Notice, Notice, and Summary Notice, Settlement Class Members seeking to object to the Settlement or any of its terms, the proposed Plan of Allocation,

the application for attorneys' fees and expenses, or any application of an award to Lead Plaintiff

must be submitted to Lead Counsel, Defendants' Counsel, and the Clerk of the Court, postmarked

(for U.S. mail) or received by the private carrier (for FedEx, UPS, etc.) no later than August 13,

2025. As of the date of this declaration, SCS has not received any objections, and SCS has not

been notified that any objection was submitted.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 30th day of July 2025, in Media, Pennsylvania.

*Josephine B ravata*

Josephine Bravata

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HOWARD M. RENSIN, TRUSTEE OF THE RENSIN JOINT TRUST, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CELLULAR CORPORATION, LAURENT C. THERIVEL, DOUGLAS W. CHAMBERS, and TELEPHONE AND DATA SYSTEMS, INC.,<br><br>Defendants. | Case No. 1:23-cv-02764<br><br><br>Hon. Mary M. Rowland |

**NOTICE OF PENDENCY OF CLASS ACTION**
**AND PROPOSED SETTLEMENT, SETTLEMENT HEARING AND MOTION FOR**
**ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**IF YOU PURCHASED OR OTHERWISE ACQUIRED TELEPHONE AND DATA SYSTEMS, INC. ("TDS") SECURITIES, INCLUDING COMMON OR PREFERRED STOCK OF TDS, BETWEEN MAY 6, 2022 AND NOVEMBER 3, 2022, INCLUSIVE (THE "SETTLEMENT CLASS PERIOD"), YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

**IF YOU ARE A SETTLEMENT CLASS MEMBER, YOUR LEGAL RIGHTS WILL BE AFFECTED BY THIS SETTLEMENT WHETHER YOU ACT OR DO NOT ACT. PLEASE READ THIS NOTICE CAREFULLY.**

- **Purpose of Notice:** The purpose of this Notice[1] is to inform you of the pendency of this securities class action (the "Action"), the proposed settlement of the Action (the "Settlement"), and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement to Settlement Class Members (the "Plan of Allocation") should be approved; and (iii) whether Lead Counsel's Fee and Expense Application should approved. This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, object, or be excluded from the Settlement Class. The Court may change the date of the Settlement Hearing, or hold it telephonically or via videoconference, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

- **Summary of Released Claims:** The Settlement resolves, *inter alia,* claims by the Court-appointed Lead Plaintiff Howard M. Rensin, Trustee of the Rensin Joint Trust ("Lead Plaintiff"), individually and on behalf of the other members of the Settlement Class against Defendants United States Cellular Corporation ("UScellular" or "USM"), Laurent C. Therivel, Douglas W. Chambers, and Telephone and Data Systems, Inc. ("TDS," and with USM, the "Companies"), for alleged violations of federal securities laws by allegedly making misrepresentations and/or omissions of material fact between May 6, 2022 and November 3, 2022, both dates inclusive. *See* Question 9 below for details.

---

[1] All capitalized terms not otherwise defined in this Notice shall have the same meaning provided in the Stipulation of Settlement, dated April 25, 2025 (the "Stipulation").

1

Questions? Call (866) 274-4004 (toll free) or visit www.strategicclaims.net/tds/

- **Statement of Class Recovery:**  Subject to Court approval, Lead Plaintiff, on behalf of the Settlement Class, has agreed to settle the Action in exchange for a payment of $7,750,000 (the "Settlement Amount"), which will be deposited into an Escrow Account and may earn interest (the "Settlement Fund").  The Net Settlement Fund (as defined in the answer to Question 6 below) will be distributed to Settlement Class Members according to the Court-approved plan of allocation.  The proposed Plan of Allocation is set forth on pages 11-15 below.

- **Estimate of Average Recovery Per Share:**  Pursuant to the Plan of Allocation, Lead Plaintiff and Lead Counsel estimate that if all affected TDS common or preferred stock elect to participate in the Settlement, the average recovery per share could be approximately $0.50 for TDS common stock, $0.11 for TDS Series UU preferred stock, and $0.10 for TDS Series VV preferred stock, before deduction of any fees, expenses, costs, and awards described herein.  This is only an estimate.  Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their TDS common or preferred stock, whether they sold their TDS common or preferred stock and the total number of valid Proof of Claim and Release forms ("Claim Forms") submitted and the value of those claims.  Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 11-15 below) or such other plan of allocation as may be ordered by the Court.

- **Statement of Potential Outcome if Litigation Continued:**  The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiff were to prevail on each claim asserted against Defendants.  For example, the Parties disagree on (i) whether Defendants made any statements or omitted any facts that were materially false or misleading; (ii) whether any such allegedly materially false or misleading statements or omissions were made with the requisite level of intent or recklessness; (iii) the amounts by which the prices of TDS common or preferred stock were allegedly artificially inflated during the Settlement Class Period; (iv) the extent to which factors such as general market, economic and industry conditions, influenced the trading prices of TDS common or preferred stock during the Settlement Class Period; and (v) whether or not the allegedly false and misleading statements proximately caused the losses suffered by the Settlement Class.

- **Reasons for Settlement:**  Lead Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the costs, risks or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial.  This process could be expected to last several years.  Moreover, the recoverability of any judgment would be uncertain. The Settlement was entered into after mediation and subsequent negotiations.  Without admitting any wrongdoing or liability on their part whatsoever, Defendants are willing to settle to avoid the continuing burden, expense, inconvenience and distraction to Defendants in this Action to avoid the costs, delay, and risks of continuing the Action.

- **Attorneys' Fees and Expenses:**  Lead Counsel have not received any payment for their services in conducting this litigation on behalf of Lead Plaintiff and the members of the Settlement Class, nor have they been reimbursed for their out-of-pocket litigation expenditures.  If the Settlement is approved by the Court, Lead Counsel will apply to the Court for attorneys' fees not to exceed one-third of the Settlement Amount and any interest accrued thereon, and reimbursement of expenses not to exceed $350,000, and any interest accrued thereon.  In addition, Lead Counsel's Fee and Expense Application may seek an award for the time and expenses incurred by the Lead Plaintiff, not to exceed $20,000. If the Court approves Lead Counsel's Fee and Expense Application, including deduction of estimated attorneys' fees and expenses and any award for Lead Plaintiff, Lead Plaintiff and Lead Counsel estimate that if all affected TDS common or preferred stock elect to participate in the Settlement, the average amount of fees and expenses per common share could be approximately $0.19.

- **Identification of Attorneys' Representatives:**  Requests for further information regarding the Action, this Notice or the Settlement, can be directed to either the Claims Administrator or these representatives of Lead Counsel: Shannon L. Hopkins or Gregory M. Potrepka, Levi & Korsinsky, LLP, 1111 Summer Street, Suite

2

Questions? Call (866) 274-4004 (toll free) or visit www.strategicclaims.net/tds/

403, Stamford, CT 06905, (203) 992-4523, shopkins@zlk.com or gpotrepka@zlk.com.  **Please Do Not Call the Court with Questions About the Settlement.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY AUGUST 27, 2025** | The *only* way to get a payment.  *See* Question 7 below for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY AUGUST 13, 2025** | Get no payment.  This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against the Defendants or the other Released Defendants' Parties concerning the Releasing Plaintiff's Parties' Claims. *See* Question 10 below for details. |
| **OBJECT BY AUGUST 13, 2025** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, or the attorneys' fee and expense application.  If you object, you will still be a member of the Settlement Class. *See* Question 14 below for details. |
| **GO TO A HEARING ON SEPTEMBER 3, 2025 AND FILE A NOTICE OF INTENTION TO APPEAR BY AUGUST 13, 2025** | Settlement Class Members may be permitted to appear and speak to the Court if they submit a written objection.  *See* Question 18 below for details. |
| **DO NOTHING** | Get no payment AND give up your rights to bring your own individual action. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.  Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

### BASIC INFORMATION

**1.         Why did I get this Notice?**

You or someone in your family, or an investment account for which you serve as a custodian, might have purchased or otherwise acquired TDS securities between May 6, 2022 and November 3, 2022, inclusive, and might be a Settlement Class Member.  This Notice explains the Action, the Settlement, the Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.  Receipt of this Notice does not necessarily mean that you are a Settlement Class Member or that you will be entitled to receive a payment.  **If you wish to be eligible for a payment, you must submit the Claim Form that is available at www.strategicclaims.net/tds/ (the "Settlement website").** *See* **Question 7 below.**

The Court directed that this Notice be made publicly available on this website to inform Settlement Class Members of the terms of the proposed Settlement and about all of their options before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's Fee and Expense Application (the "Settlement Hearing").

