**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| HOWARD M. RENSIN, TRUSTEE OF THE RENSIN JOINT TRUST, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ARRAY DIGITAL INFRASTRUCTURE, INC., FKA UNITED STATES CELLULAR CORPORATION, LAURENT C. THERIVEL, DOUGLAS W. CHAMBERS, and TELEPHONE AND DATA SYSTEMS, INC.,<br><br>Defendants. | Case No. 1:23-cv-02764-MMR<br><br>CLASS ACTION<br><br>Honorable Mary M. Rowland |

**REPLY IN SUPPORT OF (I) LEAD PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, AND (II) LEAD COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND AWARD TO LEAD PLAINTIFF**

Lead Plaintiff Howard M. Rensin, Trustee of the Rensin Joint Trust, individually and on behalf of all other members of the Settlement Class,[1] and Lead Counsel Levi & Korsinsky, LLP, respectfully submit this memorandum in further support of Lead Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF Nos. 78-79; the "Final Approval Motion"); and Lead Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Award to Lead Plaintiff (ECF Nos. 80-81; the "Fee and Expense Application" and collectively with the Final Approval Motion, the "Motions"). This reply is supported by the Supplemental Declaration of Josephine Bravata Concerning: (A) Mailing/Emailing of the Notice; (B) Report on Requests for Exclusion and Objections Received to Date; and (C) Claims Received to Date ("SCS Suppl. Decl."), dated August 27, 2025, and attached as Exhibit 9 to the Supplemental Declaration of Gregory M. Potrepka in Further Support of: (1) Lead Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (2) Lead Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Award to Lead Plaintiff ("Suppl. Potrepka Decl."), filed herewith.

## PRELIMINARY STATEMENT

As discussed in Lead Plaintiff's Final Approval Motion, the proposed Settlement provides for a $7,750,000 cash payment for the benefit of the Settlement Class and is the result of well-informed, arm's-length negotiations. It is more than "fair, reasonable, and adequate" in light of the attendant risks of continued litigation and should be approved. FED. R. CIV. P. 23(e)(2).

The notice plan, as implemented by the Claims Administrator, satisfied the standards of Rule 23 and due process. Pursuant to the Court's May 8, 2025 Preliminary Approval Order (ECF No. 77), the Claims Administrator disseminated 22,377 Notices to potential Settlement Class Members and nominees, in addition to publishing the Summary Notice. *See* SCS Suppl. Decl., ¶3. The deadline for objections and requests for exclusions has passed and not a single Settlement

---

[1] All capitalized terms not otherwise defined herein have the same meaning as those in the Stipulation of Settlement, dated April 25, 2025. *See* ECF No. 74-1.

1

Class Member has objected to any aspect of the Motions, or requested exclusion. *Id.*, ¶¶7-8. The purely positive reception by the Settlement Class strongly supports final approval of the Settlement and the Fee and Expense Application.

Accordingly, Lead Plaintiff and Lead Counsel respectfully submit that the reaction of the Settlement Class demonstrates the fairness, adequacy, and reasonableness of the Settlement, Plan of Allocation, Lead Counsel's request for attorneys' fees and expenses, and the requested award to Lead Plaintiff, and supports approval of the Motions. Specifically, Lead Plaintiff and Lead Counsel request the Court enter the proposed orders submitted concurrently herewith pursuant to Your Honor's Case Procedures concerning Proposed Orders and the Court's August 1, 2025 Notification of Docket Entry (ECF No. 83; "Order to Submit Proposed Orders"):

1. The stipulated [Proposed] Order and Final Judgment, which is in substantially the same form as Exhibit B to the Stipulation (ECF No. 74-1);

2. Lead Plaintiff's [Proposed] Order Approving Plan of Allocation; and

3. Lead Counsel's [Proposed] Order Awarding Attorneys' Fees and Litigation Expenses.

**ARGUMENT**

**I.     The Court-Approved Notice Program is Complete and Satisfied Rule 23 and Due Process**

The notice plan, as implemented by the Claims Administrator, constituted the best notice practicable under the circumstances and provided Settlement Class Members with information reasonably necessary to evaluate their options. *See* FED. R. CIV. P. 23(e)(1)(B).

On July 30, 2025, in connection the Motions, Lead Plaintiff filed the Declaration of Josephine Bravata Concerning: (A) Mailing/Emailing of the Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections Received to Date (ECF No. 82-1; the "Initial Mailing Decl."). Ms. Bravata, on behalf of the Claims Administrator, Strategic Claims Services ("SCS"), attested to the Notice having been provided to the Settlement Class in compliance with the method and deadlines set forth in the Court's Preliminary Approval Order. Specifically, the Claims Administrator emailed or mailed the Postcard Notice to potential

Settlement Class members; maintained a Settlement website where downloadable versions of the Notice and Claim Form are available; maintained a toll-free telephone number for Settlement Class Members to call and obtain information; and had the Summary Notice transmitted over *GlobeNewswire*. Initial Mailing Decl., ¶¶2-13.

