# EXHIBIT 9

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| HOWARD M. RENSIN, TRUSTEE OF THE RENSIN JOINT TRUST, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ARRAY DIGITAL INFRASTRUCTURE, INC., FKA UNITED STATES CELLULAR CORPORATION, LAURENT C. THERIVEL, DOUGLAS W. CHAMBERS, and TELEPHONE AND DATA SYSTEMS, INC.,<br><br>Defendants. | Case No. 1:23-cv-02764<br><br>Hon. Mary M. Rowland |

**SUPPLEMENTAL DECLARATION OF JOSEPHINE BRAVATA CONCERNING: (A) MAILING/EMAILING OF THE NOTICE; (B) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS RECEIVED TO DATE; AND (C) CLAIMS RECEIVED TO DATE**

I, Josephine Bravata, declare as follows:

1.      I am the Director of Quality Assurance of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm.  I have over twenty years of experience specializing in the administration of class action cases.  SCS was established in April 1999 and has administered over five hundred and seventy-five (575) class action cases since its inception.  I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

**UPDATE ON MAILING/EMAILING OF THE NOTICE**

2.      Pursuant to the Court's Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, dated May 8, 2025 (Dkt. No. 77, the "Preliminary Approval Order"), SCS

1

was approved as the Claims Administrator in connection with the Settlement of the above-captioned action.[1] I submit this declaration as a supplement to the previously filed Declaration of Josephine Bravata Concerning: (A) Mailing/Emailing of the Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections Received to Date, dated July 30, 2025 (Dkt. No. 82-1, the "Initial Mailing Declaration") in order to provide the Court and the Parties with updated information regarding the dissemination of notice to potential Settlement Class Members, as well as updates concerning other aspects of the Settlement administration process.

3.      As reported in the Initial Mailing Declaration, SCS mailed or emailed 2,463 letters to the Nominee Account Holders and Institutional Groups contained on SCS's master mailing list. Additionally, there were 12,961 Postcard Notices mailed to potential Settlement Class Members and nominees by SCS or nominees.  SCS also emailed 1,276 links to the Notice and Claim Form received from Lead Counsel and nominees to potential Settlement Class Members, and SCS was notified by a nominee that they emailed 8,136 of their clients to notify them of this settlement and provided a direct link to the Notice and Claim Form on the settlement website. On August 26, 2025, SCS received mailing addresses for four potential Settlement Class Members from a third party nominee and a request from the nominee to mail Postcard Notices to such potential Settlement Class Members. Accordingly, on August 26, 2025, SCS mailed four additional Postcard Notices (containing a link to the settlement website where the Notice and Claim Form is located) to the four additional potential Settlement Class Members and, pursuant to Paragraph 8.3(b) of the Stipulation which permits Lead Counsel and SCS to accept late claims, SCS advised the potential

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation of Settlement, dated April 25, 2025 (Dkt. No. 74-1, the "Stipulation").

Settlement Class Members that their claim would be processed if received on or before September 26, 2025. This was noted on an envelope sent to the address of these four potential Settlement Class Members. In total, as of the date of this supplemental declaration, 2,463 letters were mailed or emailed to the Nominee Account Holders and Institutional Groups and 22,377 potential Settlement Class Members were notified either by mailed Postcard Notice or emailed a direct link to the Notice and Claim Form.

4.      Since the Initial Mailing Declaration, an additional 57 Postcard Notices were returned as undeliverable.  Of these, the United States Postal Service provided forwarding addresses for three, and SCS immediately mailed another Postcard Notice to the updated addresses. The remaining 54 Postcard Notices returned as undeliverable were "skip-traced" to obtain updated addresses and 22 were re-mailed to updated addresses.

**UPDATE ON TOLL-FREE TELEPHONE LINE**

5.      The Initial Mailing Declaration noted that SCS maintains a toll-free telephone number (1-866-274-4004) for Settlement Class Members to call and obtain information about the Settlement.  SCS continues to promptly respond to each telephone inquiry and will continue to respond to Settlement Class Member inquiries via the toll-free telephone number through the claim administration process.

**UPDATE ON SETTLEMENT WEBSITE**

6.      The Initial Mailing Declaration also noted that on May 20, 2025, SCS established a webpage on its website at www.strategicclaims.net/tds/.  The website is accessible 24 hours a day, 7 days a week. The website contains information related to the current status; important case dates; the online claim filing link; important case documents; and a section for the Representative Filers. On July 31, 2025, SCS updated the website with the following documents: Lead Plaintiff's

3

Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation; Lead Plaintiff's Memorandum of Law in Support of Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation; Lead Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Award to Lead Plaintiff; Memorandum in Support of Lead Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Award to Lead Plaintiff; and Declaration of Gregory M. Potrepka in Support of (I) Lead Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation, and (II) Lead Counsel's Motion for Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Award to Lead Plaintiff. SCS will continue to maintain and, as appropriate, update the settlement website with relevant case information through the claim administration process.

## UPDATE ON REPORT ON EXCLUSIONS AND OBJECTIONS

7. The Postcard Notice, Notice, Summary Notice, and the settlement website informed potential Settlement Class Members that written requests for exclusion were to be postmarked (for U.S. mail) or received by the private carrier (for FedEx, UPS, etc.) no later than August 13, 2025. SCS has been monitoring all mail delivered for this case. As of the date of this supplemental declaration, SCS has received no requests for exclusion.

8. According to the Postcard Notice, Notice, and Summary Notice, Settlement Class Members seeking to object to the Settlement or any of its terms, the proposed Plan of Allocation, the application for attorneys' fees and expenses, or any application of an award to Lead Plaintiff must have been submitted to Lead Counsel, Defendants' Counsel, and the Clerk of the Court, postmarked (for U.S. mail) or received by the private carrier (for FedEx, UPS, etc.) no later than

August 13, 2025. As of the date of this supplemental declaration, SCS has not received any objections, and SCS has not been notified that any objection was submitted.

## CLAIMS RECEIVED TO DATE

9. As of the date of this declaration, SCS has received 10,122 claims. The claims filing deadline was either submitted online no later than 11:59 p.m. ET on August 27, 2025 or postmarked (for U.S. mail) or received by the private carrier (for FedEx, UPS, etc.) no later than August 27, 2025. SCS is currently processing the claims received including conducting quality assurance reviews, such as verifying required supporting documentation was submitted with the claim, detecting duplicated claims, etc. Once this process is complete, claimants with incomplete or invalid claims will be given an opportunity to supplement or complete their claims. With these steps currently outstanding, the number of claims considered valid has not yet been determined.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 27th day of August 2025, in Media, Pennsylvania.

Josephine Bravata

5