**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| HOWARD M. RENSIN, TRUSTEE OF THE RENSIN JOINT TRUST, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ARRAY DIGITAL INFRASTRUCTURE, INC., FKA UNITED STATES CELLULAR CORPORATION, LAURENT C. THERIVEL, DOUGLAS W. CHAMBERS, and TELEPHONE AND DATA SYSTEMS, INC.,<br><br>Defendants. | Case No. 1:23-cv-02764-MMR<br><br>CLASS ACTION<br><br>Honorable Mary M. Rowland |

**ORDER AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES, AND A LEAD PLAINTIFF AWARD PURSUANT TO 15 U.S.C. §78u-4(a)(4)**

WHEREAS, this matter came before the Court for hearing on the 3rd day of September, 2025, pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement entered on May 8, 2025 (the "Preliminary Approval Order") and on Lead Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Award to Lead Plaintiff (ECF Nos. 80-81; the "Fee and Expense Application"); and

WHEREAS, the Court has heard all persons properly appearing and requesting to be heard, read and considered the motions and supporting papers, and found good cause appearing;

**NOW, THEREFORE**, after due deliberation, **IT IS ORDERED, ADJUDGED AND DECREED**:

1.      For purposes of this Order, the terms used herein shall have the same meanings as set forth in the Stipulation of Settlement, dated April 25, 2025 ("Stipulation"; ECF No. 74-1)[1];

2.      This Court has jurisdiction over the subject matter of this Action and all matters relating hereto, including all Settlement Class Members who have not timely and validly requested exclusion.

3.      Notice of Lead Counsel's Fee and Expense Application was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the Fee and Expense Application met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Action Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all Persons and entities entitled thereto.

4.      The Court hereby awards Lead Counsel attorneys' fees of 33% of the Settlement Fund, plus expenses in the amount of $106,945.65. The Court finds that the amount of fees awarded is appropriate, fair, and reasonable under the percentage of the fund method given the quality of representation, the time and effort involved, substantial risks of non-recovery, the contingent nature of the representation, awards in similar cases, and the result obtained for the Settlement Class.

---

[1] All capitalized terms not otherwise defined herein are defined in the Stipulation.

5.     The awarded attorneys' fees, expenses, and Lead Plaintiff award shall be paid from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, the terms, conditions, and obligations of which are incorporated herein.

6.     In making this award of fees and expenses to Lead Counsel, the Court has considered and found that:

7.     the Settlement has created a fund of $7,750,000 in cash that is already on deposit, and numerous Settlement Class Members who submit, or have submitted, valid Proof of Claim forms will benefit from the Settlement created by Lead Plaintiff and Lead Counsel;

8.     22,377 copies of the Notice were disseminated to potential Settlement Class Members indicating that Lead Counsel would move for attorneys' fees not to exceed one-third of the Settlement Fund, for expenses in an amount not to exceed $350,000, for an award for the time and expenses incurred by Lead Plaintiff, not to exceed $20,000, and no objections to the fees or expenses were filed by Settlement Class Members;

9.     Lead Counsel has pursued the Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

10.    Lead Counsel has expended substantial time and effort pursuing the Action on behalf of the Settlement Class;

11.    Lead Counsel pursued the Action on a contingent basis, having received no compensation during the Action, and any fee amount has been contingent on the result achieved;

12.    the Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

13.    had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Settlement Class may have recovered less or nothing from Defendants;

14.    Plaintiffs' Counsel devoted over 2,299 hours and 145 hours of paralegal time litigation this Action, with a lodestar value of $1,821,893.75 at current rates, to achieve the Settlement;

15.    Lead Plaintiff approved the amount of attorneys' fees and expenses awarded as fair and reasonable; and

16.    the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Seventh Circuit.

17.    Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards Lead Plaintiff a $ 20,000 for his time and expenses representing the Settlement Class.


IT IS SO ORDERED.

DATED this 4th day of September 2025

BY THE COURT:

_____

HONORABLE MARY M. ROWLAND
UNITED STATES DISTRICT JUDGE

4