**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| HOWARD M. RENSIN, TRUSTEE OF THE RENSIN JOINT TRUST, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ARRAY DIGITAL INFRASTRUCTURE, INC., FKA UNITED STATES CELLULAR CORPORATION, LAURENT C. THERIVEL, DOUGLAS W. CHAMBERS, and TELEPHONE AND DATA SYSTEMS, INC.,<br><br>Defendants. | Case No. 1:23-cv-02764-MMR<br><br>CLASS ACTION<br><br>Honorable Mary M. Rowland |

**FINAL ORDER AND JUDGMENT**

WHEREAS, this matter came before the Court for hearing on the 3rd day of September, 2025, pursuant to the Preliminary Approval Order entered on May 8, 2025 (the "Preliminary Approval Order"), and on the Motion for Final Approval of Class Action Settlement as set forth in the Stipulation of Settlement (the "Stipulation"); and

WHEREAS, the Court has heard all persons properly appearing and requesting to be heard, read and considered the motions and supporting papers, and found good cause appearing; and

It appearing in the record that the Postcard Notice substantially in the form approved by the Court in the Court's Preliminary Approval Order was sent to all reasonably identifiable Settlement Class Members, and the long form Notice substantially in the form approved by the

Court was posted on the Settlement website, both in accordance with the specifications of the Court in the Preliminary Approval Order;

It appearing in the record that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was transmitted electronically in compliance with the Preliminary Approval Order;

**NOW, THEREFORE**, after due deliberation, **IT IS ORDERED, ADJUDGED AND DECREED**:

1. This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on April 25, 2025; and (ii) the Notice, which was filed with the Court therewith. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Settlement Class of: all persons and entities similarly situated, other than Defendants, who purchased or otherwise acquired securities of TDS between May 6, 2022 and November 3, 2022, inclusive. Excluded from the Settlement Class are Defendants, the Companies and their subsidiaries and affiliates, and their respective officers and directors at all relevant times, and any of their immediate families, legal representatives, heirs, successors, or assigns, and any entity in which any Defendant has or had a controlling interest.

4. Pursuant to Federal Rule of Civil Procedure 23, and for the purposes of Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Lead Plaintiff Howard M. Rensin, Trustee Of The Rensin Joint Trust as Class

Representative for the Settlement Class; and finally appoints the law firm of Levi & Korsinsky, LLP as Class Counsel for the Settlement Class.

5. In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); constituted the best notice practicable under the circumstances; and constituted due and efficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all Persons and entities entitled to such notice. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all Settlement Class Members are bound by this Final Order and Judgment.

6. A full and fair opportunity has been offered to Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. There have been no objections to the Settlement.

7. Pursuant to Federal Rule of Civil Procedure 23(e)(2), this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity, risks, and expense of further litigation, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate. The Court has further considered and found that: (1) the Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (2) the Settlement was negotiated at arm's length and in good-faith; (3) the relief provided for the Settlement Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of the proposed method of distributing relief to the Settlement Class; (iii) the terms of the proposed award of attorney's fees; and (iv) agreements identified pursuant to Federal Rule of Civil Procedure 23(e)(3); and (4) the Settlement treats Settlement Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

8. The operative Complaint, filed on September 1, 2023, is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9. The Court finds that during the course of the Action, Lead Plaintiff and Defendants and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10. Upon the Effective Date, the Releasing Plaintiff's Parties release as against Released Defendants' Parties the Releasing Plaintiff's Parties' Claims, and are deemed by operation of this Judgment to have fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Releasing Plaintiff's Parties' Claims against each and every one of the Released Defendants' Parties and are forever barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Releasing Plaintiff's Parties' Claims against any and all of the Released Defendants' Parties.

11. Upon the Effective Date, Defendants release as against Released Plaintiff's Parties the Releasing Defendants' Parties' Claims, and are deemed by operation of this Judgment to have fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Releasing Defendants' Parties' Claims against each and every one of the Released Plaintiff's Parties and are forever barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Releasing Defendants' Parties' Claims against any

and all of the Released Plaintiff's Parties. Nothing in this paragraph shall affect any claims, demands, rights, or causes of action and liabilities: (a) between or among Defendants; or (b) between Defendants and their insurers.

12. Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Claim Form, and whether or not such Settlement Class Member shares or seeks to share in the Settlement Fund, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

13. The Court hereby bars any and all claims, however styled, for indemnification, contribution, or where the claim arises from a Released Claim and the alleged injury to the Person bringing the claim arises from that Person's alleged liability to the Plaintiffs or any Settlement Class Member: (a) by any Person against the Released Defendants' Parties, and (b) by the Released Defendants' Parties against any Person; provided, however, that nothing herein shall preclude any of the settling Defendants from seeking to enforce the terms of any insurance policy or policies that may provide coverage for payment of the Settlement Amount and/or any defense or other costs incurred in connection with the Action or the Settlement.

14. This Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

    a) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any

allegation by Lead Plaintiff and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of the Released Defendant Parties whatsoever;

  b) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Lead Plaintiff, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff, or the other members of the Settlement Class;

  c) do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Lead Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Lead Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

  d) do not constitute, and shall not be construed against Defendants, Lead Plaintiff, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

  e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

15. Notwithstanding the foregoing, the Parties, and their respective counsel, may file or refer to this Judgment, the Stipulation, and/or any Proof of Claim: (i) to effectuate the liability protections granted hereunder, including without limitation to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (ii) to effectuate any liability protection granted them under any applicable insurance policy; or (iii) to enforce the terms of the Stipulation and/or this Judgment.

16. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

17. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18. Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to adopt such amendments or modifications of the Stipulation or any exhibits thereto to effectuate the Settlement that (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. The Parties are hereby directed to consummate the Stipulation and to perform its terms.

20. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Class Members, and Class Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

21. A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and reimbursement of expenses, including any Lead Plaintiff Award, as allowed by the Court. Such order shall in no way disturb or affect this Judgment and shall be considered separate from the Judgement, and shall in no way affect or delay the finality of this Judgment, or the Effective Date of the Settlement.

22. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the Parties and the Settlement Class Members for all matters relating to the Action, including: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, reimbursement of litigation expenses (including any Lead Plaintiff Award), costs, interest and payment of expenses in the Action, including any applications for payment of Notice and Administration Expenses; (v) construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.

23. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

DATED this 4th day of September 2025

BY THE COURT:

_____
HONORABLE MARY M. ROWLAND
UNITED STATES DISTRICT JUDGE
