**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| HOWARD M. RENSIN, TRUSTEE OF THE RENSIN JOINT TRUST, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:23-cv-02764-MMR |
| Plaintiff, | CLASS ACTION |
| v. | Honorable Mary M. Rowland |
| ARRAY DIGITAL INFRASTRUCTURE, INC., FKA UNITED STATES CELLULAR CORPORATION, LAURENT C. THERIVEL, DOUGLAS W. CHAMBERS, and TELEPHONE AND DATA SYSTEMS, INC., | |
| Defendants. | |

**ORDER GRANTING LEAD PLAINTIFF'S UNOPPOSED MOTION FOR DISTRIBUTION OF SETTLEMENT FUNDS**

WHEREAS, this matter came before the Court on the Unopposed Motion for Distribution of Settlement Funds, the Court has heard all persons properly appearing and requesting to be heard, read and considered the motions and supporting papers, and found good cause appearing;

**NOW, THEREFORE**, after due deliberation, **IT IS ORDERED, ADJUDGED AND DECREED**:

1. Lead Plaintiff's Unopposed Motion for Distribution of Settlement Funds is **GRANTED**.

2. The distribution plan for the Net Settlement Fund as set forth in the Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process (the "SCS Declaration") and accompanying exhibits is approved. The funds that are currently in the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax

liabilities, owed or remaining costs of administering the Settlement, and related fees and expenses) shall be distributed on a *pro rata* basis to the Authorized Claimants identified in Exhibits B-1 and B-2 to the SCS Declaration, at the direction of Lead Counsel, Levi & Korsinsky LLP, pursuant to the Stipulation and Agreement of Settlement filed with the Court on April 25, 2025 (the "Stipulation") (ECF No. 74-1) and the Plan of Allocation set forth in the Notice was distributed pursuant to this Court's Preliminary Approval Order. ECF No. 77.

3. Any person submitting a new claim are finally and forever barred as of September 26, 2025 or asserting any rejected claims are finally and forever barred as of November 16, 2025, the cut-off dates used to finalize the administration based on the SCS Declaration, and after which date no additional Claim Forms would be processed or considered for inclusion in the initial distribution of the Net Settlement Fund.

4. The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement or the Net Settlement Fund, including, but not limited to Lead Counsel and the Court-appointed Claims Administrator, Strategic Claims Services ("SCS") are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order.

5. The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER

ISSUE DATE." Lead Counsel and SCS are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time.

6.      Pursuant to the Plan of Allocation, if any funds remain in the Net Settlement Fund by reason of tax refunds, uncashed check or otherwise, then, after SCS has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund after six (6) months from the date of initial distribution, the Claims Administrator, shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses and other awards approved by the Court, if any, redistribute such balance among Authorized Claimants who have cashed their checks sent in the initial distribution and who would receive a minimum of $10.00 as part of an additional distribution, in an equitable and economic fashion.

7.      At such time as Lead Counsel, in consultation with the Claims Administrator, determines that no additional distributions are cost effective, then the remaining funds, after payment of any unpaid fees and expenses incurred in administering the Settlement, shall be contributed to The Loyola University Chicago School of Law's Institute for Investor Protection.

8.      This Court retains jurisdiction over any further application or matter which may arise in connection with this action.

DATED this 7th day of January, 2026

BY THE COURT:

_____

HONORABLE MARY M. ROWLAND
UNITED STATES DISTRICT JUDGE