The Court in charge of the Action is the United States District Court for the Northern District of Illinois, and the case is known as *Howard M. Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, Case No. 1:23-cv-02764.  The Action is assigned to United States District Court Judge Mary M. Rowland.

**2.         What is this case about and what has happened so far?**

Telephone and Data Systems, Inc. is a public corporation whose common and preferred stock trade on the New York Stock Exchange under the symbols TDS, TDSPrU, and TDSPrV. TDS is the majority shareholder of another public corporation, United States Cellular Corporation.

Lead Plaintiff alleges the Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Securities and Exchange Commission Rule 10b-5 by making materially false and misleading statements and failing to disclose material facts regarding USM's operations during quarterly earnings calls and other public statements. In particular, Lead Plaintiff alleges that, between May 6, 2022 and November 3, 2022, inclusive, Defendants made materially false and misleading statements concerning USM's expense discipline with respect to promotions, the timeline for benefits from USM's promotions, USM's subscriber churn, and declines in in-store traffic. Lead Plaintiff alleges these misstatements and omissions damaged investors who acquired TDS common and preferred stock during the Settlement Class Period at artificially inflated prices.

On May 2, 2023, Lead Plaintiff filed an initial class action complaint in the United States District Court for the Northern District of Illinois, asserting claims under the federal securities laws against TDS, USM, and certain of their officers and directors.

On July 11, 2023, the Court appointed the Rensin Joint Trust as lead plaintiff. On September 1, 2023, after further investigation, Lead Plaintiff filed the operative First Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"), individually and on behalf of all persons and entities that purchased or otherwise acquired TDS publicly traded securities between May 6, 2022 and November 3, 2022, inclusive, alleging claims for violations of Sections 10(b) and 20(a) of the Exchange Act.

On October 16, 2023, Defendants moved to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(6) and 9(b), which Lead Plaintiff opposed.

On November 1, 2024, the Court issued a Memorandum Opinion and Order denying in part and granting in part the Defendants' motion to dismiss the FAC.

On February 4, 2025, the Parties attended a full-day, in-person mediation session presided over by Michelle Yoshida, Esq., a well-respected and highly experienced mediator of Phillips ADR Enterprises. Prior to the mediation session, the Parties submitted to the mediator, and exchanged with each other, voluminous briefing and exhibits concerning the Parties' respective views as to disputed issues, including liability, causation, and damages. The mediation was unsuccessful. However, the Parties continued to negotiate a possible settlement through Ms. Yoshida over the next several weeks. On February 26, 2025, Ms. Yoshida issued a double-blind mediator's recommendation to resolve the claims in the Action, which all Parties subsequently accepted.

Lead Counsel represents that they conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action. This process included reviewing and analyzing: (i) TDS' and USM's public filings with the SEC; (ii) publicly available information, including press releases, news articles, interview transcripts, and other public statements issued by or concerning Defendants; (iii) reports of securities and financial analysts concerning TDS and USM and the industries in which they operate; (iv) interviews with individuals who are former employees of USM; (v) retention of loss causation and damages experts; (vi) review of more than 6,300 pages of documents received from Defendants and third parties in discovery; and (vii) the applicable law governing the claims and potential defenses.

### 3.   Why is this a class action?

In a class action, one or more persons or entities (in this case, Lead Plaintiff), sues on behalf of people and entities who or which have similar claims. Together, these people and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows the adjudication of many similar claims of persons and entities who or which might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

### 4.   Why is there a Settlement?

Lead Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit. However, Lead Plaintiff and Lead Counsel recognize the expense and length of continued proceedings necessary to pursue the claims through trial and appeals, as well as the difficulties in establishing liability and damages. Initially, there is no assurance Lead Plaintiff's Complaint would survive Defendants' motions before trial. For example, Defendants have and would likely continue to challenge whether any of the statements in question were false and misleading,

4

Questions? Call (866) 274-4004 (toll free) or visit www.strategicclaims.net/tds/

and whether they caused Lead Plaintiff's and the Settlement Class' losses.  Discovery may not have produced the evidence needed to support Lead Plaintiff's and the Settlement Class' claims against the Defendants, and Lead Plaintiff expected that Defendants would argue on summary judgment and at trial that the alleged false statements were not misleading, and that the decline in TDS common and preferred stock was not caused by Defendants' statements but by operational results or market factors.  Lead Plaintiff expected that the litigation could continue for a lengthy period of time and that, even if Lead Plaintiff succeeded in convincing a jury that Defendants were liable, Defendants would file appeals that would postpone final resolution of the Action for years. In agreeing to the Settlement, Lead Plaintiff considered the likely expense and length of continued proceedings necessary to pursue his and the Settlement Class' claims against the Defendants through continued discovery, trial, and appeals.

The Parties disagree on both liability and damages, and do not agree on the average amount of damages per share, if any, that would be recoverable if Lead Plaintiff and the Settlement Class were to prevail on each claim alleged against the Defendants. And while continuation of the Action against Defendants potentially could result in a judgment greater than the Settlement, there is also the risk that continuing the Action could result in no recovery at all or a recovery that is less than the amount of the Settlement; that any judgment would be more than Defendants could pay; and whether a judgment could be enforced timely, or at all.  The Settlement provides a guaranteed and immediate cash recovery to the Settlement Class.  In light of the risks, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

The Defendants have denied and continue to deny any allegations of wrongdoing, that the Settlement Class Members suffered damages, or that the prices of TDS common or preferred stock were artificially inflated.  The Settlement should not be seen as an admission or concession on the part of the Defendants. However, the Defendants also recognize the uncertainty and risks inherent in any litigation, especially a complex case such as this. The Defendants have concluded that further conduct of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation of Settlement.

**5.**      **How do I know if I am part of the Settlement?**

Everyone who fits the following description is a Settlement Class Member and subject to the Settlement: all persons and entities similarly situated, other than Defendants, who purchased or otherwise acquired securities of TDS between May 6, 2022 and November 3, 2022, inclusive. Excluded from the Settlement Class are the Companies and their subsidiaries and affiliates, and their respective officers and directors at all relevant times, and any of their immediate families, legal representatives, heirs, successors, or assigns, and any entity in which any Defendant has or had a controlling interest. Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class, but who validly and timely has submitted, or submits, a Request for Exclusion in accordance with the requirements set by the Court.

Receipt of this Notice does not mean that you are a Settlement Class Member.  Please check your records or contact your broker to see if you are a member of the Settlement Class.  You are a Settlement Class Member only if you individually (and not a fund you own) meet the Settlement Class definition.

**THE SETTLEMENT BENEFITS**

**6.**      **What does the Settlement provide?**

In exchange for the Settlement and the release of the Releasing Plaintiff's Parties' Claims against the Released Defendants' Parties, the Defendants have agreed to fund $7,750,000 cash into an interest-bearing Escrow Account to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, any award to Lead Plaintiff, Notice and Administration Costs, Taxes and Tax Expenses, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Settlement Class Members who submit valid Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

**7.**      **How can I receive a payment?**

To qualify for a payment, you must submit a timely and valid Claim Form.  You can obtain a Claim Form from the Settlement website: www.strategicclaims.net/tds/.  You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (866) 274-4004.  Please read the instructions contained in the

5

Questions? Call (866) 274-4004 (toll free) or visit www.strategicclaims.net/tds/

Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign, and mail it, e-mail it, or submit it electronically through www.strategicclaims.net/tds/ to the Claims Administrator so that it is **postmarked (for U.S. mail), received by the private carrier (FedEx, UPS, etc.), emailed, or submitted through the Settlement website no later than 11:59 p.m. ET on August 27, 2025.**

**8.      When will I receive my payment?**

The Court will hold a Settlement Hearing on **September 3, 2025** to decide, among other things, whether to finally approve the Settlement.  Even if the Court approves the Settlement, there may be appeals, which can take time to resolve, perhaps more than a year.  It also takes a long time for all of the Claim Forms to be accurately reviewed and processed.  Please be patient.

**9.      What am I giving up to receive a payment or stay in the Settlement Class?**

If you are a member of the Settlement Class, unless you exclude yourself, you will remain in the Settlement Class.  That means that upon the "Effective Date" of the Settlement, you will release all "Releasing Plaintiff's Parties' Claims" against the "Released Defendants' Parties" (as defined below).  Unless you exclude yourself, you will remain in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the Releasing Plaintiff's Parties' Claims.  It also means that all of the Court's orders will apply to you and legally bind you.