As of August 27, 2025, SCS reports that it has mailed or emailed a total of 22,377 Notices to potential Settlement Class Members or their nominees. *See* SCS Suppl. Decl., ¶3. As of the same date, SCS has remailed 133 Notices to persons whose original mailing was returned by the United States Postal Service and for whom updated addresses were obtained through forwarding address provided by the Postal Service or after being "skip-traced." *Id*. at 4; Initial Mailing Decl., ¶10.

As of August 27, 2025, SCS also reports that it has received 10,122 claims from potential Settlement Class Members. SCS Suppl. Decl., ¶9. SCS is currently conducting quality assurance reviews of the submitted claims, including verifying that each claim includes the requisite supporting documentation and identifying any duplicative claims. *Id*.

As more fully described in the Final Approval Motion, the Notice provided all the required and necessary information to permit Settlement Class Members to make a fully informed decision regarding the Settlement, the Plan of Allocation, and Fee and Expense Application. ECF Nos. 79, 82-1 (Exhibit 1-A). This included apprising Settlement Class Members of their rights to object and to exclude themselves from the Class by August 13, 2025. ECF No. 82-1, Ex. 1-A at 7-9.

The Notice, Summary Notice, and Postcard Notice were disseminated in the Court-approved process, and clearly and concisely explained the nature of the action and the rights of Settlement Class Members. Accordingly, the form, content, and distribution of notice satisfied all requirements of Rule 23 and due process. *See* ECF No. 77 at ¶9 (finding that Lead Plaintiff's proposed notice satisfies all of the requirements of Rule 23 and due process); *In re Advocate Aurora Health Pixel Litig.*, 740 F. Supp. 3d 736, 745, 748 (July 10, 2024) (finding similar notice protocol was "the best notice … practicable[.]"); *In re Clearview AI, Inc.*, 2025 WL 1371330, at *10 (N.D. Ill. May 12, 2025) ("Neither Rule 23 nor due process requires that every class member

3

actually receives notice. Instead, notice suffices if it is reasonably calculated to reach the absent parties."); *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 665 (7th Cir. 2015) (similar).

The Court-ordered deadline for Settlement Class Members to: (1) object to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation, or the Fee and Expense Application; or (2) submit a Request for Exclusion from the Class was August 13, 2025. *See* ECF No. 77 at ¶¶13, 15. As explained below, there have been no objections or requests for exclusions. *See* SCS Suppl. Decl., ¶¶7-8. This outcome weighs heavily in favor of granting final approval of the Settlement, the Plan of Allocation, and the Fee and Expense Application.

**II.      The Positive Reaction of the Settlement Class Strong Supports Final Approval of the Settlement and Plan of Allocation**

Where there is "[n]ot a single objection to the proposed Settlement[,]" that "positive response to the Settlement by the Class is strong evidence that the settlement is fair, reasonable, and adequate and should be approved." *Goldsmith v. Tech. Solutions Co.*, 1995 WL 17009594, at *5 (N.D. Ill. Oct. 10, 1995). Here, following the robust notice program, there have been no objections to any aspect of the Settlement or the Plan of Allocation. *See* SCS Suppl. Decl., ¶8. This fact weighs strongly in favor of final approval. Indeed, courts often approve class action settlements where, as here, there are few or no objections. *See Arango v. Landry's, Inc.*, 2015 WL 5673878, at *2 (N.D. Ill. Aug. 27, 2015) ("No objections to the Settlement were made by the Class Members, and this fact likewise supports approval."); *Retsky Family Ltd. P'ship v. Price Waterhouse LLP*, 2001 WL 1568856, at *3 (N.D. Ill. 2001) (similar); *Fryman v. Atlas Fin. Holdings, Inc.*, 2023 WL 6536967, at *4 (N.D. Ill. Sept. 6, 2023) (finding the plan of allocation was "fair and reasonable" particularly given that "[t]here were no objections to [it]").

The absence of objections is notable as it indicates that institutional investors overwhelmingly support the Settlement. *See, e.g., In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018), *aff'd sub nom. In re Facebook, Inc.*, 822 F. App'x 40 (2d Cir. 2020) ("That not one sophisticated institutional investor objected to the Proposed Settlement is indicia of its fairness.").