**"Releasing Plaintiff's Parties"** means Lead Plaintiff and the other members of the Settlement Class, together with their successors, assigns, executors, heirs, administrators, representatives, attorneys, and agents, in their capacities as such (each of the foregoing, a "Releasing Plaintiff's Party"). Releasing Plaintiff's Parties do not include any Person who timely and validly seeks exclusion from the Settlement Class pursuant to a Request for Exclusion. *See* Question 10 below for details.

**"Releasing Plaintiff's Parties' Claims"** means all claims, actions, causes of action, demands, losses, rights, duties, obligations, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities of every nature and description, whether known or Unknown Claims, as defined below, whether arising under federal, state, common or foreign law, that Lead Plaintiff, any other member of the Settlement Class, or any other Releasing Plaintiff's Party: (i) asserted in any complaint filed in the Action, or (ii) could have asserted in any forum that arise out of, are based on, or relate in any way to, directly or indirectly, any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in the Action, or which could have been alleged in the Action, and which arise out of, are based upon, or relate in any way, directly or indirectly, to the purchase, acquisition or sale of TDS securities by any members of the Settlement Class during the Settlement Class Period. Releasing Plaintiff's Parties' Claims shall not include (i) any claims relating to the enforcement of the Settlement; (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; and (iii) all claims asserted on behalf of the Companies in derivative actions pending as of the date of the Stipulation, namely *Katz v. Butman, et al.*, Case No. 2024-CH-05731 (Illinois Circuit Court of Cook County); *O'Conner v. Therivel, et al.*, Case No. 2024-CH-01109 (Illinois Circuit Court of Cook County); and *McMillan v. Carlson, et al.*, Case No. 1:25-cv-02286 (N.D. Ill.).

**"Released Plaintiff's Parties"** means (i) Lead Plaintiff, all Settlement Class members, any other plaintiffs in the Action and their counsel, and Lead Plaintiff's Counsel (as defined in the Stipulation), and (ii) each of their respective immediate family members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, investigators, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, all in their capacities as such.

**"Releasing Defendants' Parties' Claims"** means all claims and causes of action of every nature and description, whether known or Unknown Claims, as defined below, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Releasing Defendants' Parties' Claims shall not include any claims relating to the enforcement of the Settlement.

6

Questions? Call (866) 274-4004 (toll free) or visit www.strategicclaims.net/tds/

**"Released Defendants' Parties"** means (i) each Defendant; (ii) the family members of the Individual Defendants; (iii) direct or indirect parent entities, direct and indirect subsidiaries, related entities, and all affiliates of the Companies; (iv) any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or his or her family members; (v) for any of the persons or entities listed in parts (i) through (iv), as applicable, their respective past, present, and future general partners, limited partners, principals, shareholders, joint venturers, officers, directors (including board chairs), managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, reinsurers, indemnitors, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, estates, and any controlling person thereof; and (vi) any entity in which a Defendant has a controlling interest; all in their capacities as such.

**"Unknown Claims"** means any and all Released Claims that Lead Plaintiff or any other Settlement Class Member (with respect to Releasing Plaintiff's Parties' Claims) or Defendants (with respect to Releasing Defendants' Parties' Claims) do not know or suspect to exist in his, her or its favor at the time of the release. This includes claims which, if known, might have affected the Settlement or any Party's decision to release Releasing Plaintiff's Parties' Claims or Releasing Defendants' Parties' Claims, and claims the release of which might have prompted a decision to object to the Settlement. The Parties expressly acknowledge and shall be deemed to have expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is, or is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> *A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.*

The release of "Unknown Claims" was separately bargained for and was a material element of the Settlement.

Upon the Effective Date of the Settlement, the Lead Plaintiff shall dismiss the Action with prejudice, and the Releasing Plaintiff's Parties will release as against Released Defendants' Parties the Releasing Plaintiff's Parties' Claims, and shall be deemed by operation of the Judgment to have fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Releasing Plaintiff's Parties' Claims against each and every one of the Released Defendants' Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Releasing Plaintiff's Parties' Claims against any and all of the Released Defendants' Parties, whether or not such Settlement Class Member executes and delivers the Claim Forms, and whether or not such Settlement Class Member shares or seeks to share in the Settlement Fund. Upon the Effective Date, and as a material condition of the dismissal with prejudice of the Action, the Defendants will release as against Released Plaintiff's Parties the Releasing Defendants' Parties' Claims, and shall be deemed by operation of the Judgment to have fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Releasing Defendants' Parties' Claims against each and every one of the Released Plaintiff's Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Releasing Defendants' Parties' Claims against any and all of the Released Plaintiff's Parties.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want to be part of the Settlement but you want to keep any right you may have to sue or continue to sue the Released Defendants' Parties on your own about the Releasing Plaintiff's Parties' Claims, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out." **Please note: if you bring your own claims, Defendants will have the right to seek their dismissal, including because the suit is not filed within the applicable time periods required for filing suit. Also, the Defendants may terminate the Settlement if Settlement Class Members who purchased in excess of a certain amount of TDS common stock seek exclusion from the Settlement Class.**

**10.    How do I exclude myself from the Settlement Class?**

To exclude yourself from the Settlement Class, you must mail a signed letter stating that you "request to be excluded from the Settlement Class in *Howard M. Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, Case No. 1:23-cv-02764 (N.D. Ill.)".  You cannot exclude yourself by telephone. Group opt-outs, including "mass" or "class" opt-outs, are not permitted. Each Request for Exclusion must also: (i) state the name, address, phone number and email address of the person or entity requesting exclusion and be signed by the person requesting exclusion or their authorized representative; (ii) state the number of shares of TDS common and/or preferred stock purchased, acquired, and/or sold between May 6, 2022 and February 1, 2023, inclusive, as well as the dates and prices of each such purchase, acquisition, and sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion must be postmarked (for U.S. mail) or received by the private carrier (for FedEx. UPS, etc.), or emailed, **no later than August 13, 2025,** to:

TDS Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
Email:  info@strategicclaims.net

**Your exclusion request must comply with these requirements in order to be valid, unless it is otherwise accepted by the Court.**

If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Settlement Class Member.  However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) the Defendants and the other Released Defendants' Parties in the future, assuming your claims are timely.  If you have a pending lawsuit against any of the Released Defendants' Parties, **please speak to your lawyer in that case immediately**.  Lead Counsel cannot provide you legal advice concerning any other Action.

**11.    If I do not exclude myself, can I sue the Defendants and the other Released Defendants' Parties for the same thing later?**

No.  Unless you properly exclude yourself, you will give up any rights to sue the Defendants and the other Released Defendants' Parties for any and all Releasing Plaintiff's Parties' Claims.

## THE LAWYERS REPRESENTING YOU

**12.    Do I have a lawyer in this case?**

The Court appointed the law firm of Levi & Korsinsky, LLP to serve as Lead Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**13.    How will the lawyers be paid?**

You will not be separately charged for these lawyers.  The Court will determine the amount of Lead Counsel's fees and expenses, which will be paid from the Settlement Fund.  To date, Lead Counsel have not received any payment for their services in pursuing the claims against Defendants on behalf of the Settlement Class, nor have they been paid for their litigation expenses.  Lead Counsel will ask the Court to award attorneys' fees of no more than one-third of the Settlement Fund, including accrued interest, and reimbursement of litigation expenses of no more than $350,000 plus accrued interest.  Lead Plaintiff may also request an award of up to $20,000 to reimburse his reasonable time, costs and expenses in representing the Settlement Class.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION,
## OR THE FEE AND EXPENSE APPLICATION

**14.     How do I tell the Court that I do not like something about the proposed Settlement?**

If you are a Settlement Class Member, you may object to the Settlement or any of its terms, the proposed Plan of Allocation, the application for attorneys' fees and expenses, or any application of an award to Lead Plaintiff. You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be made, and the lawsuit will continue.