4

The lack of requests for exclusion also reflects the Settlement Class's endorsement of the Settlement and provides further support for the Court's final approval. Indeed, where no or a "small number of class members … opt[] out[,]" it "further supports the fairness and reasonableness of the settlement." *In re: Sears, Roebuck and Co. Front-Loading Washer Products Liability Litig.*, 2016 WL 772785, at *11 (N.D. Ill. Feb. 29, 2016); *Shah v. Zimmer Biomet Holdings, Inc.*, 2020 WL 5627171, at *7 (N.D. Ind. Sept. 18, 2020) (similar); *Douglas v. Western Union Co.*, 328 F.R.D. 204, 216 (N.D. Ill. Aug. 31, 2018) (An "extremely low percentage of opposition favors a finding that the settlement is fair, reasonable, and adequate.").

III.    **The Positive Reaction of the Settlement Class Strongly Supports Approval of the Fee and Expense Application**

The Notice informed Settlement Class Members that Lead Counsel intended to apply for: (i) an award of attorneys' fees of no more than one-third of the Settlement Fund; (ii) reimbursement of expenses of no more than $350,000.00; and (iii) an award to Lead Plaintiff not to exceed $20,000. *See* ECF No. 82-1, Ex. 1-A at 2, 8. The Notice informed Settlement Class Members that they had a right to object to the request for attorneys' fees and expenses, and to the Lead Plaintiff award. *Id*. at 8-9.

Lead Counsel filed the Fee and Expense Application on July 30, 2025, seeking attorneys' fees of $2,583,333.33 (one-third of the Settlement Fund, which is well within, if not below, the range of fees routinely awarded in similar matters), reimbursement of $106,945.65 (plus interest accrued thereon) for litigation expenses incurred, and a $20,000 award to Lead Plaintiff. *See* ECF Nos. 80-81. No objections to the Fee and Expense Application were filed or otherwise received by Lead Counsel. *See* SCS Suppl. Decl., ¶8. The lack of objections strongly supports finding that the requested attorneys' fees and expenses, and Lead Plaintiff award are fair and reasonable, weighing in favor of approval. *See McDaniel v. Qwest Commc'ns. Corp.*, 2011 WL 13257336, at *4 (Aug. 29, 2011) ("The number and quality of objections are often deemed indicative of the class's reaction to a request for attorneys' fees."); *id*. at *16 (absence of objections to incentive award supports approval); *Retsky*, 2001 WL 1568856, at *4 (Where "no member of the plaintiff

5

class has objected to the request for attorney's fees[,]" it "suggests that the requested attorney's fees are reasonable."); *Silverman v. Motorola Solutions, Inc.*, 739 F.3d 956, 959 (7th Cir. 2013) (absence of objections from institutional investors contributes to finding the requested attorneys' fees and expenses reasonable); *In re GoHealth, Inc. Sec. Litig.*, 2024 WL 3647088, at *1-2 (N.D. Ill. May 22, 2024) (finding requested attorneys' fee "plus interest at the same rate earned by the Settlement Fund" and expenses "plus accrued interest" thereon "fair and reasonable[,]" especially given there were "no objections to the fees or expenses[.]").

## CONCLUSION

For all the reasons stated herein, and in the Motions, (ECF Nos. 79-81), Lead Plaintiff and Lead Counsel respectfully request that the Court enter the Proposed Order and Final Judgment, [Proposed] Order Approving Plan of Allocation, and [Proposed] Order Awarding Attorneys' Fees and Litigation Expenses, submitted herewith in accordance with Your Honor's Case Procedures concerning Proposed Orders and the Order to Submit Proposed Orders.

Dated: August 27, 2025                    Respectfully submitted,

                                          */s/ Carol V. Gilden*

                                          **COHEN MILSTEIN**
                                          **SELLERS & TOLL, PLLC**
                                          Carol V. Gilden (IL Bar: 6185530)
                                          200 South Wacker Dr., Suite 2375
                                          Chicago, Illinois 60606
                                          Tel: (312) 629-3737
                                          Fax: (312) 357-0369
                                          cgilden@cohenmilstein.com

                                          *Liaison Counsel for Lead Plaintiff*
                                          *and the Settlement Class*

                                          **LEVI & KORSINSKY, LLP**
                                          Shannon L. Hopkins (*pro hac vice*)
                                          Gregory M. Potrepka (*pro hac vice*)
                                          Morgan M. Embleton (*pro hac vice*)
                                          David C. Jaynes (*pro hac vice*)
                                          1111 Summer Street, Suite 403
                                          Stamford, CT 06905

6

Tel: (203) 992-4523
Fax: (212) 363-7171
gpotrepka@zlk.com
shopkins@zlk.com
membleton@zlk.com
djaynes@zlk.com

*Lead Counsel for Lead Plaintiff*
*and the Settlement Class*

7