Any objection to the proposed Settlement, Plan of Allocation, application for attorneys' fees and expenses, or award to Lead Plaintiff must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. To object, you must send to Lead Counsel and the Defendants' Counsel, and file with the Court, a signed notice of objection saying that you object to the proposed Settlement. All written objections and supporting papers must (a) clearly identify the case name and number, *Howard M. Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, Case No. 1:23-cv-02764 (N.D. Ill); (b) include the full name, mailing address, phone number and email address of the objecting Settlement Class Member and be signed by the Settlement Class Member; (c) include a list of all of the Settlement Class Member's Settlement Class Period transactions in TDS common or preferred stock; and (d) include a written statement of all grounds for the objection, including any legal and evidentiary support (including any witnesses) you wish to bring to the Court's attention. Your objection, and all supporting papers and briefs, must be postmarked (for U.S. mail) or received by the private carrier (for FedEx. UPS, etc.), or emailed, **no later than August 13, 2025, to the following**:

| Court: | Lead Counsel: | Defendants' Counsel: |
|---|---|---|
| Clerk of the Court United States District Court Northern District of Illinois Everett McKinley Dirksen United States Courthouse 219 South Dearborn Street Chicago, IL 60604 | LEVI & KORSINSKY, LLP Shannon L. Hopkins Gregory M. Potrepka 1111 Summer Street, Suite 403 Stamford, CT 06905 (203) 992-4523 shopkins@zlk.com gpotrepka@zlk.com | SIDLEY AUSTIN LLP James W. Ducayet Elizabeth Y. Austin One South Dearborn Chicago, IL 60603 (312) 853-7000 jducayet@sidley.com laustin@sidley.com |

**15.     What is the difference between objecting and seeking exclusion?**

Objecting is telling the Court that you do not like something about the proposed Settlement or Lead Counsel's fee and expense application. You may object and yet still recover money from the Settlement *if* you timely submit a valid Claim Form and the Settlement is approved. You may object *only* if you remain part of the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself from the Settlement Class, you will lose standing to object because the Settlement will no longer affect you.

## THE SETTLEMENT HEARING

**16.     When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold the Settlement Hearing on **September 3, 2025 at 1:00 p.m.**, at the Everett McKinley Dirksen United States Courthouse, Courtroom 1225, 219 South Dearborn Street, Chicago, IL 60604, or via remote means that the Court may specify. At this hearing, the Court will consider, whether: (i) the Settlement is fair, reasonable, and adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable and should be approved; and (iii) Lead Counsel's application for attorneys' fees and expenses and a Lead Plaintiff Award are reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above. We do not know how long it will take the Court to make these decisions.

You should be aware that the Court may change the date and time of the Settlement Hearing, or hold the hearing remotely, without another notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date or time has not changed, periodically check the Settlement website at www.strategicclaims.net/tds/, or periodically check the Court's website at https://www.ilnd.uscourts.gov/daily-calendar.aspx to see if the Settlement Hearing stays as calendared or is changed.  The Court's docket is also available on the PACER service at https://www.pacer.gov.

**17.      Do I have to come to the Settlement Hearing?**

No.  Lead Counsel will answer any questions the Court may have.  But you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Intention to Appear in the manner described in the answer to Question 18 below **no later than August 13, 2025.**

**18.      May I speak at the Settlement Hearing?**

If you have submitted a timely objection and have not excluded yourself from the Settlement, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you or your attorney must include with your objection (see Question 14), **no later than August 13, 2025,** a Notice of Intention to Appear in "*Howard M. Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, Case No. 1:23-cv-02764".  Persons who intend to present evidence at the Settlement Hearing must also include in their objections the identities of any witnesses that they may wish to call to testify and any exhibits they intend to introduce into evidence at the hearing.  You may not speak at the Settlement Hearing if you exclude yourself or if you have not provided written notice in accordance with the procedures described in this Question 18 and Question 14 above.

## IF YOU DO NOTHING

**19.      What happens if I do nothing at all?**

If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against the Defendants and the other Released Defendants' Parties concerning the Releasing Plaintiff's Parties' Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 7 above).  To start, continue, or be part of any other lawsuit against the Defendants and the other Released Defendants' Parties concerning the Releasing Plaintiff's Parties' Claims in this case, to the extent it is otherwise permissible to do so, you must exclude yourself from the Settlement Class (*see* Question 10 above).

## GETTING MORE INFORMATION

**20.      Are there more details about the Settlement?**

This Notice summarizes the proposed Settlement.  More details are in the Stipulation, Lead Counsel's motions in support of final approval of the Settlement, the request for attorneys' fees and litigation expenses, and approval of the proposed Plan of Allocation which will be filed with the Court no later than July 30, 2025 and will be available from Lead Counsel, the Claims Administrator, or the Court, pursuant to the instructions below.

You may review the Stipulation or documents filed in the case at the Office of the Clerk of the Court, United States District Court, Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, on weekdays (other than court holidays) between 9:00 a.m. and 4:00 p.m.  Subscribers to PACER can also view the papers filed publicly in the Action at https://www.pacer.gov.

You can also get a copy of the Stipulation and other case documents by visiting the website dedicated to the Settlement, www.strategicclaims.net/tds/, calling the Claims Administrator toll free at (866) 274-4004, emailing the Claims Administrator at info@strategicclaims.net or writing to the Claims Administrator at TDS Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063.

**Please do not call the Court with questions about the Settlement.**

10

Questions? Call (866) 274-4004 (toll free) or visit www.strategicclaims.net/tds/

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND

**21.** **How will my claim be calculated?**

As discussed above, the Settlement provides $7,750,000.00 in cash for the benefit of the Settlement Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund less any Taxes and Tax Expenses, any Court-awarded attorneys' fees and litigation expenses, any Lead Plaintiff Award approved by the Court, and Notice and Administration Expenses is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants—*i.e.*, Settlement Class Members who timely submit valid Claim Forms that are accepted for payment by the Court—in accordance with this proposed Plan of Allocation or such other plan of allocation as the Court may approve. Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the Settlement website, www.strategicclaims.net/tds/.

The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Settlement Class Members who suffered alleged economic losses as a proximate result of the Defendants' alleged wrongdoing. The Plan of Allocation is not a formal damages analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Settlements Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as calculated pursuant to the formula set forth below ("Recognized Loss"). Please Note: The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount of what a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

The Plan of Allocation takes into consideration the limitation on damages provision of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §78u-4(e), which incorporates a 90-day lookback period,[2] and the principles of economic loss articulated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). The Plan of Allocation also takes into account Lead Counsel's assessment of the strengths and weaknesses of the various claims and defenses.

---

[2] Pursuant to 15 U.S.C. §78u-4(e) (§21D(e)(1) of the Exchange Act), "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss amounts are reduced to an appropriate extent by taking into account the closing prices of TDS common or preferred stock during the "90-day lookback period," which for the purposes of the Plan of Allocation is deemed to be November 4, 2022 (the day following the alleged corrective disclosure in the operative Complaint) through February 1, 2023.

Questions? Call (866) 274-4004 (toll free) or visit www.strategicclaims.net/tds/

The Plan of Allocation was created with the assistance of a consulting damages expert which, based on the assumptions provided by Lead Counsel, estimated the artificial inflation in the prices of TDS common and preferred stock related to the misrepresentations and omissions alleged in this Action. The computation of the estimated alleged artificial inflation in the prices of TDS common and preferred stock is consistent with the claims set forth in the operative complaint in this Action and the price changes in the shares, net of market-wide and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiff, and market data.

### The Basis for Calculating Your Recognized Loss Per Share for TDS Common Stock

The Recognized Loss for each share of publicly traded or publicly listed TDS common stock purchased or otherwise acquired between May 6, 2022, and November 3, 2022, inclusive, will be calculated as follows:

I. Sold prior to November 4, 2022, the Recognized Loss shall be zero.
II. Sold on or after November 4, 2022 through February 1, 2023, inclusive, the Recognized Loss for each such share shall be the least of (but not less than zero):
    a. $4.40;
    b. The purchase price less the sales price; or
    c. The purchase price less the PSLRA price on the date of sale as set forth in Table 1 below.
III. Still held as of the close of trading on February 1, 2023, the Recognized Loss for each such share shall be the lesser of (but not less than zero):
    a. $4.40; or
    b. The purchase price less $11.10.

### The Basis for Calculating Your Recognized Loss Per Share for TDS Series UU Preferred Stock

The Recognized Loss for each share of publicly traded or publicly listed TDS Series UU preferred stock purchased or otherwise acquired between May 6, 2022, and November 3, 2022, inclusive, will be calculated as follows:

I. Sold prior to November 4, 2022, the Recognized Loss shall be zero.
II. Sold on or after November 4, 2022 through February 1, 2023, inclusive, the Recognized Loss for each such share shall be the least of (but not less than zero):
    a. $0.95;
    b. The purchase price less the sales price; or
    c. The purchase price less the PSLRA price on the date of sale as set forth in Table 2 below.
III. Still held as of the close of trading on February 1, 2023, the Recognized Loss for each such share shall be the lesser of (but not less than zero):
    a. $0.95; or
    b. The purchase price less $17.98.

### The Basis for Calculating Your Recognized Loss Per Share for TDS Series VV Preferred Stock

The Recognized Loss for each share of publicly traded or publicly listed TDS Series VV preferred stock purchased or otherwise acquired between May 6, 2022, and November 3, 2022, inclusive, will be calculated as follows:

I. Sold prior to November 4, 2022, the Recognized Loss shall be zero.
II. Sold on or after November 4, 2022 through February 1, 2023, inclusive, the Recognized Loss for each such share shall be the least of (but not less than zero):
    a. $0.87;
    b. The purchase price less the sales price; or
    c. The purchase price less the PSLRA price on the date of sale as set forth in Table 3 below.
III. Still held as of the close of trading on February 1, 2023, the Recognized Loss for each such share shall be the lesser of (but not less than zero):
    a. $0.87; or
    b. The purchase price less $15.96.

Questions? Call (866) 274-4004 (toll free) or visit www.strategicclaims.net/tds/

**TABLE 1**
**PSLRA PRICE FOR TDS COMMON STOCK**

| Date | PSLRA Price | Date | PSLRA Price | Date | PSLRA Price |
|---|---|---|---|---|---|
| 11/4/2022 | $12.28 | 12/5/2022 | $10.72 | 1/4/2023 | $10.58 |
| 11/7/2022 | $12.12 | 12/6/2022 | $10.70 | 1/5/2023 | $10.61 |
| 11/8/2022 | $11.83 | 12/7/2022 | $10.69 | 1/6/2023 | $10.64 |
| 11/9/2022 | $11.69 | 12/8/2022 | $10.66 | 1/9/2023 | $10.66 |
| 11/10/2022 | $11.75 | 12/9/2022 | $10.63 | 1/10/2023 | $10.68 |
| 11/11/2022 | $11.71 | 12/12/2022 | $10.62 | 1/11/2023 | $10.70 |
| 11/14/2022 | $11.54 | 12/13/2022 | $10.62 | 1/12/2023 | $10.72 |
| 11/15/2022 | $11.38 | 12/14/2022 | $10.61 | 1/13/2023 | $10.73 |
| 11/16/2022 | $11.29 | 12/15/2022 | $10.60 | 1/17/2023 | $10.75 |
| 11/17/2022 | $11.22 | 12/16/2022 | $10.59 | 1/18/2023 | $10.76 |
| 11/18/2022 | $11.14 | 12/19/2022 | $10.57 | 1/19/2023 | $10.78 |
| 11/21/2022 | $11.06 | 12/20/2022 | $10.56 | 1/20/2023 | $10.81 |
| 11/22/2022 | $10.98 | 12/21/2022 | $10.55 | 1/23/2023 | $10.84 |
| 11/23/2022 | $10.94 | 12/22/2022 | $10.53 | 1/24/2023 | $10.86 |
| 11/25/2022 | $10.89 | 12/23/2022 | $10.54 | 1/25/2023 | $10.90 |
| 11/28/2022 | $10.83 | 12/27/2022 | $10.54 | 1/26/2023 | $10.94 |
| 11/29/2022 | $10.80 | 12/28/2022 | $10.54 | 1/27/2023 | $10.98 |
| 11/30/2022 | $10.79 | 12/29/2022 | $10.54 | 1/30/2023 | $11.02 |
| 12/1/2022 | $10.77 | 12/30/2022 | $10.54 | 1/31/2023 | $11.06 |
| 12/2/2022 | $10.75 | 1/3/2023 | $10.55 | 2/1/2023 | $11.10 |

**TABLE 2**
**PSLRA PRICE FOR TDS SERIES UU PREFERRED STOCK**

| Date | PSLRA Price | Date | PSLRA Price | Date | PSLRA Price |
|---|---|---|---|---|---|
| 11/4/2022 | $18.29 | 12/5/2022 | $18.45 | 1/4/2023 | $17.60 |
| 11/7/2022 | $18.26 | 12/6/2022 | $18.46 | 1/5/2023 | $17.59 |
| 11/8/2022 | $18.38 | 12/7/2022 | $18.46 | 1/6/2023 | $17.58 |
| 11/9/2022 | $18.37 | 12/8/2022 | $18.45 | 1/9/2023 | $17.58 |
| 11/10/2022 | $18.59 | 12/9/2022 | $18.43 | 1/10/2023 | $17.59 |
| 11/11/2022 | $18.73 | 12/12/2022 | $18.39 | 1/11/2023 | $17.62 |
| 11/14/2022 | $18.78 | 12/13/2022 | $18.39 | 1/12/2023 | $17.64 |
| 11/15/2022 | $18.80 | 12/14/2022 | $18.36 | 1/13/2023 | $17.67 |
| 11/16/2022 | $18.81 | 12/15/2022 | $18.32 | 1/17/2023 | $17.71 |
| 11/17/2022 | $18.71 | 12/16/2022 | $18.28 | 1/18/2023 | $17.73 |
| 11/18/2022 | $18.64 | 12/19/2022 | $18.22 | 1/19/2023 | $17.76 |
| 11/21/2022 | $18.54 | 12/20/2022 | $18.16 | 1/20/2023 | $17.79 |
| 11/22/2022 | $18.42 | 12/21/2022 | $18.10 | 1/23/2023 | $17.83 |
| 11/23/2022 | $18.34 | 12/22/2022 | $18.04 | 1/24/2023 | $17.85 |
| 11/25/2022 | $18.30 | 12/23/2022 | $17.98 | 1/25/2023 | $17.87 |
| 11/28/2022 | $18.29 | 12/27/2022 | $17.90 | 1/26/2023 | $17.89 |
| 11/29/2022 | $18.29 | 12/28/2022 | $17.83 | 1/27/2023 | $17.90 |
| 11/30/2022 | $18.32 | 12/29/2022 | $17.75 | 1/30/2023 | $17.93 |
| 12/1/2022 | $18.37 | 12/30/2022 | $17.67 | 1/31/2023 | $17.95 |
| 12/2/2022 | $18.44 | 1/3/2023 | $17.62 | 2/1/2023 | $17.98 |

Questions? Call (866) 274-4004 (toll free) or visit www.strategicclaims.net/tds/

**TABLE 3**
**PSLRA PRICE FOR TDS SERIES VV PREFERRED STOCK**

| Date | PSLRA Price | Date | PSLRA Price | Date | PSLRA Price |
|---|---|---|---|---|---|
| 11/4/2022 | $16.24 | 12/5/2022 | $16.59 | 1/4/2023 | $15.63 |
| 11/7/2022 | $16.28 | 12/6/2022 | $16.57 | 1/5/2023 | $15.62 |
| 11/8/2022 | $16.49 | 12/7/2022 | $16.55 | 1/6/2023 | $15.61 |
| 11/9/2022 | $16.47 | 12/8/2022 | $16.52 | 1/9/2023 | $15.61 |
| 11/10/2022 | $16.65 | 12/9/2022 | $16.47 | 1/10/2023 | $15.62 |
| 11/11/2022 | $16.76 | 12/12/2022 | $16.43 | 1/11/2023 | $15.64 |
| 11/14/2022 | $16.82 | 12/13/2022 | $16.42 | 1/12/2023 | $15.66 |
| 11/15/2022 | $16.84 | 12/14/2022 | $16.38 | 1/13/2023 | $15.69 |
| 11/16/2022 | $16.85 | 12/15/2022 | $16.34 | 1/17/2023 | $15.71 |
| 11/17/2022 | $16.81 | 12/16/2022 | $16.28 | 1/18/2023 | $15.73 |
| 11/18/2022 | $16.78 | 12/19/2022 | $16.23 | 1/19/2023 | $15.74 |
| 11/21/2022 | $16.73 | 12/20/2022 | $16.16 | 1/20/2023 | $15.77 |
| 11/22/2022 | $16.65 | 12/21/2022 | $16.10 | 1/23/2023 | $15.80 |
| 11/23/2022 | $16.61 | 12/22/2022 | $16.04 | 1/24/2023 | $15.82 |
| 11/25/2022 | $16.57 | 12/23/2022 | $15.98 | 1/25/2023 | $15.84 |
| 11/28/2022 | $16.57 | 12/27/2022 | $15.91 | 1/26/2023 | $15.86 |
| 11/29/2022 | $16.54 | 12/28/2022 | $15.84 | 1/27/2023 | $15.88 |
| 11/30/2022 | $16.56 | 12/29/2022 | $15.77 | 1/30/2023 | $15.91 |
| 12/1/2022 | $16.58 | 12/30/2022 | $15.70 | 1/31/2023 | $15.93 |
| 12/2/2022 | $16.60 | 1/3/2023 | $15.66 | 2/1/2023 | $15.96 |

### INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible securities that participate in the Settlement, and when those securities were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of shares of TDS common or preferred stock shall be deemed to have occurred on the "trade" date as opposed to the "settlement" or "payment" date.

Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired TDS common or preferred stock by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Under FIFO, sales will be matched against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in TDS common or preferred stock, the earliest purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

Option contracts are not securities eligible to participate in the Settlement. With respect to shares purchased or sold through the exercise of an option, the purchase/sale date of the share shall be the exercise date of the option and the purchase/sale price of the share shall be the exercise price of the option. Any Recognized Loss arising from purchases of shares acquired during the Settlement Class Period through the exercise of an option on TDS common stock[3] shall be computed as provided for other purchases of TDS common stock in the Plan of Allocation.

---

[3] Including (1) purchases of common stock as the result of the exercise of a call option, and (2) assignment of common stock to the seller of a put option as a result of the buyer of such put option exercising that put option.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero.

Settlement Class Members who do not submit acceptable Claim Forms will not share in the Settlement proceeds. Settlement Class Members must document their transactions to be eligible for any recovery hereunder.

The Settlement and the Final Judgment dismissing this Action will bind Settlement Class Members who do not submit a Request for Exclusion and/or submit an acceptable Claim Form.

Please contact the Claims Administrator if you disagree with any determinations made by the Claims Administrator regarding your Claim Form. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

Defendants, Defendants' Counsel, and all other Released Defendants' Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Lead Plaintiff and Lead Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement. No person shall have any claim against the Claims Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

### SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

If you purchased or otherwise acquired TDS securities between May 6, 2022 and November 3, 2022, inclusive, for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN SEVEN CALENDAR (7) DAYS OF YOUR RECEIPT OF NOTICE**, **YOU MUST EITHER**: (a) provide to the Claims Administrator the name, last known address, and e-mail address of each beneficial purchaser/owner for whom you are nominee or custodian; or (b) request additional copies of the Postcard Notice from the Claims Administrator, which will be provided to you free of charge, and **WITHIN SEVEN (7) DAYS** of receipt, mail or email the Postcard Notice directly to all such persons or entities; or (c) request the link to the Notice and Claim Form from the Claims Administrator (or obtain it by visiting the Settlement website listed herein), and **WITHIN SEVEN (7) DAYS** of receipt, email the link directly to all beneficial purchasers/owners for whom you are a nominee or custodian. If they are available, you must also provide the Claims Administrator with the emails of the beneficial purchasers/owners. If you choose to follow procedure (b) or (c), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of the Postcard Notices and/or the link to the Notice and Claim Form from the Claims Administrator, and keep a record of the names and mailing addresses used.

Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred up to a maximum of $0.02 per name, address, and email address provided to the Claims Administrator; or up to $0.02 per Postcard Notice actually mailed, plus postage at the pre-sort rate used by Claims Administrator; or up to $0.02 per link to the Notice and Claim Form transmitted by email, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. Copies of this Notice and the Claim Form may be obtained from the website maintained by the Claims Administrator. All communications concerning the foregoing should be addressed to the Claims Administrator by telephone at (866) 274-4004, by email at info@strategicclaims.net, at the Settlement website at www.strategicclaims.net/tds/ or through mail at TDS Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063.

Dated: May 8, 2025

                                      BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| HOWARD M. RENSIN, TRUSTEE OF THE RENSIN JOINT TRUST, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES CELLULAR CORPORATION, LAURENT C. THERIVEL, DOUGLAS W. CHAMBERS, and TELEPHONE AND DATA SYSTEMS, INC., <br><br> Defendants. | Case No. 1:23-cv-02764-MMR <br><br> **CLASS ACTION** |

**PROOF OF CLAIM AND RELEASE**

## I.      GENERAL INSTRUCTIONS

1.      It is important that you completely read the Notice of Pendency of Class Action and Proposed Settlement, Settlement Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice") that accompanies this Proof of Claim and Release ("Claim Form"), including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice is also available on the Settlement website at: www.strategicclaims.net/tds/. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of the action entitled *Howard M. Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, Case No. 1:23-cv-02764 (N.D. Ill.) (the "Action"), you must complete and, on page 20 below, sign this Claim Form. If you fail to submit a timely and properly addressed (as explained in paragraph 4 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

3.      Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action.

4.      **YOU MUST SUBMIT YOUR COMPLETED PROOF OF CLAIM FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, SO THAT IT IS POSTMARKED (FOR U.S. MAIL) OR RECEIVED BY THE PRIVATE CARRIER (FOR FEDEX, UPS, ETC.) OR RECEIVED BY THE CLAIMS ADMINISTRATOR (IF SUBMITTED ONLINE) NO LATER THAN 11:59 P.M. ET ON AUGUST 27, 2025, ADDRESSED AS FOLLOWS**:

TDS Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net
www.strategicclaims.net/tds/

16

5.       If you are a member of the Settlement Class (as defined in the Notice) and you do not timely request exclusion in response to the Notice dated May 8, 2025, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

## II.      CLAIMANT IDENTIFICATION

1.       By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. If you are not a Settlement Class Member (see the definition of the Settlement Class on page 5 of the Notice), do not submit a Claim Form. **You may not, directly or indirectly, participate in the Settlement if you are not a Settlement Class Member.** Thus, if you are excluded from the Settlement Class, any Claim Form that you submit, or that may be submitted on your behalf, will not be accepted.

2.       Use **Part A** of this form entitled "Claimant Information" to identify each beneficial owner of TDS securities that form the basis of this claim, as well as the owner of record if different. **THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS**. If you held the TDS securities in your own name, you were the beneficial owner as well as the record holder. If, however, your TDS securities were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of those shares, but the third party was the record holder.

3.       All joint owners must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.      IDENTIFICATION OF TRANSACTIONS

1.       Use **Part B** of this form entitled "Schedule of Transactions in TDS Securities" to supply all required details of your transaction(s) in TDS securities. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.       On the schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of TDS securities, whether the transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3.       Copies of broker confirmations or other documentation of your transactions must be submitted with your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN TDS SECURITIES.**

4.       NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with authority to file on behalf of (a) accounts of multiple Settlement Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format. If you are a Representative Filer, you must contact the Claims Administrator at efile@strategicclaims.net or visit their website at www.strategicclaims.net/tds/ to obtain the required file layout. Claims which are not submitted in electronic spreadsheet format and in accordance with the Claims Administrator's instructions may be subject to rejection. All Representative Filers MUST also submit a manually signed Claim Form, as well as proof of authority to file (see Item 3 of the Claimant Identification), along with the electronic spreadsheet format. No claims submitted in electronic spreadsheet format will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

5.       NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.strategicclaims.net/tds/. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Claim Form has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or call (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

17

**TDS**

## PART A – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit, or box number)

| City | State | ZIP/Postal Code |
|---|---|---|
| | | |

| Foreign Country (only if not USA) | Foreign County (only if not USA) |
|---|---|
| | |

| Last Four (4) Digits of Social Security Number | OR | Last Seven (7) Digits of Taxpayer Identification Number |
|---|---|---|
| _____ | | _____ |

| Telephone Number (home) | Telephone Number (work) |
|---|---|
| | |

Email Address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box):
- ☐ Individual (includes joint owner accounts)   ☐ Pension Plan   ☐ Trust
- ☐ Corporation   ☐ Estate
- ☐ IRA/401K   ☐ Other _____ (please specify)

Identify any professional roles, by job title and dates (including but not limited to, director, officer, employee, consultant, agent), you have ever had at Telephone and Data Systems, Inc. or United States Cellular Corporation.

18

TDS

### PART B: SCHEDULE OF TRANSACTIONS IN TDS SECURITIES

Do not include information regarding any securities other than TDS securities. Include proper documentation with your Claim Form as described in detail in Section III – Identification of Transactions, above.

| TRANSACTIONS IN TDS SECURITIES<br>Trading Symbols: TDS, TDSPrU, TDSPrV (NYSE)<br>CUSIPs: 879433829, 879433761, 879433787 | | | | | |
|---|---|---|---|---|---|
| **1. HOLDINGS AS OF MAY 6, 2022** – State the total number of shares of each class or series of TDS securities held as of the opening of trading on May 6, 2022. If none, write "zero" or "0." (Must be documented.)<br>TDS:　　　　　　　　　TDSPrU:　　　　　　　　　TDSPrV: | | | | | |
| | | | | | |
| **2. PURCHASES/ACQUISITIONS FROM MAY 6. 2022 THROUGH FEBRUARY 1, 2023** – Separately list each and every purchase or acquisition of shares of TDS securities from May 6, 2022 through February 1, 2023, inclusive. (Must be documented.) | | | | | |
| Date of Purchase / Acquisition (List Chronologically) (MM/DD/YY) | Number of Shares Purchased / Acquired | Purchase / Acquisition Price Per Share | Total Purchase / Acquisition Price (excluding any taxes, commissions, and fees) | Confirm Proof of Purchase / Acquisition Enclosed | Stock Symbol: TDS, TDSPrU, TDSPrV |
| /　/ | | $ | $ | ☐ | |
| /　/ | | $ | $ | ☐ | |
| /　/ | | $ | $ | ☐ | |
| /　/ | | $ | $ | ☐ | |
| **3. SALES FROM MAY 6, 2022 THROUGH FEBRUARY 1, 2023** – Separately list each and every sale or disposition of TDS shares from May 6, 2022 through February 1, 2023, inclusive. (Must be documented.) | | | | | |
| Date of Sale / Disposition (List Chronologically) (MM/DD/YY) | Number of Shares Sold / Disposed | Sale / Disposition Price Per Share | Total Sale Price (excluding any taxes, commissions, and fees) | Confirm Proof of Sale / Disposition Enclosed | Stock Symbol: TDS, TDSPrU, TDSPrV |
| /　/ | | $ | $ | ☐ | |
| /　/ | | $ | $ | ☐ | |
| /　/ | | $ | $ | ☐ | |
| /　/ | | $ | $ | ☐ | |
| **4. HOLDINGS AS OF FEBRUARY 1, 2023** – State the total number of each class or series of TDS securities held as of the close of trading on February 1, 2023. If none, write "zero" or "0." (Must be documented.)<br>TDS:　　　　　　　　　TDSPrU:　　　　　　　　　TDSPrV: | | | | | |
| **IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX: ☐** | | | | | |

**TDS**

## IV.  SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

By signing and submitting this Claim Form, the claimant(s) or the person(s) acting on behalf of the claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Stipulation of Settlement described in the accompanying Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of Illinois (the "Court") with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I (we) will be bound by the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in eligible TDS securities, if required to do so. I (We) have not submitted any other claim covering the same transactions in TDS securities during the Settlement Class Period and know of no other person having done so on my (our) behalf.

## V.  RELEASES, WARRANTIES, AND CERTIFICATION

1.     I (We) hereby warrant and represent that I am (we are) a Settlement Class Member(s) as defined in the Notice, that I am (we are) not excluded from the Settlement Class, that I am (we are) not one of the "Released Defendants' Parties" as defined in the Notice.

2.     As a Settlement Class Member(s), I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge with prejudice the Released Plaintiff's Parties' Claims as to each and all of the Released Defendants' Parties (as these terms are defined in the Notice). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

3.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions and sales of TDS securities that occurred during the Settlement Class Period and the number of shares of TDS securities held by me (us), to the extent requested.

5.     I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct.

Executed this _____ day of _____, in _____, _____
                                 (Month / Year)                (City)              (State/Country)

_____        _____
Signature of Claimant                                        Signature of Joint Claimant, if any

_____        _____
Print Name of Claimant                                      Print Name of Joint Claimant, if any

(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

20

ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.

---

**REMINDER CHECKLIST:**

1.  Please sign this Claim Form.

2.  DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3.  Attach only copies of supporting documentation as these documents will not be returned to you.

4.  Keep a copy of your Claim Form for your records.

5.  The Claims Administrator will acknowledge receipt of your Claim Form by mail or email, within 60 days. **Your claim is not deemed submitted until you receive an acknowledgment email (or postcard if email is not available).** If you do not receive an acknowledgment email or postcard within 60 days, please call the Claims Administrator toll free at (866) 274-4004.

6.  If you move after submitting this Claim Form, please notify the Claims Administrator of the change in your address; otherwise, you may not receive additional notices or payment.

21

TDS Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**

## REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS
STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202      EMAIL: info@strategicclaims.net      FAX: (610) 565-7985

May 22, 2025

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential Settlement Class Members.

**We request that you assist us in identifying any individuals/entities who fit the following description:**

ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED TELEPHONE AND DATA SYSTEMS, INC. ("TDS") COMMON OR PREFERRED STOCK BETWEEN MAY 6, 2022 AND NOVEMBER 3, 2022, INCLUSIVE.

Excluded from the Settlement Class are United States Cellular Corporation, TDS, and their subsidiaries and affiliates, and their respective officers and directors at all relevant times, and any of their immediate families, legal representatives, heirs, successors, or assigns, and any entity in which any Defendant has or had a controlling interest.

**The information below may assist you in finding the above requested information:**

| | |
|---|---|
| TDS Securities Litigation<br>Case No. 1:23-cv-02764<br>Exclusion Deadline: August 13, 2025<br>Objection Deadline: August 13, 2025<br>Notice to Appear Deadline: August 13, 2025<br>Claim Filing Deadline: August 27, 2025<br>Settlement Hearing: September 3, 2025 | **Security Identifiers:**<br>CUSIP Number: 879433829 (Common); 879433761 (Preferred Series VV); and 879433787 (Preferred Series UU)<br>ISIN: US8794338298 (Common); US8794337613 (Preferred Series VV); and US8794337878 (Preferred Series UU)<br>SEDOL: B6YR5K3 (Common); BNSNM38 (Preferred Series VV); and BMDKP83 (Preferred Series UU)<br>Ticker Symbol: TDS (Common); TDSPrV (Preferred Series VV); and TDSPrU (Preferred Series UU) |

**PER COURT ORDER, PLEASE RESPOND WITHIN 7 CALENDAR DAYS FROM THE DATE OF THIS NOTICE.**

Please comply in one of the following ways:
1.  If you have no beneficial purchasers/owners, please so advise us in writing; or
2.  **Supply us with names, last known addresses, and email addresses (to the extent known)** of your beneficial purchasers/owners and we will do the emailing of the link to the Notice of Pendency of Class Action and Proposed Settlement, Settlement Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses and the Proof of Claim and Release ("Notice and Claim Form") or mailing of the Postcard Notice. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3.  Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample postcards to do the mailing. After the receipt of the Postcard Notices, you have seven (7) calendar days to mail them; or
4.  Request the link to the Notice and Claim Form and email the link to each of your beneficial purchasers/owners within seven (7) calendar days after receipt thereof.

You can bill us for any reasonable expenses actually incurred and **not to exceed:**
•  **$0.02 per Notice and Claim Form link emailed,** OR
•  **$0.02 per name, address and email address** if you are providing us the records, OR
•  **$0.02 per name and address, including materials, plus postage at the pre-sort rate used by the Claims Administrator** if you are requesting the Postcard Notice and performing the mailing.

**All invoices must be received within 30 days of this letter.**

You are on record as having been notified of the legal matter. A copy of the Notice and Claim Form and other important case-related documents are available on our website at www.strategicclaims.net/tds/. You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.

Sincerely,
Claims Administrator
TDS Securities Litigation

# EXHIBIT C

TDS Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

Case No. 1:23-cv-02764-MMR
Case Pending in the United States
District Court for the Northern District of Illinois

**Court-Ordered Legal Notice**

**Forwarding Service Requested**

*Important Notice about a
Securities Class Action Settlement*

*You may be entitled to a payment.
This Notice may affect your legal
rights.*

*Please read it carefully.*

**THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.**
**PLEASE VISIT WWW.STRATEGICCLAIMS.NET/TDS/ FOR MORE INFORMATION.**

There has been a proposed Settlement of claims that United States Cellular Corporation ("UScellular"), UScellular's parent company Telephone and Data Systems, Inc. ("TDS"), and certain of their officers and directors, violated federal securities laws by disseminating materially false and misleading information to investors about UScellular's expense discipline, in-store traffic, and timeline for promotion benefits. Defendants deny any wrongdoing.

You have received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired TDS securities during the Settlement Class Period from May 6, 2022 through November 3, 2022, both dates inclusive.

Defendants have agreed to pay a Settlement Amount of $7,750,000. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, any award issued to the Lead Plaintiff, and taxes, is to be divided among all Settlement Class Members who timely submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Settlement Class Members of claims related to this case. **For all details of the Settlement, read the Stipulation of Settlement and the Notice of Pendency of Class Action and Proposed Settlement, Settlement Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "detailed Notice"), available at www.strategicclaims.net/tds/.**

**To qualify for payment, you must submit a Claim Form**. The Claim Form can be found on the website www.strategicclaims.net/tds/, or will be mailed to you upon request to the Claims Administrator at (866) 274-4004. **Claim Forms must be postmarked (for US mail), received by the private carrier (for FedEx, UPS, etc.), or submitted online, by August 27, 2025 at the Claims Administrator's address below.** If you do not want to be legally bound by the Settlement, you must exclude yourself by August 13, 2025, or you will not be able to sue the Defendants about your claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by August 13, 2025. The detailed Notice explains how to submit a Claim Form, exclude yourself, or object.

The Court will hold a hearing on September 3, 2025 at 1:00 p.m. to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to one-third of the Settlement Fund in attorneys' fees, plus actual expenses of up to $350,000, for litigating the case and negotiating the Settlement, and to consider whether to approve reimbursement of Lead Plaintiff's costs and expenses related to his representation of the Settlement Class. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (866) 274-4004, or visit the website www.strategicclaims.net/tds/ and read the detailed Notice.

**Your Options:** You can file a claim, object to the Settlement, exclude yourself from the Settlement Class, or do nothing. Unless you exclude yourself from the Settlement Class, you will be bound by the Settlement and you will release any claims you may have against the Released Defendants' Parties. More information, including how to object or exclude yourself, is contained in the detailed Notice and the Claim Form.

**Deadlines:** Claims must be filed by: August 27, 2025; Settlement objections must be submitted by August 13, 2025; requests for exclusion from the Settlement Class must be submitted by August 13, 2025, and the Court's Settlement Hearing on final approval of the Settlement is scheduled for September 3, 2025.

**Lead Plaintiff's Counsel's Representative**: The Claims Administrator, Strategic Claims Services, is available to answer questions concerning the Settlement or any matter contained in the detailed Notice. You may contact the Claims Administrator by calling (866) 274-4004, emailing info@strategicclaims.net, or writing to: TDS Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063.

**EXHIBIT D**



<br>

Josephine Bravata <jbravata@strategicclaims.net>

---

**GlobeNewswire Release Distribution Confirmation: Levi & Korsinsky, LLP**
1 message

---

**donotreply@globenewswire.com** <donotreply@globenewswire.com>　　　　　　　　Mon, Jun 9, 2025 at 9:00 AM
To: jbravata@strategicclaims.net
Cc: mcraig@strategicclaims.net, sevans@strategicclaims.net, jbravata@strategicclaims.net, fknowles@strategicclaims.net



Boost the trust and credibility of your next press release. Get CLEAR Verified by GlobeNewswire

## Release Distribution Confirmation

### Levi & Korsinsky, LLP Announces Proposed Class Action Settlement on Behalf of Purchasers of Telephone and Data Systems, Inc. Securities (NYSE: TDS)

**Cross time: 06/09/25 09:00 AM ET: Eastern Time - View release on GlobeNewswire.com**

**This email message serves as a formal confirmation that your release was transmitted on GlobeNewswire's distribution network as requested, including any fax or email broadcasts.**

**If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930**

---

This message was distributed by GlobeNewswire.
2321 Rosecrans Ave. Ste 2200, El Segundo, CA, 90245, USA. +1-800-307-6627. www.globenewswire.com

You received this email because you have an account with GlobeNewswire.

If you have any questions, please send an email to support　globenewswire.com or Contact Us

# Levi & Korsinsky, LLP Announces Proposed Class Action Settlement on Behalf of Purchasers of Telephone and Data Systems, Inc. Securities (NYSE: TDS)

June 09, 2025 09:00 ET | Source: Levi & Korsinsky, LLP

 Follow

NEW YORK, June 09, 2025 (GLOBE NEWSWIRE) -- Levi & Korsinsky, LLP announces that the United States District Court for the Northern District of Illinois, Eastern Division has approved the following announcement of a proposed class action settlement that would benefit purchasers of Telephone and Data Systems, Inc. ("TDS") securities (NYSE: TDS, TDSPrU, TDSPrV):

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED CLASS ACTION SETTLEMENT, SETTLEMENT HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**To: All persons and entities similarly situated, other than Defendants,** who purchased or otherwise acquired securities of TDS between May 6, 2022 and November 3, 2022, inclusive (the "Settlement Class").

Excluded from the Settlement Class are Defendants, TDS and United States Cellular Corporation ("UScellular") and their subsidiaries, affiliates, and respective officers and directors at all relevant times, and any of their immediate families, legal representatives, heirs, successors, or assigns, and any entity in which any Defendant has or had a controlling interest. Also excluded from the Settlement Class are all persons or entities who would otherwise be members of the Settlement Class, but who exclude themselves by validly and timely submitting a request for exclusion.[1]

YOU ARE HEREBY NOTIFIED, pursuant to Federal Rule of Civil Procedure 23 and an Order of the United States District Court for the Northern District of Illinois, that the Court-appointed Lead Plaintiff, Howard M. Rensin, Trustee Of The Rensin Joint Trust, on behalf of himself and all members of the Settlement Class, and TDS, UScellular, Laurent C. Therivel, and Douglas W. Chambers (collectively, "Defendants"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $7,750,000.00 (the "Settlement"). Lead Plaintiff and Lead Counsel estimate that if all affected TDS shares elect to participate in the Settlement, the average recovery per share could be approximately $0.50 for TDS common stock, $0.11 for TDS Series UU preferred stock, and $0.10 for TDS Series VV preferred stock, before deduction of any fees, expenses, costs, and awards as described in the Notice of Pendency of Class Action and Proposed Settlement, Settlement Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "detailed Notice").

In exchange for the Settlement and the release of the Releasing Plaintiff's Parties' Claims against the Released Defendants' Parties, Defendants have agreed to create a $7,750,000.00 cash fund, which may accrue interest, to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Settlement Class Members who submit valid Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

Share

A hearing will be held before the Honorable Mary M. Rowland on September 3, 2025, 2025 at 1:00 p.m., in Courtroom 1225 of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604 (the "Settlement Hearing") to, among other things, consider whether: (i) the Settlement is fair, reasonable, and adequate, and should be approved; (ii) the proposed plan for allocating the proceeds of the Settlement to Settlement Class Members (the "Plan of Allocation") is fair and reasonable and should be approved; and (iii) Lead Counsel's application for attorneys' fees and reimbursement of litigation expenses, and any award to the Lead Plaintiff for his time and expenses in representing the interests of the Settlement Class, are reasonable and should be approved. This notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, object, or be excluded from the Settlement Class. The Court may change the date of the Settlement Hearing, or hold it telephonically or via videoconference, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** A detailed Notice and Claim Form can be obtained by visiting the Settlement website, www.strategicclaims.net/tds/, or by contacting the Claims Administrator at:

> TDS Securities Litigation
> c/o Strategic Claims Services
> P.O. Box 230
> 600 N. Jackson Street, Suite 205
> Media, PA 19063
> info@strategicclaims.net
> Toll-free: (866) 274-4004
> Fax: (610) 565-7985

Inquiries, other than requests for the Notice and Claim Form or for information about the status of a claim, may also be made to Lead Counsel:

> **LEVI & KORSINSKY, LLP**
> Shannon L. Hopkins
> Gregory M. Potrepka
> 1111 Summer Street, Suite 403
> Stamford, CT 06905
> 203-992-4523
> shopkins@zlk.com
> gpotrepka@zlk.com

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form **postmarked (for U.S. mail), received by the private carrier (for FedEx, UPS, etc.), or submitted online no later than August 27, 2025 to the Claims Administrator at the address above.** If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the detailed Notice such that it is **postmarked (for U.S. mail), received by the private carrier (for FedEx, UPS, etc.), or e-mailed, no later than August 13, 2025 to the Claims Administrator.** If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's Fee and Expense Application including a Lead Plaintiff Award, and/or the proposed Plan of Allocation, must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the detailed Notice, such that they are **postmarked (for U.S. mail), received by the private carrier (for FedEx, UPS, etc.), or e-mailed, no later than August 13, 2025.**

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: MAY 8, 2025

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

---

[1] Unless otherwise defined herein, all capitalized terms shall maintain the same meaning as those set forth in the Stipulation of Settlement, dated April 25, 2025, which can be viewed and/or obtained at www.strategicclaims.net/tds/.

---

**Tags**

Class Action